Clerks Copy.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SALVATORE SPINNATO

Pro se Petitioner

Vs.

J. P. Galley, et. al.

Respondents

FILED ____ ENTERED
____ LODGED ____ RECEIVED

DEC 13 2005

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                    DEPUTY

\*
\*
\*
\*      JFM-02-4213
\*
\*
\*
\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION TO COMPEL THE MARYLAND ATTORNEY GENERAL TO COMPLY WITH THE HABEAS RULES, THE FEDERAL RULES OF PROCEDURE, AS WELL AS A PRIOR WRITTEN ORDER OF THIS COURT DATED JANUARY 10, 2003, AND THE RECENT RULING BY THE FOURTH CIRCUIT COURT OF APPEALS IN THOMPSON V. GREENE, ----F.3d.----, 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*

This pro se petitioner is hereby filing this Motion, and is **respectfully** requesting for this Honorable Court to issue an **Immediate Order** requiring the Attorney General Office to comply with the **ORIGINAL ORDER** of this Court that was issued **34 months ago**, on January 10, 2003, as well as a recent decision by the Fourth Circuit Court of Appeals in Thompson v. Greene, ---F.3d.----, 2005 which was against the Maryland Attorney General.

This petitioner avers that on November 07, 2005 I received a copy of an **ORDER** from this Court informing me that the 4th. Circuit Court of Appeals had recently ruled on October 25, 2005, that the failure to serve **habeas exhibits** violated the procedural rules as well as the Maryland Rules regarding habeas petitions, and **ORDERED** the respondents to serve this petitioner with **copies of all Exhibits.**

**SCANNED**

I would like to inform this Court that on November 23, 2005 I received a legal package that contained **EXHIBITS 1 thru 29**. These are supposed to be **IDENTICAL** to the Exhibits previously sent to the District Court.

My reasons for filing this Motion is to inform the Court that there as (1) **MISSING EXHIBITS**, and (2) Some of the Exhibits that were sent are **INCOMPLETE**. Therefore I am alleging that the OAG **has failed to comply** with this Court's recent **ORDER** and fails to comply with recent 4th. Circuit Court of Appeals ruling.

The missing and incomplete documents **are crucial** to my arguments and without them I will be prejudiced in trying to present the issues I raised in my Original habeas petition. I also believe that the failure of the OAG to comply with the recent ruling of the 4th. Circuit will result in a Denial of Due Process and Equal Protection which I am entitled to under the Constitution of these United States.

In this Motion I will provide the Court with **EXHIBITS** that will demonstrate that I have tried to obtain the **missing documents** from the OAG and that each of those attempts have been ignored. I also believe that the **missing documents have been deliberately withheld from the District Court**. These missing documents are two pretrial Motion's, and a crucial transcript of a Motion to Dismiss hearing, and will be addressed with more clarity later on in this Motion.

I am asking this Court to recognize the OAG had **DOZENS** of highly skilled and experience attorneys of it's staff, and that **all of them** are aware of the habeas rules as well as the federal rules of procedure. They deal with these rules on a daily basis, and they are very much aware that the 4th. Circuit has **MANDATED** that these rules be complied with.

This was confirmed by the recent 4th. Circuit Court of Appeals as recent as October 25, 2005. I also believe that the OAG is very much aware of **RULE 5** regarding 2254 cases for habeas petitioner's. Rule 5 states in pertinent part the following information **that was not complied with** in my own case. The part of Rule 5 that I am referring to is as follows:

"The **Rule requires the answer** to indicate **what transcripts** are available, when they can be furnished and also what proceedings have been recorded and not transcribed. This will serve to inform the Court and petitioner as to what **factual allegations** can be checked against the actual transcripts. The transcripts **include pretrial transcripts** relating for example to **pretrial Motions** to suppress, and transcripts of any **post-conviction proceeding which may have taken place**..."

I am suggesting that in this case, the OAG has made a **deliberate attempt** to deny me due process and equal protection of the law by what I believe to be a **deliberate attempt to withhold documents** from the District Court as well as this petitioner. In this case, the District Court has not been provided with a **complete record** because there are two pretrial motions and a transcript that have not been provided to the Court, and have not been provided to this petitioner as well.

I believe that if this Court does not compel the OAG to comply with the rules, I will continue to be prejudiced since there will not be any way that the Court will be able to check the facts againt the record since the record will be incomplete.

I will provide a complete list of those documents that are **missing**, as well as those documents that are **incomplete** later on in this Motion.

I have attached **EXHIBIT ONE** for the Court's review and ask the Court to please take note that the attached copy is a letter which I sent to Mr. Kelley of the Criminal Appeals Division back on **June 20, 2003**. This was only seven days after Mr. Kelley submitted his **ANSWER** to the District Court. The Court can see that **back then** I complained that Mr. Kelley's **ANSWER** had failed to mention and **failed to provide** the District Court with **two pretrial motions** that were filed by my trial attorney. I also complained that the EXHIBITS submitted **did not contain** three Motions that I had filed pro se in the Circuit Court for Baltimore County.

The **missing pretrial motions** that were not sent to the District Court are:
(1) A Motion to Dismiss filed on November 12, 1997. and
(2) A Motion to Recuse Judge Howe filed on February 03, 1998.

That same letter also explained how these two Motions were a part of my Federal habeas claims regarding ineffective assistance of Appellate Counsel, and that they should have been **raised on appeal**. That same letter also indicated that the Attorney General **had not provided the district court with three motions** that I also filed pro se, and were:
(1) A Motion for a Belated Review of Sentence filed on 11/12/2002.
(2) A Motion for New Trial based on Newly discovered evidence filed on January 06, 2003.
(3) A Motion for a Writ of Habeas Corpus filed in the Circuit Court of Baltimore County on January 27, 2003.

I specifically mentioned that Judge Motz's **ORDER** stated that the OAG was to furnish **copies of all relevant records**. Mr. Kelley made **no response** and made **no attempt** to furnish any of those records and continues to do so to this present day even after the most recent **ORDER** of the Court. Therefore I believe that I have shown that the OAG has **failed to comply** with the Mandates of the Federal Rules by not providing a **complete record** of the State Court proceedings in this case.

4.

June 20, 2003

*No Assignment the Federal Docket sheet*

Edward J. Kelley
Criminal Appeals Division
Office of The Attorney General
200 Saint Paul Place
Baltimore, Md. 21202

Dear Mr. Kelley

Please find the enclosed copy of my most recent petition that I filed in the Circuit Court for Baltimore County. You will note that I have filed this second petition because Judge Cadigan has not yet acted on the earlier Motion of March 14, 2003.

You will note that in the second petition I have entitled it as a Petition for a Writ of Habeas Corpus, AND/OR a Motion to Reopen...

I certainly realize that I AM NO LAWYER, I am only trying to raise these Issues so as to let the United States District know that I raised these Issues and Judge Cadigan fails to rule on them. I fully understand your reluctance to address pro-se Petitions, but the issues I have raised in this Petition ARE CORRECT. I should be given a New Postconviction Proceeding.

I would also like to RESPECTFULLY POINT OUT some errors of disagreement that I think need to be addressed, and they are all in regards to the Exhibits you listed in the response. They are as follows:

1.   There is No MENTION of a Motion for Belated Application For Review of Sentence Due to Newly Discovered Evidence. This Motion was filed on November 17, 2002 and was Denied on January 29, 2003 by Judge Turnbull.

2.   There is NO MENTION of a Motion For a New Trial and/or To Set Aside Judgement Based On Newly Discovered Evidence... which was filed on January 06, 2003, and was DENIED WITHOUT A HEARING on February 12, 2003 by Judge Turnbull.
     I should have been given a hearing under Jackson v State 3_8, Md. 512, 7_1, A2d 473, 2000.

3.   There is NO MENTION Of a Motion for a Writ of Habeas Corpus, and a Request For A Hearing that I filed on January 27, 2003 and was Denied without a Hearing on February 12, 2003 by Judge Turnbull again. In fact, Judge Turnbull Denied it without any Memorandum as to why it was Denied, and is in Violation of Md. Rule 1_-311. See Smith v State 140 Md App 44_, 780 A2d 1199 (2001). The Court Said: "The Judge to Whom the petition is made or referred SHALL DICTATE into the record or prepare and file a memorandum setting forth the reasons for the action taken..."

I also would like to point out that in Judge Motz's Order of January 10, 2003 he had stated in part that the state was to furnish with their answer **copies of all relevant records**...

There is also NO MENTION of Two Pre-Trial Motion filed by my Trial Attorney:
1. Was a Motion to Dismiss filed on Nov. 12, 1997 and listed as Item #17 on The Docket Entry Sheet.
2. Was a Motion to Recuse Judge Howe, filed on February 03, 1998. This Motion was Heard by Judge Howe on February 9, 1998 the same day she started trial.

I mention these last two in particular because each of them raises grounds by my trial attorney that should have been raised by Appellate Counsel on Direct Appeal, and are part of my claims for Ineffective Assistance of Counsel.

If for some reason, I may be of error, and you provided these I would then ask that you accept my apology. I certainly mean no disrespect. It is a DAUNTING TASK to try and present issues pro-se that should have been raised by Appellate Counsel on direct Appeal, and also by Postconviction Counsel.

Sincerely,

Salvatore Spinnato

CC:United States District Court

**EXHIBIT TWO** which is attached to this Motion is a four page letter addressed to the Clerk of the U.S. District Court on April 06, 2004. It was my intent to notify the Clerk that it was my belief that the Attorney General's Office **did not provide a complete record** of the State Court Proceedings to the District Court. In that letter I mentioned at page one:

"Let me begin by saying that I have no legal training but I am under the impression that it is the **responsibility** of the Attorney General's Office to supply the District Court with a **complete record** of ALL Court transcripts and a copy of all **motions** filed in the State Court. If this is so, there are several **transcripts and motions** which appear to be missing from the list of Exhibits provided to this Court by the State..."

At page two I also mentioned a list of Exhibits that were missing, and specifically I mentioned the following:

1. A **TRANSCRIPT** of the 11/27/1997 hearing on the Motion to Dismiss.
2. A copy of the **MOTION TO DISMISS** filed on 11/12/1997.
3. A copy of the **MOTION TO RECUSE JUDGE HOWE** filed on 02/03/1998.
4. A copy of the State's **RESPONSE** to the Motion to Dismiss filed on 11/17/1997.

On page three of that letter I gave a summary of **transcripts and Motions** that were not provided to the District Court.

5.

April 06, 2004

Felicia Cannon
Clerk U. S. District Court
101 W. Lombard Street
Baltimore, Md. 21201-2691

JFM-02-4213

Dear Madam Clerk:

I am writing this letter in the hope that you might be able to clear up some questions I have regarding a List of Exhibits sent to the District Court by the Attorney General's Office regarding my petition for a Writ of Habeas Corpus in JFM-02-4213.

**PLEASE NOTE**: I have attached photocopies of two (2) pages of Exhibits which were sent to the District Court; and I have attached photocopies of three (3) pages taken from my Court Docket Sheet.

Let me begin by saying that I have no legal training but I am under the impression that it is the responsibility of the Attorney General's Office to supply the District Court with a **Complete Record** of **ALL** Court transcripts and a copy of all motions filed in the state court. If this is so, there are several transcripts and motions which appear to be missing from the list of Exhibits provided to this court by the state.

The State's list of Exhibits indicate that they have provided a total of **23 Exhibits**. In that list of Exhibits provided by the State they list Exhibits 2,3,4, which are a list of transcripts that have been provided. These transcripts cover only the two days of trial held on Feb. 9, & 10, and the transcript of sentencing March 4, 1998.

In order to better explain myself, I have also provided three (3) copies taken directly from my court docket sheet which will help support my belief that the State **has not provided a complete record** of the state court proceedings.

I now ask you to please refer to the following information taken directly from the Docket Sheets I have provided:

No. 15 indicates that on Nov. 06, 1997, A NCR Plea was filed by my trial attorney.

No. 16 indicates that on Nov. 10, 1997 the State filed a response to that NCR Plea.

No. 17 indicates that on Nov. 12, 1997 my trial attorney filed a Motion to Dismiss.

No. 19 indicates that on Nov. 17, 1997 the State filed a response to that Motion to Dismiss.

No. 21 indicates that on Nov. 19, 1997 a **Hearing was Held** by Judge Fader on the Motion for NCR.

No. 25 indicates that on Nov. 24, 1997 a **Hearing was Held** by Judge Howe on The Motion to Dismiss.

**PLEASE NOTE**: Based on the list of Exhibits provided by the State, there is no acknowledgment that a copy of The Motion for an NCR Plea, and The Motion to Dismiss was ever included in that list of exhibits.

**IN ADDITION**: Based on the list of Exhibits provided by the State there is no acknowledgment that a **Transcript** of the Nov. 19, 1997 Hearing was ever included in that list of Exhibits and no acknowledgment that a **Transcript** of the Nov. 24, 1997 Hearing was ever included in that list of exhibits to the District Court.

No. 31 indicates that Judge Howe was specially assigned to this case.

No. 32 indicates that on Feb. 03, 1998 my trial attorney filed a Motion to Recuse Judge Howe.

No. 40 indicates that on Feb. 9, 1998 the state filed a response to the Motion to Recuse Judge Howe.

I now ask you to please look at No. 34, which is dated Feb. 09, 1998 and only indicates that a Jury trial was waived, and the trial had begun on that date.

What the court docket sheet <u>DOES NOT SAY</u> is that on that same date a <u>Hearing was Held</u> by Judge Howe, on the Motion to Recuse. She denied that Motion, and then started trial immediately after that hearing.

Once again, based on the list of Exhibits provided by the State there is <u>NO TRANSCRIPT</u> of that Hearing ever included in the list of exhibits provided to the District Court.

Then in addition to all of this there also appears that the State did not provide the District Court with a <u>Transcript</u> of the Post Conviction Hearing which took place on February 01, 2001. In fact this is admitted to by the State on the first page of their list of Exhibits.

<u>IN SUMMARY</u> it appears that based on the list of <u>23 Exhibits</u> provided by the State the following <u>Motions</u> and or <u>Transcripts</u> were not provided to the District Court and are as follows:

i.    The Transcript of the Nov. 19, 1997 Hearing by Judge Fader and is listed as No. 21 on the court docket sheet.

ii.   The Transcript of the Nov. 24, 1997 Hearing by Judge Howe and is listed as No. 25 on the court docket sheet.

iii.  The Transcript of the Feb. 09, 1998 Hearing by Judge Howe on the Motion to Recuse.

iv.   The Transcript of the Feb. 01, 2001 Post Conviction Hearing by Judge Cadigan.

v.    A copy of the NCR Motion filed listed as No. 15 on the docket.

vi.   A copy of The Motion to Dismiss listed as No. 17 on the docket.

vii.  A copy of The Motion to Recuse listed as No. 32 on the docket.

From what I can tell it appears that the District Court has not been provided with **a full record** and in fact have been **SELECTIVE** in what they did provide.

I apologize for this long letter but there just didn't appear to be any short way to explain all of this to you without having to provide these lists to you along with an explanation.

**THEREFORE** I am asking you the following questions:

1. Am I correct in assuming that the Motion and or Transcripts mentioned herein as missing **should have been provided** to the District Court?

2. Am I correct in my assessment that the questioned items mentioned herein are **in fact missing** and were not provided to the District Court?

Thanking you in advance for your reply to the above request.

Sincerely,

Salvatore Spinnato, 272-280
13800 McMullen Highway
Cumberland, Md. 21502

cc: Judge Motz
    File

**THE FOLLOWING EXHIBITS** are being attached in order to be able to show this court a **list of errors** that I found in what the OAG submitted to me on November 23, 2005. These errors need to be corrected and I need to be provided with corrected copies. I also believe that the District Court also needs to be provided with **corrected copies** copies as well since the Exhibits submitted to me were supposed to be identical to the ones provided to the Court.

I am hereby attaching **EXHIBIT 17** submitted by the OAG, and I ask the Court to please look at the **Index of Exhibits** submitted by the OAG.

The Court will be able to see that **EXHIBIT 17** is supposed to be an ORDER DATED AUGUST 14, 2002, DENYING MOTION FOR NEW TRIAL OR TO SET ASIDE JUDGMENT."

In actuality what was sent to me was a copy of an ORDER dated February 12, 2003. I have attached a copy of what I was provided and needs to be corrected.

6.



# The Circuit Court for Baltimore County

### THIRD JUDICIAL CIRCUIT OF MARYLAND

CHAMBERS OF
JOHN GRASON TURNBULL, II
CIRCUIT ADMINISTRATIVE JUDGE AND
COUNTY ADMINISTRATIVE JUDGE

COUNTY COURTS BUILDING
TOWSON, MARYLAND 21204
410-887-2647

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE |
| vs. | * | CIRCUIT COURT |
| SALVATORE SPINNATO | * | FOR |
| Defendant | * | BALTIMORE COUNTY |
| | * | CASE NO. 96 CR 3299 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

The Court having read and considered the Motion for New Trial and having reviewed the Court file,

It is this 12th day of February, 2003,

ORDERED, by the Circuit Court for Baltimore County, that the Motion for New Trial be, and the same is hereby **DENIED** without a hearing.

JOHN GRASON TURNBULL, II
Judge

Copies sent to:  Mickey J. Norman, Assistant State's Attorney
Mr. Salvatore Spinnato

Exhibit No. 17
Civil Action No. JFM-02-4213

I have attached a copy of the Court Docket Sheet that the OAG provided to me on November 23, 2005. This copy was taken from **EXHIBIT 24** that was printed by the Clerk's Office on October 03, 2003.

I now ask the Court to look at **Number 25** on the Court Docket Sheet which states the following by the Clerk's Office:
"Jan. 31, 2003 DEFENDANT'S MOTION FOR THE ISSUANCE OF A
WRIT OF HABEAS CORPUS AND A REQUEST FOR A HEARING."

My reason for bring this to the Court's attention is to let the Court know that **this Motion was not provided** to me by the OAG and is still missing. I also believe that it would also mean that the District Court does not have a copy as well.

I am also requesting for the Court to look at the **INDEX OF EXHIBITS** that was submitted by the OAG.

By referring to this Index, the Court will be able to see **there is no mention** of this Writ of Habeas Corpus which the Clerk of Court refers to as **Number 25**.

Therefore I am requesting for the Court to ORDER the OAG to provide a copy of this MOTION FOR A WRIT OF HABEAS CORPUS because it is needed in order to have a **complete record** of what was filed in the State Court, and I am asking that the Court be provided with a copy of the Motion as well in order to complete it's files.

CASE NO.: CR963299    STATE OF MARYLAND V.    Spinnate, Salvatore

JUDGMENT.(AW)

12. AUG. 29, 2002 CORRESPONDENCE FROM JUDGE CADIGAN.

13. SEPTEMBER 3, 2002  DEFENDANT'S APPLICATION FOR
    LEAVE TO APPEAL TO THE COURT OF SPECIAL APPEALS
    DUE TO THE REFUSAL OF THE CIRCUIT COURT TO
    GRANT A HEARING UNDER MD RULE 4-331(B)(2)(12/93)

14. OCTOBER 2, 2002  SECOND APPLICATION SENT BY
    CERTIFIED MAIL, PARTIAL VOLUME 2.
    #7001 1940 0002 0865 1305

15. NOV.20,2002  DEFENDANT'S BELATED APPLICATION FOR
    REVIEW OF SENTENCE.

16. NOV.20,2002  DEFENDANT'S BELATED APPLICATION FOR
    REVIEW OF SENTENCE.

17. DEC 20,2002  NOTICE FROM THE COURT OF APPEALS ✱ MY GROSS Certiorari to
    OF MARYLAND THAT A PETITION FOR WRIT OF            the COA regards Public
    CERTIORARI HAS BEEN RECEIVED.✱                     Withholding information

18. DEC 20,2002  NOTICE FROM THE COURT OF APPEALS
    OF MARYLAND THAT A PETITION FOR WRIT OF
    CERTIORARI HAS BEEN RECEIVED.✱

19. JANUARY 7, 2003  MANDATE RECEIVED FROM THE
    COURT OF SPECIAL APPEALS. JUDGMENT: NOVEMBER
    25, 2002: APPLICATION FOR LEAVE TO APPEAL
    DENIED.  ANY COSTS TO BE PAID BY APPLICANT.

20. PER CURIAM FILED.  DECEMBER 26, 2002:  MANDATE
    ISSUED.

21. JANUARY 14, 2003  CASE REFERRED TO JUDGE
    TURNBULL PER HIS REQUEST

22. JANUARY 13, 2003 ✱ DEFENDANT'S MOTION FOR A NEW
    TRIAL AND/OR TO SET ASIDE JUDGMENT.

23. JAN. 27, 2003 DEFENDANT'S MOTION FOR BELATED
    APPLICATION FOR REVIEW OF SENTENCE DUE TO
    NEWLY DISCOVERED EVIDENCE.

24. JANUARY 29, 2003  ORDER OF COURT THAT THE
    DEFENDANT'S MOTION FOR BELATED APPLICATION
    FOR REVIEW OF SENTENCE IS HEREBY DENIED.

25. JAN. 31, 2003 DEFENDANT'S MOTION FOR THE     ✱ Not Sent as an exhibit to
    ISSUANCE OF A WRIT OF HABEAS CORPUS AND A       the U.S. District Court.
    REQUEST FOR A HEARING.

**ALSO MISSING** are a list of Exhibits that were supposed to be attached to **EXHIBIT 28**.

According to the **INDEX OF EXHIBITS** provided by the OAG, **EXHIBIT 28** is supposed to be a copy of the "State's ANSWER To Motion To Reopen Postconvcition Proceedings.

That ANSWER was submitted to Judge Cadigan by **Mr. Norman** who filed the ANSWER and argued the the Motion to Reopen should be denied. In that ANSWER, Mr. Norman referred to and submitted to Judge Cadigan **EXHIBITS A THRU G**.

None of these exhibits were ever provided to me when I received a copy of Mr. Norman's ANSWER. I then notified Judge Cadigan as well as the Clerk of Court for Baltimore County.

I am also assuming that the copies submitted to the District Court regarding this particular **EXHIBIT 28** are also missing and therefore **EXHIBIT 28 would be incomplete** as well.

**THEREFORE** I am respectfully requesting for this Court to issue an **ORDER** requiring the OAG to furnish the **missing copies of A thru G** that should have been made a part of **EXHIBIT 28**.

Please note that I have attached copies of **pages 6 and 7** so that the Court will be able to see what exhibits were not provided to me.

8

Conviction, on September 28, 2000, Norman Handwerger, an assistant public defender whose specialty is Post Conviction proceedings, entered his appearance on behalf of the Petitioner (exhibit A). In a September 24, 2000 correspondence (exhibit B) to Mr. Handwerger, the Petitioner makes it clear that he does not wish to be represented by the public defender.

> " I had written to her [Carol Chance of the public defender
> collateral review division] on September 08, 2000 and asked
> her NOT TO ENTER AN APPEARANCE on my behalf."
>
> …
>
> "Ms. Chance informs me that you are well experienced, but
> that is not the issue."
>
> …
>
> ". . .I am intelligently waiving my right to counsel."

On October 17, 2000, the Petitioner forwarded a copy of that letter along with his correspondence (exhibit C) to Judge Cadigan requesting that Mr. Handwerger withdraw his appearance and further stating:

> ". . .I want you to know that I am fully aware that I am
> waiving any and all rights that I have in regards to having Mr.
> Handwerger represent me, and I do so."

That same day he sent similar requests to Mr. Handwerger (exhibit D) and to the clerk of the court (exhibit E). In response to the Petitioner's request, on October 16, 2000 Mr. Handwerger filed a Motion to strike his appearance (exhibit F). On October 23, 2000,

Judge Cadigan signed an order striking the appearance of Mr. Handwerger and the
Office of the Public Defender (exhibit G).

The Petitioner has knowingly and voluntarily waived his right to have Mr. Handwerger
and the Office of the Public Defender represent him at his post conviction hearing.

A person may begin a post conviction proceeding if ". . . the alleged error has not
been. . .waived. . ." Uniform Post Conviction Procedures Act 7-102(b)(2).

> "An allegation of error is waived when a petitioner could
> have made but intelligently and knowingly failed to make the
> allegation; 1. before trial; 2.at trial; 3. on direct appeal,
> whether or not the petitioner took and appeal;. . ."

Uniform Post Conviction Procedures Act 7-106(b). If an allegation of error has been
waived it cannot be heard on Post Conviction. If it cannot be heard on Post Conviction it
stands to reason that it cannot be heard on a Motion to Reopen Post Conviction. The
Petitioner made a knowing an intelligent waiver of his right to counsel. That waiver
precluded consideration of that issue in Post Conviction and thus cannot be the subject
of a Motion to reopen a previously concluded Post Conviction.

Additionally, on March 4, 2002, the Petitioner filed an application for leave to
appeal the denial of his Post Conviction request. The Petitioner could have, but failed
to, allege as error the discharge of Handwerger and the Office of the Public Defender.
As such, that again constitutes waiver for which the Petitioner cannot now seek Post
Conviction Relief.

If there has been a knowing and intelligent waiver of an issue, the Petitioner "may
allege, and must prove, the existence of special circumstances excusing the failure to

**EXHIBIT 28** was submitted to me by the OAG on 11/23/2005, and is a copy of the **ANSWER** that Mr. Norman filed in the Circuit Court for Baltimore County back on **August 21, 2003**. The Mr. Norman submitted to me **was incomplete** and **did not contain** copies of the Exhibits that Mr. Norman mentioned on pages 6 and 7 of his **ANSWER**.

The **missing exhibits** A thru G should have been provided to me by the OAG on November 23, 2005. I am also assuming once again that the copy received sent to the District Court is also **incomplete as well**.

I have attached a copy of a letter that I sent to Judge Cadigan back on August 28, 2003 for this Court's review. That letter to Judge Cadigan states in pertinent parts my attempts to obtain those exhibits. Please note that I explained to Judge Cadigan:

"My problem is the although he provided me with a copy of his **ANSWER**, he failed to submit any of those exhibits that he refers to. I am sure that he must have provided your Honor with them. Therefore, I am requesting that your Honor please provide me with a copy of each of them. If your Honor does not wish to provide me with them, I would ask that you have Mr. Norman supply them to me I believe that since he responded to my pro se petition, that he should be **required** to provide me with everything that he submitted to your Honor."

**THEREFORE** I am respectfully requesting for this Court to Issue an **ORDER** for the OAG to **submit Exhibits A thru G** that are supposed to be a part of Exhibit 28, but were not provided.

I would also assume that these same exhibits **were not provided** to the District Court as well.

9.

cliak

August 28, 2003

The Honorable Robert E. Cadigan
County Courts Building
401 Bosley Avenue
Towson, Md. 21204

Dear Judge Cadigan:

I am writing this letter to you in the hope that your Honor assist me in the following. On August 26, 2003, I was given Legal Mail which was entitled "State's Answer to Petitioner's Motion to Reopen POSTCONVICTION." This answer was addressed by Mr. Norman and in that Answer he refers to Exhibits A, B, C, D, E, F, G that he submitted to your honor.

My problem is that although he provided me with his Answer, he failed to submit any of those Exhibits that he refers to. I am sure that he must have provided your Honor with them. Therefore I am requesting that your Honor please provide me with a copy of each of them so that I can give a response to them. If your Honor does not wish to provide me with them, then I would ask that you have Mr. Norman supply them to me.

I wrote you directly on this matter in the hope that you would speed up the process by sending me copies, or directing Mr. Norman to provide them. I make mention of this to you because yesterday August 27, 2003 I submitted to the Clerk of Court a Motion entitled: NOTICE OF INTENT TO RESPOND TO STATE'S ANSWER TO
          PETITIONER's MOTION TO REOPEN POSTCONVICTION.

I also sent a courtesy copy directly to your Honor as well as a copy to The State's Attorney for Baltimore County. In that Motion I had asked your Honor for a 2 week delay to file a response to the State's Errors. That 2 week request will give me what I need in order to file my own response. I also believe that this failure to provide me with the exhibits creates a Factual Dispute which in itself would require a hearing.

I believe that since he responded to my pro-se petition, that he should be required to provide me with everything he sent the court. I don't want to be **prejudiced** by not being provided with everything that he submitted to your Honor.

                    Respectfully submitted;

                    Salvatore Spinnato, 272-280
                    13800 McMullen Highway
                    Cumberland Md. 21_02

cc: Clerk of Court Baltimore County for filing in 96CR-3299
    Clerk of The U.S. District Court for filing;
    Salvatore E. Anello, III

**IN FURTHER SUPPORT** of my allegations that Exhibits A THRU G **were withheld from me** when Mr. Norman filed his **ANSWER** back in August of 2003. I am attaching a copy of a letter I sent to the clerk of Court for Baltimore County that is dated October 24, 2003.

This letter was sent to the Clerk's Office since I did not receive any response from Judge Cadigan's Office.

The Court will be able to see that the only way that I could receive a copy of those exhibits was to send the clerk of Court $1.00 as payment.

ん0c

CLINK.

October 24, 2003

Suzanne Mensh, Clerk
Circuit Court for Baltimore County
County Courts Building
401 Bosley Avenue
Towson, Md. 21204

IN RE: 96CR-3299

Dear Ms. Mensh:

I am enclosing payment in the amount of $1.00 which is to serve as payment for photocopies of Exhibits A thru G that were submitted by the State's Attorney's office on August 21st. 2003.

On that date, the State's Attorney Office for Baltimore County submitted a motion called "STATE'S ANSWER TO PETITIONER'S MOTION TO REOPEN POST-CONVICTION"

They submitted seven exhibits as previously noted and were marked Exhibits A thru G. I was served with a copy of the State's Response, but the Exhibits were not included.

On August 28, 2003 I wrote to Judge Cadigan and requested he provide me with copies and received NO RESPONSE from him in that regard. Therefore, I am requesting that you please accept the enclosed payment and provide me with Official Copies of what was submitted to Judge Cadigan since he has not responded to my letter.

In addition, please file this letter on my Court Docket sheet since I would like to make sure that I made this request directly to your office.

Sincerely,

Salvatore Spinnato

Salvatore Spinnato, 272-280
13800 McMullen Hwy.
Cumberland, Md. 21502

cc:Clerk of U.S. District Court
   Judge Motz, United States District Court Judge
   Assistant Atty. Gen'l Edward J. Kelley
   File

**IN SUMMARY** I am respectfully asking for this Court to **ORDER** the OAG to comply with the recent ruling of the 4th. Circuit Court of Appeals and to recognize that the OAG **did not comply** and has **failed to provide the district Court** with the following documents:

1. A copy of a pretrial MOTION TO DISMISS filed on 11/12/1997.

2. A copy of the State's RESPONSE to the MOTION TO DISMISS that was filed by Mr. Norman on 11/17/1997.

3. A copy of a **TRANSCRIPT** regarding the MOTION TO DISMISS HEARING that was conducted by Judge Howe on 11/24/1997.

4. A copy of a pretrial MOTION TO RECUSE JUDGE HOWE that was filed on 02/03/1998.

Each of the above are necessary in order to complete the record of what was filed in the State Court and need to be furnished so that the District Court can review and compare them to my federal habeas issues regarding **prosecutorial misconduct, recusal of Judge Howe, and Ineffective assistance of Appellate Counsel**.

IN ADDITION I am respectfully asking for the Court to **ORDER** the OAG to make the necessary corrections as follows:

5. **EXHIBIT 17** furnished by the OAG **is incorrect** and is not an ORDER dated August 14, 2002. See page 6 of this Motion.

6. To **ORDER** the OAG to provide a copy of a MOTION FOR A WRIT OF HABEAS CORPUS that was filed in the Circuit Court for Baltimore County. This writ **does not appear** in the Index of Exhibits as provided by the OAG. Please see page (7) of this Motion and the attached copy.

7. To **ORDER** the OAG to provide me with **EXHIBITS A THRU G** that were not attached to **EXHIBIT 28**. Please refer to page (8) of this Motion and the attached copies.

**IN ADDITION** I am also asking for the Court to **suspend the 30 days** the Court GRANTED me to file a supplemental reply which I am unable to do until I receive the missing and incomplete documents.

I sincerely thank the Court for any quick consideration that the Court may care to give regarding this MOTION and request for documents that have not been provided by the Office of the Attorney General.

Respectfully submitted,

Salvatore Spinnato, 272-280

13800 McMullen Hwy.

Cumberland, Md. 21502

CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the attached Motion to Compel the Office of the Attorney General to Comply with the Habeas Rules, etc. to Edward J. Kelley, Assistant Attorney General, 200 Saint Paul Street, Baltimore Maryland 21202 on this 9th. day of December, 2005.

Salvatore Spinnato

Pro se

12.

Felicia Canon, Clerk
United States District Court
United States Courthouse
101 West Lombard St.
Baltimore Md. 21201



Dear Ms. Canon:

PLease have the enclosed Motion filed in **Case No. JFM-02-4213**, and please be advised that I forwarded a copy to the Attorney General's Office as required.

Thank You, -

Salvatore Spinnato, 272-280
13800 McMullen Hwy.
Cumberland, Md. 21502
December 09, 2005

cc:File