IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALVATORE SPINNATO, #272-280,   *

      Petitioner   *

v.   *   CIVIL ACTION NO. JFM-02-4213

J.P. GALLEY, WARDEN, et al.,   *

      Respondents   *

    *    *    *    *    *    *    *

## RESPONSE TO REQUEST FOR EVIDENTIARY HEARING

Respondents, J.P. Galley, Warden of Western Correctional Institution, and J. Joseph Curran, Jr., the Attorney General of the State of Maryland, by undersigned counsel, hereby respond to the request for evidentiary hearing filed by Petitioner Salvatore Spinnato on April 13, 2004. For the reasons set forth below, Spinnato's request for an evidentiary hearing should be denied.

### I. REASONS FOR DENYING THE REQUEST

"Federal courts sitting in habeas are not an alternative forum for trying facts an issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Accordingly, 28 U.S.C. § 2254(e)(2) states as follows regarding evidentiary hearings in federal habeas proceedings:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —
>    (A) the claim relies on —
>       (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

Exhibit No. 2
Civil Action No. JFM-02-4213

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"If there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements." *Williams v. Taylor*, 529 U.S. at 437. Even so, "the fact that § 2254(e)(2) [does] not prohibit the district court from conducting an evidentiary hearing on [a petitioner's] claims does not translate to a conclusion that [the petitioner is] entitled to a hearing." *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000), *cert. denied*, 531 U.S. 1095 (2001).

"[T]he district court may hold an evidentiary hearing, provided the petitioner 'alleges additional facts that, if true, would entitled him to relief,' and establishes one of the six factors set out by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)." *Fisher v. Lee*, 215 F.3d at 454 (quoting *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir.), *cert. denied*, 525 U.S. 1037 (1998)). The *Townsend* factors are:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313.

Spinnato has not stated a basis for holding an evidentiary hearing in this Court. There is no indication that he was afforded anything less than a full and fair hearing in the Maryland state court in which to pursue all of his claims, and there is no basis for concluding that he was in any way prevented in his efforts to substantiate his claims. *Fisher v. Lee*, 215 F.3d at 455. Therefore, this Court should deny Spinnato's request for an evidentiary hearing.

## II. CONCLUSION

For the foregoing reasons, this Court should deny the request for an evidentiary hearing filed by Salvatore Spinnato.

Respectfully submitted,

/s/ Edward Kelly

EDWARD J. KELLEY
Assistant Attorney General
Bar No. 27039


Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-7964 (telephone)
(410) 576-6475 (telecopier)

Counsel for Respondents

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2004, a copy of the foregoing Response to Request for Evidentiary Hearing was mailed, first class, postage prepaid, to Salvatore Spinnato #272-280, Western Correctional Institution, 13800 McMullen Highway, Cumberland, Maryland 21502.

_____
EDWARD J. KELLEY
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALVATORE SPINNATO, #272-280    *

        Petitioner    *

        v.    *    CIVIL ACTION NO. JFM-02-4213

J.P. GALLEY, WARDEN et al.    *

        Respondents    *

\*   \*   \*   \*

## ORDER

The foregoing Request for Evidentiary Hearing having been read and considered, it is this _____ day of May, 2004, by the United States District Court for the District of Maryland,

ORDERED, that the request for evidentiary hearing is DENIED.

_____
United States District Judge