November 17, 2002

The Honorable John O. Hennegan
Circuit Court for Baltimore County
401 Bosley Avenue
Towson, Md. 21204

BELATED APPLICATION FOR REVIEW OF SENTENCE

Dear Judge Hennegan:

I am enclosing the above mentioned Belated Application for review of sentence for you to review. I sent it directly to you rather than the Clerk because you were listed as the Chairperson of the previous panel and felt that you were the logical person to send it to.

I indicate in my request that the Circuit Court will most likely deny this but I need to have that denial before I can take the issue on to the Higher Court. I believe that from my perspective at least that my reasoning is justifiable for making the request, and that any denial of it would open the door to the Appellate Courts getting an opportunity to rule on what I believe to be a New Approach in making a request for a subsequent motion for review of my sentence.

I would not have attempted this had I not had a previous panel; but since I did have one, and since we were not able to present this information to that panel, it seemed a logical course for me to follow.

I would ask your Honor that if you should not have been sent this request that you please forward it to the Clerk's Office so that it may be filed.

Sincerely submitted,

Salvatore Spinnato, 272-280

cc:File

FILED NOV 2 0 2002

Exhibit No. 5
Civil Action No. JFM-02-4213

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE |
| | * | CIRCUIT COURT |
| Vs. | * | FOR |
| | * | BALTIMORE COUNTY |
| SALVATORE SPINNATO | * | CASE NO. 96CR-3299 |
| Defendant/Petitioner | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION FOR BELATED APPLICATION
FOR REVIEW OF SENTENCE
DUE TO NEWLY DISCOVERED EVIDENCE

I hereby apply for a review of the sentence imposed on me on March 4, 1998 by Judge Barbara Kerr Howe in regard to the above captioned case. I understand that a review of my sentence may result in the imposition of any sentence allowable by law for the offense, including an increased sentence, a decreased sentence, a different sentence, or no change in sentence. I understand that I may withdraw this application at any time before receiving notice of a hearing and thereafter only with permission of the Review Panel. I also understand that I may not withdraw my application after the Review Panel renders a decision. My sentence should be changed for the following reasons:

On March 16, 1998 I filed a **previous application** for review of sentence, and Order for Appeal. On March 27, by Order of the court, Judge J. Norris Byrnes, Judge Edward A. DeWaters Jr. and Judge John O. Hennegan were appointed as a panel to review the original sentence imposed by Judge Howe. On August 26, 1998 a hearing was conducted in open court by the panel review, and I appeared with my Attorney, Salvatore E. Anello III, as well as the Assistant States Attorney Mickey J. Norman who spoke for the State. Mr. Norman's appearance at that hearing will be discussed in more detail in this Belated Application. On November 05, 1998 the panel Ordered that the sentence involving the assault charge be reduced from 15 years to 05 years running consecutive to a 20 year sentence for "kidnapping", making the total length of the sentence to be for a 2 year period of incarceration.

Petitioner believes that this Belated Motion is unique, and would present interesting Grounds for New Case Law in the Appellate Courts if this belated application under Newly Discovered Evidence is rejected by the Circuit Court which I believe will happen.

I realize the rule requires that the Application be submitted within 30 days of the sentence. This was done, and a panel was selected but that panel was **never presented** with the **all of the information**. There is also NOTHING in the Rule which PREVENTS a subsequent application. What makes my argument **unique** is that the Affidavit of my trial attorney presents a issue that has never been raised, therefore never addressed. That is why I say that the Appellate Court may want to rule on the uniqueness of my claim and write **new case law.**

The affidavit indicates the following: (1) That the information was **withheld** from the defense by Officer Rubie until April 1999. (2) That **we were prevented** from raising any of the allegations contained in that affidavit to the attention of the 3 Judge Panel. (3) This information **was withheld** from the 3 Judge panel as well as the defense. (4) The Information should be considered Newly Discovered Evidence since it was **withheld from the defense** until 8 months after the 3 Judge Panel's hearing which **prevented** my attorney from making any Oral Argument on these allegations. (5) Petitioner avers that if this information was presented to the **Original panel** that <u>they could have</u> come to a different conclusion more favorable to the defense.

If they were presented with the allegations raised in my trial attorneys affidavit they could have vacated this petitioner's sentence; or they could have reduced the sentence even further because of the Appearance of Impropriety. The bottom line is that there is no way that we could tell what they would have done since they were **never presented** with the information. All options **were removed** by the silence of Officer Rubie who **withheld the information** from the defense. My attorney's affidavit clearly shows that there were **three conversations** with Rubie.

**The First Conversation** was at the Oriole Game in April 1999 when Rubie <u>voluntarily approached</u> my trial attorney and made several **complaints/allegations** of specific prosecutorial misconduct against Mr. Norman. Those **specific complaints were** made by Rubie who had 14 plus years on the force, to a Member of The Md. Bar who had 26 years experience as a Defense Attorney. Rubie stated to Anello:

1. That Mr. Norman repeatedly pressured him and attempted to influence his testimony regarding an "**alleged handgun**".
2. That Mr. Norman had also "suggested" to Rubie that he "overlooked" certain details and "threats" allegedly made to the states' chief witness.
3. That Norman had **coached** the State's Witness **prior to trial,** and for use at trial.

The Second Conversation took place three weeks later when Anello called Rubie to see if he would be willing to come down to Anello's office. Anello mentions:

> "Accordingly within (3) weeks of the conversation, I contacted Office Rubie by telephone an he agreed to come see me at my office whereupon we would discuss his concerns in regard to the possible misconduct on the part of the Baltimore County State's Attorney Office."

This appointment was set and **Rubie agreed to meet.** They set the appointment for the following week, **without reservations** by Rubie; and it was set **without hesitation,** and **without modifications** of any kind.

The Third Conversation took place one hour before the previously scheduled meeting, and Rubie told Anello that he was canceling the appointment based on the advice of an "attorney friend" of his. This is when for the first time he began to "modify" what he said to Anello at the ballgame. Anello's affidavit goes on to say that he kept pressing Rubie as to why he wouldn't meet and Anello quotes Rubie's "reasoning" as:

> "Look if Salvy had been convicted of the handgun charges I probably would cooperate with you and I would feel a lot different about cooperating with you, however since he wasn't convicted of the handgun charges, I really don't see how any harm was done by Norman."

Anello goes on to say how Rubie was wrong and that the handgun charges had a great tactical influence because it influenced his decision to elect a Judge vs a Jury trial. Anello ends the affidavit by saying:

> "Despite my strenuous urging of Officer Rubie to cooperate he repeatedly told me would not but would feel much differently had Salvy been convicted of the handgun charges."

THEREFORE for the reasons stated throughout this Application for a Belated Review of my sentence I believe that the allegations raised in my trial attorneys affidavit clearly demonstrates that my trial attorney was not able to raise any of the allegations contained in that Affidavit to the Original Trier of Fact since the "late revelations" made by Officer Rubie came long after the trial. Consequently we were **prevented** from raising any of this before the Original 3 Judge Panel who although they ruled in favor of the petitioner, they ruled without having the benefit of this new information since it was not only "hidden from view" but remains "hidden from the record" since **the record is silent.**

Petitioner further avers that this silence was also prejudicial to the defense because it prevented us from presenting a complete picture to the review panel because of the allegations which were Extrinsic to the defense.

I don't know of any case law that I can present one way or the other and am assuming that the Circuit Court will most likely deny this without a hearing which will open the door for me to raise this to an Appellate Court.

The closest that I can come to in offering any type of case law would be Throckmorton v U.S. 98 U.S. Cal (1878), and cited by Judge Murphy of The Ct. of Special Appeals in State v Rodriquez 125 Md App 428, 725 A2d 635 Md App 1999. Throckmorton said:
"When the unsuccessful party has been prevented from fully exhibiting his case by fraud or deception practiced on him by his opponent as by keeping him away from court..."

The Rodriquez court said:
"The type of fraud necessary to vacate an enrolled judgment is Extrinsic Fraud, not fraud which is intrinsic to the trial of the case..."

I also suggest that to not grant a Belated Review of my sentence is to "reward Rubie" for his silence until long after the trial and the hearing.

Furthermore, I presume that the Circuit Court will consider this to be one of those "dumb arguments" raised by a "dumb pro-se petitioner" to waste the courts time. IT IS NOT. I BELIEVE that some Appellate court would presumably like to sharpen their "Appellate Teeth" on and "digest" the logic of the argument that I present to the court.

Respectfully submitted,

Salvatore Spinnato, 272-280

cc: Salvatore E. Anello, III
    Carol Chance