January 06, 2003

Suzanne Mensh
Clerk of Court for Baltimore County
County Courts Building
401 Bosley Avenue
Towson, Md. 21204

Dear Madam Clerk:

I have enclosed a Motion for a New Trial that I would like to have filed in Case No. 96CR-3299.

Please take note that I have also included a copy for the State's Attorney as well, and is noted in the Certificate of Service.

Thanking you in advance for your prompt filing of the enclosed.

Sincerely,

Salvatore Spinnato 272-280
13800 McMullen Hwy.
Cumberland, Md. 21502

cc:file

Exhibit No. 6
Civil Action No. JFM-02-4213

SALVATORE P. SPINNATO                    *        IN THE C███ COURT FOR
Pro-se Petitioner                        *        BALTIMORE COUNTY, MD.
                                         *        96CR-3299
v.                                       *
                                         *
State of Maryland                        *
Respondent                               *
                                         *

*************************

MOTION FOR A NEW TRIAL AND OR TO SET ASIDE JUDGMENT
BASED ON **NEWLY DISCOVERED EVIDENCE** AND ALSO A
REQUEST FOR AN IMMEDIATE HEARING UNDER MARYLAND RULE 4-331 (c)(e).

NOW COMES petitioner, Salvatore Spinnato, 272-280 filing pro-se and petitions this court for a New Trial under subsection (c), **Newly Discovered Evidence**, and also a request for an **Immediate Hearing** and is **Mandated by Maryland Rule 4-331(c)(e)**. Petitioner avers that the Newly Discovered Evidence referred to in this Motion <u>was not and could not have been discovered</u> by Due Diligence within subsection (a) of the Rule since this information **was withheld** from the defense until April 02, 1999 which was 14 months after trial in the above captioned case which ended on February 10, 1998. Petitioner is alleging that this Newly Discovered Evidence was not only **withheld** from the defense, but that it **prevented the** defense from raising any of the issues raised by my trial attorney's affidavit to The Original Trier Of Fact.

**The Basis** of this Motion is a Notarized Affidavit of my trial attorney, <u>Salvatore E. Anello, III</u> who asserted under Oath that on April 02, 1999, while he was attending an Orioles game at Camden Yards, Officer William Rubie who was the investigating Officer in this case had **voluntarily** approached him and **complained** to him that he was upset about how my trial was handled by Mr. Mickey Norman who was the prosecutor assigned to the case. This same Officer Rubie had then and there alleged to my trial attorney that:

1. Mr. Norman had repeatedly <u>**pressured him and attempted to influence his testimony**</u> in regards to the taking of an initial statement from the states chief witness, and <u>"suggested"</u> to him that he had been <u>"mistaken"</u> in failing to describe an "alleged handgun".

2. Rubie further alleged that Norman had <u>"suggested"</u> to him that he had <u>"overlooked"</u> certain "details and threats" allegedly made to the state's Chief Witness.

3. Rubie also complained to Anello that Norman <u>**had coached**</u> the states Chief Witness prior to trial and for his testimony at trial.

CRIMINAL DEPT   JAN 13 2000

At the time Officer Rubie made these "late revelations" to Anello, it was already **14 months after my trial** in the instant case. I also point out that at the time these allegations were made by Rubie to Anello, Rubie had in excess of 14 years of experience with Law enforcement, and Anello had 26 years of experience as a Criminal Defense Attorney, and Highly respected member of the Maryland Bar.

Therefore, I think that I have established that when these allegations were made, they were already **Extrinsic** to the defense when it was first explained to Anello so that we could not have presented any of these allegations to the Original Trier of Fact since this information was **withheld** by Officer Rubie until 14 months after trial, thereby **preventing the defense from raising any of the allegations to the Trial Judge**.

I realize that I am just a layman but I believe myself to be "legally correct" to say that this **withholding of allegations** by Rubie **removed** any options that we may have had in bringing any of these allegations to the trial judge. I believe that the long established definition laid down by The United States Supreme Ct. in <u>Throckmorton v U.S.</u> 98 U.S. Cal, 1878, applies. This was quoted by Judge Murphy, Chief Judge of The Court of Special Appeals in <u>State v Rodriquez</u>, 125 Md App 428, 725 A2d 635, 1999.

It is also my belief as a layman that under Maryland Rule 4-331(b)(2), The Trial Court has **Revisory Power** and control over a judgment to set aside an unjust or improper verdict and grant a New Trial in the event of **Fraud**. These allegations at least present the Appearance of Impropriety on the part of the state. It is my belief that there is **No Time Constraint** after the 90 day period mentioned in the rule when an allegation of Fraud is made. The type of Fraud complained of here in this Motion for a New Trial is **Extrinsic Fraud** since Anello and I were **unaware** of any of the allegations made by Rubie until 14 months after trial.

The <u>Throckmorton</u> case mentioned above has withstood the test of time for the past 128 years and has been quoted on numerous occasions by both high courts in Md. such as <u>Schwartz v Merchants Mortgage</u>, 272 Md 305; <u>Tandra S. v Tyrone W.</u> 336 Md 303, 648 A2d 439, (1994); and in <u>State v Rodriquez</u> cited above. In that case, Judge Murphy wrote:
> "The type of Fraud necessary to vacate an enrolled judgment is <u>extrinsic fraud.</u> ...In determining whether or not extrinsic fraud exists, the question is not whether the fraud operated to cause **the trier of fact** to reach an unjust conclusion, BUT WHETHER THE FRAUD **PREVENTED THE ACTUAL DISPUTE** FROM BEING SUBMITTED TO THE FACT FINDER AT ALL..."

In addition to the Jackson case, I would also like to remind the court that Anello's affidavit clearly reveals that there is a **factual controversy** between a Member of The Maryland Bar who swore to the Affidavit, and the Officer who had initially raised the allegations to Anello in the first place. This **factual controversy requires** that a hearing be held so that all of the allegations raised by Anello in that affidavit can be addressed in open court.

I believe that I should be allowed to demonstrate my arguments and Grounds alleged herein to the Circuit Court. I realize the Original Trier of Fact has since retired but I believe that The Administrative Judge has the power to appoint a Circuit Court Judge to grant me a hearing under section (e) of the Rule as Mandated by the Court of Appeals in Jackson v State, 358 Md. 612, 751 A2d 473, 2000.

In State v Devers, 272 A2d 794, (1971); the ct. said that in determining a Motion for a New Trial, the lower court must weigh the evidence and judge the credibility of the witnesses. In the instant case the lower court can only do that a hearing because of the **factual controversy** created by Rubie statement to Anello, and the allegations in that Affidavit. In Devers and as well a Love v State, 621 A2d 910, (1993); BOTH COURTS took a quote from Hochheimer's Law of Crimes and Criminal Procedure which states in pertinent part:
> "The principal grounds for granting a new trial are... Newly Discovered Evidence ... Fraud or Misconduct on the part of the prosecution."

Love goes further to also discuss the **Revisory Power** of the court as well by saying:
> "A narrower base for either revising a judgment or granting a new trial but one that is available over a longer period of time is provided by subsection (b) which states in pertinent part: "Revisory Power"--The Court has revisory power and control over the judgment to set aside an unjust or improper verdict and grant a new trial (2) in the circuit courts on motion filed within 90 days... THEREAFTER the court has **revisory power** and control over the judgment in case of Fraud, mistake, or irregularity."

THEREFORE: (1) The type of Fraud alleged by my trial attorney's affidavit is **Extrinsic Fraud** since we were unaware of Rubie's allegations to Anello until 14 months after trial. (2) Furthermore, it was Rubie who created the 14 month delay before bringing his allegations to Anello. This is what created the **Newly Discovered Evidence**. The allegations themselves indicated to Anello as a defense attorney that there was Fraud on the part of the prosecution.

(3)

## ABBREVIATED HISTORY

Petitioner asserts that this abbreviated history will hopefully demonstrate that both my trial attorney and myself were unaware of any of the allegations made to Anello prior to April 02, 1999 when Officer Ruble approached Anello.

1. **THE FIRST MOTION** filed by my trial attorney was a pre-trial MOTION TO DISMISS, filed in November 1997. PLEASE NOTE this Motion was filed **LONG BEFORE** we had any knowledge of the allegations contained in Anello's Affidavit of February 17, 2000. In that Motion Mr. Anello alleged to the trier of fact that the basis of his Motion was because Mr. Norman, and his Chief Witness had taken part in a **highly fictitious and fraudulent television** program that was televised as an "re-enactment". This program was aired two times prior to trial, and Anello's **specific complaints** stated that:

   A. The Prosecutor had actively participated in the **manufacture of false pretrial publicity** which had denied my Sixth Amendment right to a Fair Trial.

   B. Violations of Rules 3.6, 3.7, & 3.8 of The Md. Rules of Professional Conduct.

   C. That the fictitious "re-enactment" **disturbed the facts of the case to include a hired actor** fictitiously pointing a "handgun" at the state's witness which was never alleged until the time for the witness to appear on National T.V.

   D. The prosecutor's statements during his **On camera interview** was a deliberate **Extrajudicial Statement** that was designed to materially prejudice the instant case which was an adjudicative proceeding.

   E. That the prosecutor allowed his chief witness an unfettered opportunity to be alone with the director of the program to the point of giving false testimony during his on camera interview, and **interfere with the facts** of the case which were **already in dispute** prior to the television program.

   F. This performance by the state's chief witness allowed him to "direct" any potential juror to believe what was being broadcast was a "re-enactment".

All of the Fraud alleged in this Motion to Dismiss was Intrinsic and was brought to the attention of the trier of fact at the time they were made known to us.

There was only one other **pre-trial motion** filed by Anello which was addressed in particular to Judge Howe who sat on The Motion to Dismiss which she denied. Anello then put a Motion to Recuse when he found out that Judge Howe had been **specially** assigned to hear the case as the trier of fact.

(4)

2. THE SECOND MOTION to be filed was on February 03, 1997 and was a MOTION TO RECUSE. That Motion specifically alleged the following:
   A. The Judge was exposed to extrajudicial communications and publicity that were in dispute;
   B. The judge exhibited a bias in favor of the prosecution for failing to recognize violations of Rules 3.6, 3.7, and 3.8 of the Rules of Prof. Conduct.
   D. The judge was exposed to a vivid and fictitious portrayal of factual events which were in dispute by the defense and which formed the factual basis of the case. Chief among these was a "hired actor" pointing a "gun" at Mr. Hogg.
   E. The Judge made a comment on the record which exhibited her bias in the case towards the defendant.

Petitioner avers that these two motions were the only pre-trial motions filed on my behalf by my trial attorney. The court can see by the allegations contained in both of them that there is NO ALLEGATION made by my trial attorney to the Original Trier of Fact regarding any of the allegations contained in his affidavit.

This is because we were unaware of them since they were not brought to Anello's attention on April 02, 1999 14 months after my trial.

Since these allegations were unknown to us;
1. They prevented us from raising them to the Trier of fact prior to trial;
2. They prevented us from raising them a Newly Discovered Evidence under section (a) of the rule since it is obvious that the 10 days had "expired";
3. They prevented us from preserving any of the allegations for Appellate review;
4. They prevented us from asking for the removal of the prosecutor for a second time;
5. They prevented us from asking for a change of venue;

In the Jackson case, the court specifically mentioned that her codefendant had given her a "handwritten note" that had not existed prior to her trial which they had considered to be Newly Discovered Evidence. In the instant case, I am providing the Notarized Affidavit of a Member of The Maryland Bar, who happens to be my trial attorney. His affidavit clearly shows that this took place 14 months after trial, and clearly shows that there is a Factual Controversy that requires a hearing. He is not a codefendant, and the Affidavit is much more than a "handwritten note". They granted Jackson a hearing not on the merits of her issues, but on the Rule itself, and so should I be given that same opportunity.

## GROUND ONE

Petitioner avers that the affidavit of my trial attorney indicates that Officer William Rubie knowingly withheld information from the defense regarding pre-trial attempts to influence his testimony regarding "an alleged handgun"; and that the state's witness had been "coached" about his testimony prior to trial and for use at trial. This prevented the defense from bringing this information before the trier of fact since we had no knowledge of the information until 14 months after trial.

### ARGUMENT

Petitioner avers that the allegations raised in Ground One was a Denial of Due Process, and the right to a Fair Trial as afforded to me under the Constitutions of the State of Maryland, and The United States.

Petitioner further asserts that the previously cited cases of <u>Throckmorton</u>, <u>Rodriquez</u> et. al. apply as previously mentioned because this information **was not presented to** my trial attorney until 14 months after trial which meets the definition of **Extrinsic Fraud**.

Furthermore, this information had to be given via my trial attorneys affidavit since it was based on facts not contained in the record which **prevented** him from raising any issue before the Original trier of fact since he was unaware of any of the allegations raised in that affidavit.

## GROUND TWO

Petitioner avers that the affidavit of my trial attorney indicates that the withholding of this information was crucial and that it had interfered with my trial attorneys decision making process to recommend electing a Judge vs. a Jury.

### ARGUMENT

That affidavit indicates that Officer Rubie had initially and voluntarily approached my trial attorney at an Oriole game at camden yards which took place 14 months after my trial. The affidavit alleges that Rubie had made several allegations of prosecutorial misconduct. That affidavit goes on to say that Anello was so bothered by the initial conversation that he sought the advice of other attorneys. He then called Rubie **three weeks later** and that Rubie had agreed to go to Anello's so that they would discuss Rubie's concerns regarding prosecutorial misconduct.

(6)

That appointment was agreed to without reservation and was set for the following week. One Hour before that scheduled meeting Rubie called Anello's Office to cancel. He did this on the advice of an "attorney friend" that he had consulted with.

Anello's Affidavit states that in that third conversation he had pressed Rubie to keep the appointment, and that Rubie used as his reasoning why he wasn't going to show was that Rubie had stated to Anello that he would feel differently had I been convicted of the handgun charges but since I wasn't, "he really didn't see how any harm was done by Mr. Norman."

Anello then indicated to Rubie how this was not true because the handgun charges was a crucial issue because it influenced the defense's decision to elect a Judge trial versus a Jury trial. Rubie continued to disagree and stated that he wouldn't keep the appointment and repeated again that he would feel much differently about cooperating if I had been convicted of the handgun charges.

## GROUND THREE

Petitioner avers that this Newly Discovered Evidence continues to prejudice the defense on Appeal since my trial attorney was not able to raise any of the issues to the trial court; thereby preventing us from preserving any of the allegations contained in my trial attorneys affidavit since the record remains silent because of Rubie's silence until long after the trial had ended.

## ARGUMENT

Petitioner avers that these "late revelations" by Officer Rubie to my trial attorney have effectively kept the record "silent" of any of the issues alleged in his Affidavit. In fact the Affidavit is based on facts not contained in the record since Rubie decided not to keep the appointment based upon the advice of an attorney who advised him to cancel the meeting with Anello.

It is my understanding that The Court of Appeals has made it abundantly clear in numerous rulings that they will not entertain an issue until it first has been brought to the attention of and ruled on by the lower court. I base this on Md. Rule 8-131(a). The primary purpose of the rule is to ensure fairness for all parties in a case, and to promote the orderly administration of law; see Davis v DiPino 337 Md 642 (1995). Another objective is to require counsel to bring their position to the attention of the lower court. In the instant case my trial attorney was prevented from bringing these matters before the trial court since he was not aware of them.

(7)

It is my contention that Rubie's "late revelations" to Anello have **prejudiced me** to the point of creating a "catch 22" for me in that my trial attorney was not able to raise the issues contained in his Affidavit to any Appellate Court since **they were not preserved** in the lower court since he was unaware of them until Rubie broke his silence to Anello at the ballpark. This is prejudice caused by the state.

### DISCUSSION OF RULE 4-331
### MOTION FOR NEW TRIAL

This Rule was amended effective on January 01, 2002 to **Mandate a Hearing** based on **Newly Discovered Evidence** under subsection (c). In this Motion I specifically requested a hearing under subsection (e) regarding **Newly Discovered Evidence** which was the result of a **post trial conversation** between Mr. Rubie and my trial attorney which took place 14 months after my trial.

I specifically point to subsection (e) of the Rule where it reads:
> "(e) Disposition. The Court may hold a hearing on any Motion filed under this Rule and **shall hold a hearing on a motion filed under section (c)** if the motion satisfies the requirements of section (d) and a hearing was requested..."
> SEE COPY OF RULE ATTACHED.

This court will be able to see I have met all of the **requirements of the Rule** which has the force of law.
1. I filed under section (c) and **specifically** cited **Newly Discovered Evidence**.
2. I have met the requirements of section (d) as it shall be (1) be in writing, (2) it states in detail the grounds on which it is based which is the basis of the affidavit, (3) it was filed under section (c) of the Rule, and the newly discovered evidence was described and (4) contains a request for a hearing.

**THEREFORE I BELIEVE** that I have amply met all of the requirements of **the rule which has the force of law.** I also believe that I have demonstrated that the Affidavit of my trial attorney establishes that Officer Rubie's post trial conversations with my trial attorney indicates that this was **Newly Discovered Evidence** that could not have been discovered by any due diligence on the part of the defense since we were unaware of them and could not possibly have presented them before the **Original Trier of Fact**, and that I am entitled to hearing under the Rule.

(8)

PERTINENT PROVISIONS

**Rule 4-331. Motions for new trial.**

(a) *Within ten days of verdict.* On motion of the defendant filed, within ten days after a verdict, the court, in the interest of justice, may order a new trial.

(b) *Revisory power.* The court has revisory power and control over the judgment to set aside an unjust or improper verdict and grant a new trial:

(1) in the District Court, on motion filed within 90 days after its imposition of sentence if an appeal has not been perfected;

(2) in the circuit courts, on motion filed within 90 days after its imposition of sentence. Thereafter, the court has revisory power and control over the judgment in case of fraud, mistake, or irregularity.

(c) *Newly discovered evidence.* The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule:

(1) on motion filed within one year after the date the court imposed sentence or the date it received a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later;

(2) on motion filed at any time if a sentence of death was imposed and the newly discovered evidence, if proven, would show that the defendant is innocent of the capital crime of which the defendant was convicted or of an aggravating circumstance or other condition of eligibility for the death penalty actually found by the court or jury in imposing the death sentence;

(3) on motion filed at any time if the motion is based on DNA identification testing or other generally accepted scientific techniques the results of which, if proven, would show that the defendant is innocent of the crime of which the defendant was convicted.

(d) *Form of motion.* A motion filed under this Rule shall (1) be in writing, (2) state in detail the grounds upon which it is based, (3) if filed under section (c) of this Rule, describe the newly discovered evidence, and (4) contain or be accompanied by a request for hearing if a hearing is sought.

(e) *Disposition.* The court may hold a hearing on any motion filed under this Rule and shall hold a hearing on a motion filed under section (c) if the motion satisfies the requirements of section (d) and a hearing was requested. The court may revise a judgment or set aside a verdict prior to

I also believe and aver that I am entitled to have judgment set aside and in the interest of justice, and be granted a new trial.

I hereby affirm under penalty of perjury that the contents of the above Motion for a New Trial is true to the best of my ability and belief.

*[signature]*
Salvatore Spinnato, 272-280

~~December 23, 2002~~
January 6th, 2002

CERTIFICATE OF SERVICE

I hereby certify that I have enclosed an Original for the Clerk of Court and one copy to be distributed to Office of the State's Attorney for Baltimore County.

*[signature]*
Salvatore Spinnato, 272-280

~~December 23, 2002~~
January 6th, 2002

FORMA PAUPERIS AFFIRMATION

I salvatore spinnato, 272-280, hereby declare that I am the petitioner in the above captioned case and hereby request wavier of any and all filing costs since I am indigent and cannot afford the cost because of my poverty.

*[signature]*
Salvatore Spinnato, 272-280

(e)