IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SALVATORE SPINNATO | * |
| Pro se Petitioner | * |
| v. | *   JFM-02-4213 |
| J.P. GALLEY, Et. at. | * |
| Respondents | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SECOND MOTION** TO COMPEL THE ATTORNEY GENERAL **TO COMPLY** WITH THE HABEAS RULES, THE FEDERAL RULES OF PROCEDURE, AND THE RECENT RULING BY THE FOURTH CIRCUIT COURT OF APPEALS ON OCTOBER 25, IN THOMPSON V. GREENE, ----F.3d.----, 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*

This pro se petitioner is hereby filing this **Second Motion** and is **respectfully** requesting for this Honorable Court to Issue and **Immediate Order** requiring the Attorney General Office to comply with the **Original Order** of this Court issued **34 months ago** on January 10, 2003, as well as the recent decision by the Fourth Circuit Court of Appeals in Thompson v. Greene, which ruled against the Maryland Attorney General.

Petitioner avers that Judge Robert B. King, wrote for a unanimous Appellate Panel and had stated in part "service of an answer and its exhibits on a habeas corpus petitioner is plainly mandated..."

On November 4, 2005 this Court issued an **ORDER** giving respondents 45 days from the entry of that ORDER to serve this petitioner with copies of **ALL EXHIBITS**, and then allowed this petitioner **30 days** to file a Supplemental Reply.

On November 23, 2006 I received a legal package which contained **Exhibits 1 thru 29**. Some of these exhibits were **Incomplete** and some of them **were missing**.



On December 09, 2005 I filed a Motion to Compel the Maryland Attorney General to Comply with the Habeas Rules, The Federal Rules of Procedure, as well as a prior written ORDER of this Court dated January 10, 2003, and the recent ruling by the Fourth Circuit Court of Appeals in Thompson v. Greene, ----F.3d.----, 2005.

In That Motion to Compel I complained that there were a total of **10 Exhibits** that were not given to me. In fact the OAG filed **SIX MOTIONS** for Extensions of Time **BEFORE** they filed their Reply back on June 13, 2003. When I filed my Motion to Compel on 12/09/2005, I submitted my own **EXHIBIT** which was a copy of a letter that I sent to Mr. Kelley of the OAG. That letter was dated June 20, 2003 and I reminded him that he **did not comply** with Judge Motz's ORDER, and specifically mentioned these same missing documents.

I would like to **STRESS** to Judge Motz that my other concern is that this United States District Court **does not have copies** of these Exhibits as well. This would prove prejudicial to this petitioner if the District Court did not have a **complete record**. This would also prove prejudicial to me if I had to Appeal to The Fourth Circuit Court of Appeals since they **would not receive** a complete record.

On Friday 13th. 2006, the OAG **filed a Response** to my Motion to Compel. I received a copy of that Response on January 18, 2006. That response only included **8 out of 10** of the missing Exhibits. It **did not contain** two very important EXHIBITS. This petitioner is avering that the **two missing Exhibits** are necessary and are needed before I can file any Supplemental Reply. The missing documents are as follows:

(1) The **TRANSCRIPT** of a Motion to Dismiss Hearing that was held on November 24, 1997. and
(2) Items **A THRU G** which were part of Exhibit-28 that was submitted by the OAG **but were not attached.**

Mr. Kelley, Assistant Atty. Gen'l responded to my Motion to Compel by referring to the missing transcript as **item H** saying:

"With regard to **item H**, to date, the November 24, 1997 hearing at which Spinnato's motion to dismiss was denied **has not been transcribed.**"

This petitioner avers **THIS IT NOT TRUE**, and to prove this I am attaching a copy of the cover sheet by the Court reporter **Janet Brown**. **SEE EXHIBIT-1** attached.

Throughout my habeas petition, **I HAVE ALWAYS COMPLAINED** that my appellate counsel was ineffective on appeal for failing to have this Motion's hearing **transcribed**, and therefore he **did not submit a complete record** to the Appellate Court. In fact in my habeas petition to this court I had also complained that this Motions hearing was not transcribed until my postconviction hearing of **February 01, 2001** which was a full **29 months after my direct appeal was denied**. This is exactly what will also happen in this case as well. This court **will not have** a complete record of the state proceedings if the Court does not ORDER the OAG to furnish the transcript.

I have always alleged that this Motions hearing Transcript **was crucial** to my direct appeal. That **TRANSCRIPT** is also crucial **to my habeas petition** as well because during that hearing my privately retained trial attorney played the "Unsolved Mysteries Videotape" for Judge Howe who then became the **trier of fact**. The **TRANSCRIPT** contains the legal arguments of my trial attorney regarding violations of Md. Rules 3.6 pretrial publicity, Rule 3.8 Special responsibilities of a Prosecutor, and Rule 8.4 Misconduct. It also contains our arguments requesting that the Prosecutor be **disqualified from prosecuting** since he admitted under oath that **he appeared** on the program and knew his witness was also appearing as well. The prosecutor also admitted that he was told to appear at a rented house where he was interviewed by the Director of the Program and while there he admitted that he saw a reporter from the **Baltimore Sunpapers** who also participated and had **nothing to do** with the case.

Furthermore, I also believe this **transcript is crucial** to my Habeas petiton because it contains legal questions/issues for the Court to rule on that **have never before** been decided by a U.S. District Court regarding a prosecutor and his witness appearing on National Television **prior to trial**, and taking part in what was called a **reenactment**. I have always alleged that No Federal Prosecutor would ever be allowed to take part in any **pretrial "reenactment"**, and that the State prosecutor should be held to the same standard.

Immediately prior to the postconviction hearing of February 01, 2001, Mr. Roscher **finally** had the hearing transcribed and provided me with a **partial copy** which contains pages 1 thru 64. I am **MISSING** pages 65 thru 88 which contains Judge Howe's reasons why she had ruled there were **No Violations** of Md. Rules 3.6, 3.8, and 8.4 and I cannot possibly be able to quote her if I do not have a complete copy of the transcript. I am **AT LEAST** entitled to a complete copy of that Motions Hearing.

I would also like to say that during my trial attorneys argument to Judge Howe he had complained that the prosecutor not only appeared in the program but that they **HIRED ACTORS** who changed the facts of the case by fictitiously **displaying a gun** being pointed at the states witness when **this was never alleged** prior to the filming of the program.

My final concern is that the District Court **DOES NOT HAVE** a copy of this transcript as well. This would present me with additional problems if I am denied habeas relief because I would have to appeal and the 4th. Circuit Court of Appeals would not be provided with a complete record. Throughout my habeas petition I have cited several U.S. Supreme Court cases which agree with my arguments regarding pretrial publicity such as Sheppard v. Maxwell, and Estes v. Texas, and I have cited several 4th Circuit Court of Appeals cases regarding pretrial publicity but this case is **UNIQUE** because it is the only case that involves hiring actors such as **Robert Stack** aka who for years played the role of **Elliott Ness** on the "Untouchables" to introduce the program.

Finally, the OAG has **not provided** Items A thru G, and justifies not doing so by stating at page 3 of his response:

"In fact, Respondents believe that they have **provided this Court** and Petitioner Spinnato with **substantially more documentation than** required by Habeas Rule 5. See Habeas Rule 5... Respondents are not in possession of item G, the exhibits accompanying Respondents Exhibit 28..."

I believe this **"response"** by Mr. Kelley to be in error, and I hope this District Court also feels the same. I understand the "reasoning" for the State to not want to provide this petitioner to have the **missing documents** but for Mr. Kelley to say that he believes he has provided the District Court with **"substantially more"** more documentation than is required by Habeas Rule 5." is inconceivable to me. I believe the District Court has the power to ORDER the OAG to provide **even more** than what has been provided, and I believe that the recent ruling by the Fourth Circuit Court of Appeals confirms this as well.

I am asking for **Items A thru G** to be provided me because **this District Court** issued an ORDER on November 07, 2005 **REQUIRING** the OAG to provide me with **copies of all exhibits**. Part of those documents was **EXHIBIT-28** which the State sent to me on November 23, 2005. That Exhibit **which the OAG submitted** stated that **Items A thru G** were a part of that Exhibit and **were not attached**. If the OAG continues to **withhold** these attachments, I will not have a **complete copy** of Exhibit 28 which was submitted **in it's entirety** to the Circuit Court of Baltimore County.

Therefore, I believe that since they are **part of Exhibit 28** I should be permitted to have a **Complete copy**. I also believe that a complete copy of these items should be provided to the District Court as well since they are a part of my Issues raised in my Habeas Corpus petition.

In summation, and for the reasons set forth in this Motion, I am requesting for the District Court to issue an **Immediate ORDER** requiring the Attorney General to:

1. Issue me a **complete copy** of the transcript of the Motion to Dismiss hearing on **November 24, 1997**. I am alleging that this **transcript is essential** because it concerns the issues I have raised in my **Habeas petition** regarding:
(1) Violations of Md. Rules 3.6, 3.8, and 8.4;
(2) Prosecutorial Misconduct;
(3) Judge Howe should have recused herself for Bias;
(4) Ineffective assistance of Appellate Counsel;
(5) The fictitious "reenactment" on National T.V. **interfered with** my constitutional right to an impartial jury.

2. **IN ADDITION** I am requesting that my 30 day Reply be postponed until I receive the missing documents requested in this Motion.

Respectfully submitted,

*[signature]*

Salvatore Spinnato, 272-280


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th. day of January, 2006, a copy of the foregoing Second Motion to Compel, was mailed first class, postage prepaid, to Edward J. Kelley, Assistant Attorney General, Criminal Appeals Divisio, 200 Saint Paul Place, Baltimore Maryland 21202.

*[signature]*

Salvatore Spinnato, 272-280
13800 McMullen Hwy.
Cumberland, Md. 21502

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

STATE OF MARYLAND

    v.                         CASE NOS. 96-CR-3299
                                         96-CR-4281

SALVATORE SPINNATO
_____/

REPORTER'S OFFICIAL TRANSCRIPT OF PROCEEDINGS
(Motions Hearing)

November 24, 1997
Towson, Maryland

BEFORE:

THE HONORABLE BARBARA KERR HOWE, Associate Judge

APPEARANCES:

For the State:

    MICKEY J. NORMAN, ESQUIRE
    Assistant State's Attorney

For the Defendant:

    SALVATORE SPINNATO, ESQUIRE

Reported by:
  Janet A. Brown, R.P.R.
  Official Court Reporter
  M-08 County Courts Building
  Towson, Maryland 21204