IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

SALVATORE SPINNATO      *
Petitioner, Pro se     *
Vs.                    *   Civil Case No. JFM-02-4213
J.P. GALLEY, ET. AL.     *
Respondents          *

*******************

**SUPPLEMENTAL REPLY**

*******************

Now comes this petitioner Salvatore Spinnato, acting pro se, and is hereby submitting my **SUPPLEMENTAL REPLY** regarding my habeas petition to this court, and avers the following.

This petitioner sincerely believes that this District Court has the opportunity to write **new case law** regarding **pretrial publicity**. I believe this case in **unique** because it is the only case I can find where a District Court Judge will have the unique opportunity to rule on the **Constitutionality** of a **prosecutor** and his **witness** taking an active part in the filming of a television program that was shown to a National Television Audience **prior to trial**. This program featured a famous movie star, **Robert Stack** who for years played the role of **Elliott Ness** on the **untouchables** Mr. Stack opened the program dressed in a trench coat, surrounded by "fog", and was standing on a "pier" representing the Baltimore Harbor. Mr. Stack who was the **Narrator** of the program announced to the **television audience** that what they were about to see was a **"REENACTMENT" of a crime committed in Baltimore, Maryland.**

The program was aired **two times prior to trial**, and the second time was only **two weeks** before the scheduled trial began, and one of the **hired actors** was allowed to **disturb the facts** of the case by **holding a "gun"** to the back of the head of the state witness when this was **never alleged** in the indictment, or in the statement of the witness in his statement of charges to the police. This "gun" never appeared until the filming of the show.

The Fourth Circuit Court of Appeals has ruled on several cases regarding **pretrial publicity** but none of them involved a **prosecutor** and his **witness** actively participating in the filming of the program as did this case that I bring before the Court.

In my **Original** petition, I had tried to present my arguments from a layman's perspective since I have no legal training. I had argued that the **Sixth Amendment Requires** that all defendant's be fairly dealt with and within Constitutional guidelines, and not be unjustly convicted. This cannot take place if the states were allowed to program ahead of time, and **hire actors** to portray what the State wanted the television audience to believe, and is what happened in the instant case. This would leave an **indelible impression** in the minds of any prospective jurors since the state prosecutor was appearing in the program, and gives the impression that everything being presented is **factual** since the **prosecutor and his witness appeared** and took part in the production of the program.

In addition, I also tried to argue that the State **cannot** be allowed to use **the power of their office**, or their **influence** and their resources to take part in a program that **hires actors** to present the **State's version of events** rather than have them be presented within the **sanctity of the courtroom** during the trial, and the watchful eye of a Judge.

In the instant case, the hired actor was able to **disturb the facts** by presenting a **fictitious version** of events as the State wanted the audience to believe. This of course would also include any **prospective juror** who may have been watching. I also argued that the **fictitious "gun"** by the hired actor had set the stage to the advantage of the prosecution, and the prejudice of this defendant. **NO DEFENSE ATTORNEY** would be able to overcome this type of **prejudice**. Both the Federal and State governments must concern themselves with the proper administration of justice and **cannot condone** this type of pretrial publicity, and the intrusion to the safeguards of **The U.S. Constitution** as the framers intended.

**PLEASE NOTE** Each of the Grounds raised in my habeas corpus petition, were raised in my postconviction, and **two applications** for leave to appeal. **In both instances** the Court of special appeals denied my applications without addressing **a single issue** that I presented to them. I mention this because this includes all of the issues raised in the **AFFIDAVIT** of my trial attorney, regarding prosecutorial misconduct, and the court of special appeals **never addressed** the participation of the prosecutor and his witness appearing in a **pretrial "reenactment"** on National television. Therefore **NEITHER OF THESE ISSUES** were ever addressed by **any appellate court** at anytime.

I would also like to mention that the memorandum/opinion of the postconviction court was written on **02/03/02**, and throughout that opinion, **Judge Cadigan** had continually stated that I had waived many of issues for failing to raise them **on appeal**. I am bringing this to the court's attention because the OAG submitted **Exhibit-23** as part of the State's Exhibits, and I would like call the court's attention to **PAGE 6** of that opinion/memorandum by Judge Cadigan whereby he stated:

"Since petitioner was tried and convicted in the Circuit Court for Baltimore County, and **the allegations of error** in petitioner's post conviction **had not been previously litigated or waived** this court properly had jurisdiction..."

I mention this because **it is extremely difficult** for me since I have no legal training, and am expected to deal with this kind of **changes in opinion**, and I am the one who is being held accountable to the District Court and show that my claims are valid, and **were not waived**. In addition I submit that if there was any failure to raise any of my issues **ON DIRECT APPEAL** it should fall on the shoulders of my **Appellate Counsel** since he failed to visit with me, failed to speak with my by phone, and failed to raise a single issue that I wrote him about on ten separate occasions by first class mail which was my only way to **"SPEAK"** with him during my direct appeal.

Therefore Judge Cadigan Memorandum/Opinion of **07/09/04** AGREES that **my allegations of error were not waived**.

February 13, 2006

Felicia Canon, Clerk
United States District Court
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201-



JFM-02-4213

Dear Madam Clerk:

I am enclosing my Final Reply for filing in the above captioned case.

Please be advised that I have also mailed a copy to Mr. Kelley, Assistant Attorney General, at 200 Saint Paul Place, Baltimore, Md. 21202

Sincerely,

Salvatore Spinnato, 272-280
13800 McMullen Hwy.
Cumberland, Md. 21502

cc:File