IN GROUND FOUR OF MY HABEAS PETITION I ALLEGED

The failure to comply with the Mandates of the Maryland Rules of which The Maryland Rules of Professional Conduct are a part thereof was a **Denial of Due Process**, and the **Right to a Fair Trial** as well as the Constitution of Maryland.

On page 26 of Judge Cadigan's memorandum/opinion he said:
"These issues were argued before Judge Howe who found **no misconduct** had occurred. The petitioner **failed to appeal** Judge Howe's decision and it may be considered **to be waived**... Petitioner alleges that **appellate counsel was ineffective** for his failure to argue this on appeal. Assuming arguendo that petitioner has not waived this issue, **this court agrees** with Judge Howe's finding that the State Attorney Office **did not commit misconduct** by their participation in the episode of the "Unsolved Mysteries Video"."

In this **final reply** regarding GROUND FOUR, I would like to say that **once again** Judge Cadigan has put the blame on this petitioner for **failing to raise** these issues on appeal rather than the fault of Appellate Counsel. Back on April 13, 2004 I submitted **51 EXHIBITS** with the District Court. These Exhibits are marked as **PAPER NO. 41** by the Clerk of Court on the Federal Docket Sheet. In that group I submitted a series of **ten letters** addressed to appellate counsel at his home/office in Bel Air Md. They were marked as **EXHIBITS 37 thru 46**. I believe that these letters demonstrate how many times I wrote to Mr. Greer and explained the **necessity** of raising **these issues** regarding violations of the Md. Rules of Professional Conduct.

**THEREFORE** I believe that these letters clearly demonstrate that Mr. Greer was aware of these **violations** of the Md. Rules **3.6, 3.8, and 8.4, and his failure to raise them on appeal was ineffective assistance**. I also believe that Judge Cadigan's ruling was an **unreasonable application** of clearly established Federal Law regarding **Strickland**; and Judge Cadigan's ruling that he agreed there were no violations of the Md. Rules of Professional Conduct was in error.

GROUND 4 PAGE 1



I will now try to show that Judge Howe's ruling on the Motion to Dismiss **hearing** was also in error, and that the postconviction court's agreement with her ruling is in error as well. Judge Cadigan's memorandum/opinion had stated:

"**this court agrees** with Judge Howe's finding that the State's Attorney Office did not commit misconduct **by their participation** in the episode of the Unsolved Mysteries Video."

I am asking this court to review page (47) of the transcript of the Motion to Dismiss Hearing which Judge Howe ruled on back in November 24, 1997, and to please **take note** that this is the transcript which Mr. Greer had **failed** to have transcribed during my appeal. My trial attorney had argued that the States Attorney Office had **violated Md. Rules 3.6 and 3.8** by the **voluntary** appearance of both the **prosecutor** and his **witness** on National television **prior** to trial.

The following quotations are taken directly from **pages 47 thru 51** of the **transcript** which my attorney presented to Judge Howe in pertinent part:

"In the instant case the rule violated is not one of conflict of interest, it is directly the rule of **trial publicity 3.6**, and I claimed further the **Rule 3.8** the prosecutor's special responsibility of a prosecutor. Where the **prosecutor participates** willy-nilly in a **broadcast** under color of state law--that is a state official... You can't back off and say well I don't know what these people are gonna say. It's a simple solution to that problem. **Prudence** would dictate, and the **color of law** dictates, and the **legal profession** dictates that you don't get involved in that show. That you don't make any statement... **When you appear on the show as a prosecutor** and you say this guy's the victim, this guy's a danger, you appear in the suspense and said this guy needs to go to jail. You took a chance and you lost because you now adopted for the **appearance of impropriety**... The state has a duty **to act impartially** towards both the State and the accused in a criminal matter, and if they **breach their duty** as matter of public policy they should be **disqualified** from participating in that criminal manner. **The Canon of Ethics** because it has to do with **prosecutorial misconduct** in violation of **specific rules**, a prosecutor must **avoid participation** in a case in circumstances where amplification of his **partiality** may cast a shadow over the integrity of it's office..."

GROUND 4-2

My trial attorney continued saying to Judge Howe:

"The appearance of evil in connection with the administration of public office should and must be avoided. **Actual prejudice** will be presumed to exist as a matter of law. **Our Ethics** are contained in these rules, Code of Professional Responsibility and how we conduct ourselves and if they are violated, **prejudice is presumed** to affect it. The prosecution here has **actively** almost joyously **participated in the manufacture of pretrial publicity**, and that is what the rule was meant to prevent in one step...When you become **involved in a case** to the point that you are **manufacturing pretrial publicity without concern appearing in broadcasts** you become more than an advocate... It shouldn't have gone on the show. The court has to act, **correct the situation** and has the power to do so. Here we can see **actual malice and prejudice** in the public statements. It is a **false portrayal of events** that occurred; a **portrayal** that the **state participated in** and it puts the system of justice that we're all involved in here, **creating pretrial publicity**. Denying his Sixth Amendment Right to a fair trial; the State **engaging in violating this rule**. You're denying the defendant his right to a fair trial in the Sixth Amendment, The United States Constitution, and under the Maryland Declaration of Rights. In nothing were it is written that the code of professional responsibility is anymore important than the **fabrication of false pretrial publicity**..."

Therefore I believe that Judge Howe was in error for not recognizing that
1. The Prosecutor had violated Md. Rules 3.6 and 3.8;
2. The prosecutor **should have been disqualified from the trial**;
3. The prosecutor participated in **false pretrial publicity** by his own admission under oath of a "gun" being pointed at his witness when in fact there was **never any gun** alleged being pointed at anyone prior to the filming of the program.

To allow any **prosecutor** to be allowed to take part in any so called **pretrial "reenactment"** would be to stand the Sixth Amendment of the United States Constitution on it's legal head, and would place a burden on the part of the defense that they would not be able to overcome the **prejudice.** The **"courthouse door"** would be removed in favor of a television producer, and a script that would **disturb the facts** of the case as they did instant case by **introducing** a "gun" when there was never any gun.

I am asking this United States court to **PLEASE UNDERSTAND** that we were **NOT ONLY** objecting to the Violations of Professional Responsibility but to the **participation of** the prosecutor and the **manufacturing of** false pre trial publicity on National T.V. which not only affect the Maryland Rules of Professional Responsibility but affected this petitioner's fair trial rights under The United States Constitution as well.

In addition there have been numerous other cases which also support my trial attorney's reasoning as to my being denied my Sixth Amendment Right to a fair trial by the violation of the Md. Rules of professional conduct. I will now list those cases and want to remind this court that **each of these cases** were cited by this pro se petitioner **directly** to the Court of Special Appeals in my **supplemental** application for leave to appeal without that court ever making a single comment to any issue at all. Those cases were as follows:

U.S. Court of Appeals in re Joseph D. Morrissey, decided Feb. 11, 1999. In that case Morrissey was a defense attorney who was charged with **violating local rule No. 57** restricting a lawyers's extrajudicial statements about **pending litigation**. This case is directly on point with my own in that Local Rule 57 in the Federal Court is the **same as Rule 3.6** of the Md. Rules of Professional conduct. This attorney was found to be held in criminal contempt for **violating** this rule and was later disbarred.

The criminal contempt charges which he was found guilty of was making **extrajudicial statements** to the Media regarding a case, and he arranged for a prosecution witness to be interviewed who then recanted. Morrissey had **VIDEOTAPED** the interview, and stated that he planned to show it, and then **played the video**. Immediately following that, U.S. District Court Judge James R. Spencer issued an Order charging Morrissey had **willfully** violated Local Rule 57 by **DISCUSSING INFORMATION** about the credibility of a prospective government witness in a **still pending criminal case**.

The next case I cited to the Court of Special Appeals was a local District Court case which **involved a State Prosecutor** from Montgomery county. I believe that this case is **directly on par** with my own case but was not as **PREJUDICIAL** as was my case since my involved the participation of the prosecutor and his witness on National T.V.

GROUND 4-4

That case was <u>U.S. v Josephine Gray</u>, 189 F. Supp 2d 279 from the U.S. District Court in Greenbelt Md. which was decided Feb. 06, 2002. That Opinion was written by Judge Chasanow, and involved a **joint motion** for an Order precluding any **EXTRAJUDICIAL STATEMENTS** to the **MEDIA** by the State's Attorney for Montgomery County who had appeared on the **Today Show** as well as giving **Local Newspaper interviews** and the New York Times. The parties involved in that case requested the District Court to enter an Order directing the persons involved in the case not make any **extrajudicial** statements to the press. The people covered in that request were **Attorneys** law enforcement personnel, **Potential Witnesses**, and their agents.

The prohibition requested was for information concerning the **pending** criminal trial in the District Court AS WELL AS **"other pending criminal"** cases in the State of Maryland. The following remarks were are directly from the Opinion of Judge Chasanow who stated in pertinent part to my own issues and my own case: (ALL EMPHASIS IS RELATED TO MY OWN CASE).

"Both the **Md. Rules of Professional Conduct** and the Local Rules of this court **prohibit a lawyer** from making **an extrajudicial statement** that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial or reasonable likelihood of **materially prejudicing an adjudicative proceeding**. (FN2) Md. Rule 16-812, of The Maryland Rules of Professional Conduct **Rule 3.6(a) Trial Publicity** modifies "likelihood" with the word "substantial", while local rule 204.3 uses the words "reasonable likelihood" standard **in re Morrissey**, 168 F.3d 134, 140 4th. Cir. (1999)."

Judge Chasanow then went on to comment further at **FN3 about Md. Rule 3.6(b)** contains a similar list of **presumptive prejudicial information** and agreed with the parties who asserted that the type of extrajudicial statements **ALREADY MADE** in that case by a **STATE PROSECUTOR** concerning a prosecution in State Court **were improper and could imperil** the defendant from being able to **SELECT AN IMPARTIAL JURY**. Judge Chasanow then went on to mention that the **Jury Pool of Potential Jurors** extends throughout five counties served by the court, and noted that **THE EXTENSIVE MEDIA COVERAGE** could very well affect it.

GROUND 4-5

Her Honor's exact statements were:

"Comments by persons with access to **information not yet disclosed** in Judicial Proceedings about those matters set forth in the **applicable rules is improper and may well influence prospective jurors**. Certainly Voir Dire will be prolonged, and the seating of an **Impartial Jury may be imperiled**."

This goes to the VERY HEART of what my trial attorney argued before Judge Howe **five years earlier** in the Motion to Dismiss hearing which raised the violations or **Md. Rules 3.6, 3.8, and 8.4.** I also raised these issues to the court of Special Appeals at page 34 of my own pro se **supplemental application** for leave to appeal I stated:

"I also believe as a layman that the violations complained of by my trial attorney are **much more serious** than the above because in my case: (1) The prosecutor took an active part in participating in what the **television audience** was told was a **"reenactment."** (2) The prosecutor knew in advance that the **producer** of the **program HIRED ACTORS** to play "roles" of my codefendant and myself. (3) The prosecutor also knew in advance that the producer of the program hied THE ACTOR ROBERT STACK aka **Elliott Ness** of **The Untouchables** to Host the program, and **TELL** the television audience that what they were about to see was a **"REENACTMENT"**. (4) The prosecutor admitted at the Motion to Dismiss hearing that **HE WAS NOT THERE** when they interviewed his own **WITNESS,** and **DID NOT KNOW** what his witness was going to say. (5) The prosecutor also admitted to Judge Howe, that he **WAS NOT ASKED** to render an opinion **ABOUT THE FACTS OF THE CASE.** (6) The prosecutor did admit that prior to his own on camera interview on the program he was told to appear at a **rented house** in Timonioum. (7) The prosecutor also admitted to Judge Howe that he say a **REPORTER** from the **Baltimore Sun** at the house and was going to be interviewed but also noted he did not know what he **(the reporter)** was going to say either. (8) The prosecutor also failed to mention this same reporter had his **own television show,** as well as a **biweekly column,** and he had **nothing at all** to do with this case. (9) MOST IMPORTANTLY the prosecutor also admitted when questioned by my trial attorney that **IT WAS HE** who told the producer of the program that my codefendant had **"pointed a gun"** at Mr. Hogg's head. (10) Judge Howe and Judge Cadigan also **FAIL TO RECOGNIZE** that the prosecutor's witness had an UNFETTERED OPPORTUNITY TO TELL THE PRODUCER ANYTHING HE WANTED SINCE **THE PROSECUTOR WAS NOT THERE** WHEN HOGG WAS INTERVIEWED."

In ending this Ground I would like to further comment that there is still more case law that agrees with this petitioner not only as to Ground Four but to **EACH** of my Grounds for relief, and can be derived from the comments by Judge Battaglia of The Court of Appeals. This case involved the **same prosecutor** mentioned in the Josephine Gray case in Greenbelt Md. That same prosecutor was charged by the Maryland Atty. Griev. Commission for Violations of The Md. Rules of Professional Conduct **3.6, 3.8, and 8.4** He was found **guilty** and was **sanctioned**. That case was Atty. Gvc. Comm. v. Douglas F. Gansler, 377 Md. 656, 835 A2d. 548 **(2003)**. Judge Battaglia wrote the opinion for the court and stated in pertinent part to my own:

Criminal justice must be carried out **IN THE COURTROOM**. The theory of the system is that the conclusions to be reached in a case will be induced **only** by evidence and argument **in open court** and **not by any outside influence**...The Constitutional underinnings for this concept reside in the **Sixth Amendment** right to a fair trial, made applicable to the states thru the **Fourteenth Amendment**... The test of the Sixth Amendment makes clear that a **fair trial** consists of numerous components including but certainly **not limited to**, the rights of an accused to a **public trial and impartial jury**... It is possible for a defendant to be **deprived of a fair trial** if circumstances occurring **outside the courtroom** taint the proceedings... One outside circumstance that may affect a defendant's right to a fair trial and specifically his right to an **impartial jury**, occurs when an attorney makes a **publicized out of court statement** about the defendant's case. This is particularly true since **attorneys** occupy a special role as **participants** in the criminal justice system as a result **the public may view their speech as authoritative and reliable** Comments by **prosecuting attorneys** in particular had the **inherent authority of the government** and are more likely to influence the public. When such seemingly credible information reaches the **ears or eyes** of the public, the **jury pool may become contaminated**, greatly diminishing the court's ability to assemble an **impartial jury.** The defendants right to a fair trial may be compromised The courts must take steps **by rule** and regulation **that will protect** their processe **from prejudicial outside interferences**. The outcome of a criminal trial is to be decided by impartial jurors who know **as little as possible** of the case based on material admitted into evidence before them **in a court proceeding.** Extrajudicial comments on or **discussion of evidence** which might never be admitted at trial and ex parte statements by counsel **GIVING THEIR VERSION OF THE FACTS** obviously threaten this basic tenet.

Judge Battaglia then commented on the **identical** Md. Rules which my trial attorney had raised before Judge Howe **in his Motion to Dismiss** and in his Closing Summary previously quoted by this petitioner:

"Md. Rule Prof. Conduct 3.6(b)(4) specifically addresses comments discussing **any opinion** as to the guilt or innocence of a defendant... The timing of an extrajudicial statement may affect it's prejudicial effect... **Prosecutors** are held to even higher standards of **conduct** than other attorneys due to their **unique role** as both advocate and minister of justice... Md. Rule of Prof. Conduct 8.4(a) finds **professional misconduct** where a lawyer **violates or attempts to violate** the Md. Rules of Professional Conduct."

Therefore I believe that the above comments by Judge Battaglia clearly do demonstrate that Judge Howe's failure to recognize Violations of Md. Rules of Professional Conduct 3.4; 3.6; 8.4 as was argued by my trial attorney in a pretrial Motion to Dismiss **was in error**. There is clear evidence supported by the Court of Appeals in Atty Gvc Comm. v Douglas F. Gansler 377 Md. 656, 835 A2d. 548 (2003). **This case law** by the Court of Appeals also demonstrates that Judge Cadigan agreement with Judge Howe's findings would also be in error as well.

Therefore this petitioner **was entitled to relief** that he requested back in November, 1997, and/or **at a minimum** the prosecutor involved in my trial should have been **removed** from the case for violations of the Md. Rules of Professional conduct.

In my **Original** petitioner to this Court I had cited several cases which I felt were applicable to Ground Four and were as follows:

1. Sheppard v Maxwell, 384 U.S. 333, 86 S.Ct. 1507 (1966) which dealt with **prejudicial outside interferences**. This would apply to the T.V. Performance by Mr. Norman in the instant case.

2. Hirschkop v Va. State Bar, 421 F. Supp, 1137, (1976) 4th. Cir; which had ruled that Hirschkop's conduct as a member of the Va. Bar was governed by the Codes of Professional Responsibility. This would also apply to the prosecutor in the instant case since he was also governed by the Codes of Professional responsibility of the Maryland Bar.

GROUND 4-8

3. <u>U.S. v. Josephine Gray</u>, No. Crim.DKC 01-0566, which also cited <u>Sheppard v. Maxwell</u>, 383 U.S. 333, 361, 86 S.Ct. 1507, (1966); also <u>In re Morrissey</u>, 168 F.3d 134, 140 (4th. Cir. 1999).

4. In addition I also alleged that Judge Battaglia had also cited from Md. Rules 3.6; 3.8; and 8.4, and quoted Justice Holmes by saying: "Criminal Justice must be carried out <u>in the courtroom</u>, <u>Patterson</u> v. <u>Colorado</u>, 205 U.S. 454, 462, 27 S.Ct. 556, 558 (1907); Judge Battaglia also cited other United States Supreme Court cases which also apply;

<u>Duncan V. Louisiana</u>, 391 U.S. 145, 88 S.Ct. 1444, 1968 discussing the right to an impartial jury by the Sixth Amendment;

<u>Estes V. Texas</u>, 381 U.S. 532, 540, 85 S.Ct. (1965); which had discussed the right to a fair trial is the <u>most fundamental</u> of all rights;

<u>Sheppard v Maxwell</u> 384 U.S. 333, 86 S.Ct. 1507, (1966); and the case of

<u>Rideau v louisiana</u>, 373 U.S. 723, 83 S.Ct. 1417, (1963) which had held that the defendant's <u>fundamental due process rights</u> had been violated because a <u>local television station had broadcast his confession</u>.

Therefore I am alleging to this Court that I should be granted the relief as prayed for in Ground Four because I believe that:
Judge Howe who was the original trier of fact, as well as Judge Cadigan who acted as the postconviction Judge and agreed with Judge Howe's finding had both made an <u>unreasonable application</u> of clearly established Federal Law, and or both of them <u>failed to recognize and apply</u> clearly established Federal Law in the instant case.

In addition I believe that I have also demonstrated that my <u>**Appellate Counsel**</u> was ineffective for his <u>failure to raise</u> these issues on Appeal.

This concludes my reasoning as to Ground Four.