

IN GROUND FIVE ON MY HABEAS PETITION I ALLEGED

That I did not receive a fair and impartial trial, **and** that the trial Judge should have **recused herself**, **OR** in the alternative had another Judge hear the Motion to Recuse because of the following reasons:

1. The trial Judge was exposed to **extrajudicial communications** and publicity.

2. The trial Judge **exhibited bias** in favor of the prosecution for failing to recognize **violations of the Md. Rules** of professional Conduct.

3. The trial Judge was exposed to a vivid and fictitious portrayal of **factual events that were in dispute** by the defense which formed the **basis of the case**.

4. The trial Judge made a comment on the record which exhibited her **bias against the defendant**.

PETITIONER'S FINAL RESPONSE

Before I begin with my legal argument regarding I would like to say that **this issue** recently came to light in the case of **Senator Tom Delay** in a Texas Court. Senator Delay had Motioned the Texas State Court for the Judge who was assigned to **recuse himself** from that case because of an **alleged bias**. The Senator did not have to **prove bias** he only alleged it in his Motion. He stated that the assigned Judge who was designated to be the trier of fact **be removed**. There was a **recusal hearing**, which was heard by a **different Judge**. That Judge then ruled that the original Judge who was assigned should be recused.

I am alleging there is **no difference** between what Senator Delay had alleged and **was granted** versus what I alleged and **was denied**. The U.S. Constitution in the State of Texas is the same as the U.S. Constitution in the State of Maryland. Judge Howe **should not** have heard the Motion to Recuse herself. A different Judge from Baltimore County should have been appointed to hear the Motion just as what happened in the Texas State Court of Senator Delay.

GROUND 5 PAGE 1

SCANNED

On page 32 of Judge Cadigan's opinion/memorandum he stated:

"The petitioner addressed this issue on appeal with no success and cannot revisit the issue now. Assuming arguendo that the petitioner could address this issue at the postconviction level **WE AGREE** with the Court of Special Appeals assessment that Judge Howe **did not abuse** her discretion in failing to recuse herself after having viewed the dramatization contained in the Unsolved Mysteries Video"."

This petitioner alleges that Judge Cadigan's opinion is in error and that Mr. Greer had **once again ignored** the very issues I wrote to him about and were all **previously raised** by my trial attorney in his **Motion to Recuse**, and had argued at the **Recusal Hearing** which Judge Howe resided over **on the first day of trial**.

I am asking this court to **PLEASE** refer to each of the following exhibits which I had previously submitted and were **numbered 37 thru 46** which were a series of **ten letters** addressed to Mr. Greer **at his home/office** in Bel Air Maryland.

**EXHIBIT 38** was a four page letter to Mr. Greer dated **October 10, 1998** which discussed the issues regarding **recusal**. On page (4) I specifically stated:

"These are the issues I would like to have you present to the Appeals Court in regards to the **Recusal** of Judge Howe, that I believe are reasons why Judge Howe should have recused herself because:
1. She was exposed to **extrajudicial** communications and publicity.
2. She exhibited **bias** in favor of the state for failing to recognize several **violations** of the Md. Rules of Prof. Conduct.
3. She was exposed to a **fictitious portrayal** of factual events that **were in dispute** which formed the **BASIS** of the charges filed.
4. She made a comment on the record at a Motion to Dismiss that indicated her **bias** against me."

**EACH** of these issues were all **derived from** a Motion to Dismiss which my trial attorney had previously submitted. I also included a copy of that Motion in my letter to Mr. Greer.

<u>EXHIBIT-39</u> was a October 12, 1998 letter to Mr. Greer explaining to him why I believed Judge Howe committed Judicial error for failing to find any <u>violations</u> of Md. Rules 3.6 regarding pretrial publicity, Rule 3.8 regarding special responsibilities of a prosecutor; and Rule 8.4 Misconduct. I also included <u>QUOTES</u> taken directly from the Motion to Dismiss by my trial attorney.

<u>EXHIBIT-43</u> was a November 28, 1998 letter to Mr. Greer. On page (1) of that letter I stated:

"I am enclosing <u>copies</u> taken from Sal Anello's Motion to Dismiss, and his <u>Motion to Recuse</u> Judge Howe... I also want to say that in order for your to <u>raise any issues</u> relating to the Motion to Dismiss or Motion to Recuse you need to see the videotape and you need to <u>listen</u> to Beth and Dan Rodricks who took part in it and <u>had nothing</u> to do with the case..."

At page (2) I stated: "I cannot <u>EXPHASIZE</u> enough how important it is for you <u>to see</u> the Unsolved Mysteries Videotape. You cannot possibly understand what relationship it has to Anello's Motion to Dismiss, and Motion to Recuse. My sister left you several messages regarding this, and will give you a copy. If you prefer, you can get Anello to send you a copy."

<u>EXHIBIT-43</u> also included a list of Anello's reasoning why he asked for Judge Howe to recuse. These were <u>identical</u> to the issues I presented to Mr. Greer in <u>EXHIBIT-38</u>.

At the very end of Exhibit-43, I made the following comment to Mr. Greer:

"If you look at the video and <u>compare it</u> to the <u>transcript</u> of the November 24, Motion to Dismiss, you will see what she said that Sal considered to be <u>biased</u>, and you will be able to see <u>the actors</u> displaying a "GUN" when <u>THERE WAS NEVER ANY GUN</u>. How many times do I have to say this to you. <u>PLEASE</u> get the <u>TRANSCRIPT</u>, and get a copy of the video and compare them to Sal's Motion to Dismiss, and his Motion to Recuse. <u>PLEASE PLEASE PLEASE REPLY</u>."

**The importance** of the transcript was stressed by me again at page (2) I stated:

"In fact once you **receive the transcript** of the Motion to Dismiss you will see at one point Mr. Norman not only stated he had **no control** over his witness appearing, and in another part he admitted that **he had no knowledge** what anyone was going to say. I can't quote exactly what was said...but when you get it (**transcript**) pay close attention to Mr. Norman's testimony when he took the stand...I cannot possibly remember everything that was said. Judge Howe was speaking too fast for me to write everything down, therefore I can't really trust all of my notes. Once you get the **transcript** you will be able to see exactly what was said..."

I am mentioning these Exhibits previously submitted because I want to show the court **how often** I mentioned the necessity of the **transcript** from the Motion to Dismiss hearing. That hearing **was the basis** for filing the Motion to Recuse Judge Howe. I have always maintained to Mr. Greer as well as this court that Mr. Greer **could not** have effectively raised any issue regarding the **recusal** of Judge Howe **without a transcript** of that hearing. At not time did Mr. Greer ever reply to any of my letters to him. The "appeal" which he submitted to the appeals court raised only **two issues**. The issue regarding recusal **was incomplete** and had only mentioned:

"Did the trial Judge abuse her discretion in failing to recuse herself?"

When Mr. Greer testified at the postconviction hearing **he admitted** to Judge Cadigan that **he did not have the transcript** of the Motion to Dismiss during the **time of my appeal**. THEREFORE this would also mean that **no transcript** of this Motion to Dismiss was sent to the Appellate Court which would also mean that the Appellate Court did not have a **complete record** when they decided to affirm my conviction.

**I HAVE ALWAYS COMPLAINED** the Mr. Greer's Motion to Recuse was **INCOMPLETE** because it failed to address that we had Motioned for Judge Howe's recusal because she was exposed to a **false portrayal** of events that were shown on National Television which the State had **participated** in. Judge Howe was **specially assigned** as the trial Judge **two days** after denying us any relief on the Motion to Dismiss, and this is why we then filed the Motion to Recuse. Mr. Greer's Motion to Recuse was **incomplete** because he **failed to mention** the following issues which were a part of the Motion to Dismiss:

1. There was **no mention** of Judge Howe's exposure to **extrajudicial statements** and publicity in the video by my ex wife, and a **reporter** from the Baltimore Sunpaper who had **nothing** to do with the case. Both of them made **statements** that were not only untrue, but they both made statements that we **could not rebut** since they were not involved in the case.

2. In addition, we had alleged that Judge Howe was **biased** for her **failure to find** that the prosecutor had violated any of the Rules of Professional conduct which were Md. Rules 3.6; 3.8; and 8.4 by his participation in the **pretrial television program**.

3. Additionally Judge Howe was exposed to a **fictitious portrayal** of factual events which were were **disputing** such as during that video the actors **falsely portrayed a gun**, they also **falsely claimed** the children of the state's witness were "threatened". The state's witness **falsely claimed** that he was unaware of where my codefendant had gone when **he knew** and **he saw** my codefendant at the Dunkin Donuts. This same witness **falsely** told the television audience that he was "**tortured**" for two hours, and was "**stunned**" with a "**cattleprod**" 25 to 30 times.

4. Judge Howe made a comment at the end of the hearing which exhibited her **bias**. She stated that she believed the NCR Plea for Multiple Steroids was a "**waste of time**", and then **CHANGED JUDGE HINKEL'S ORDER** for a study that was **previously ordered** by Judge Hinkel without his knowledge.

I previously submitted **EXHIBIT-18** which was a copy of **page 37** of Judge Cadigan's opinion/memorandum. His Honor admits on one hand that Greer was **ineffective** by saying:

"It is evident that from the testimony at the postconviction hearing, **that even if Mr. Greer was ineffective** in failing to obtain a copy of the motions hearing transcript, the petitioner failed to demonstrate that Mr Greers **OMISSION** in any way **PREJUDICED** the petitioner."

But then Judge Cadigan **excused** Greer's ineffectiveness by saying:

"The petitioner's appellate attorney, Kreg Greer's **failure to obtain** a copy of motions transcript **was resolved** at the **postconviction hearing.** Assistant State's Attorney, Stephen Roscher **questioned** Mr. Greer regarding the transcript by saying.

"Have you **since that time** gotten a copy of that from me?"

What the postconviction court failed to see is that Mr. Greer **did not receive** that transcript until he appeared **at the postconviction hearing**. What the court also fails to see is that this transcript was not even **transcribed** until **November 22, 2000** which was **Nine months after appeal** was decided. I finally received a copy of it on November 30, 2000.

What is **MOST DISTRESSING** to me is that this transcript contains **88 pages** of written. The hearing had lasted for more than **2 hours**, and during that hearing **we showed the videotape** to Judge Howe, and my trial attorney put Mr. Norman (prosecutor) on the stand. **AT NOT TIME** did Mr. Greer ever **attempt to review the videotape** which was the **basis** for the Motion to Dismiss Hearing. It was during this postconviction hearing that Mr. Greer told the court that he **found no issues** for appeal.

I believe if highly imp;roper for **ANY ATTORNEY** to be able to take 88 pages of transcript to be able to read and digest this material **on hour before** the postconviction hearing, and be able to say that he could find **NO ISSUES FOR APPEAL**. I also don't believe that Judge Cadigan **should be able** to admit on the one hand that counsel was ineffective for not getting the hearing transcribed, and then **resolve** it by accepting Greer's statement that the transcript contained **no issues for appeal**. The postconviction court and Mr. Greer failed to see and or acknowledge is that **THE VIDEO** was **THE BASIS** for filing the Motion to Dismiss.

The postconviction court fails to mention that the **88 pages of transcript** was only a part of the Motions Hearing. Mr. Greer could not possibly have stated he could find **no issues for appeal** if he never saw the videotape.

I also believe that the postconviction court should never have stated that the issue **was resolved** simply because Greer read the transcript **long after** the appeal was decided by the appellate court. It is **impossible** to comment on the transcript without ever having seen the video since the **Motion to Dismiss** involved issues regarding the **voluntary appearance** of the prosecutor, and involved **showing the Judge** the video so that she could see **the actor pointing a gun** at Mr. Hogg when there was never any gun. I had explained to Mr. Greer that **he needed to view the tape** and I even asked for him to call Anello's office or my Sister for a copy. The time for him to have **REVIEWED** the tape was **PRIOR** to submitting any appellate brief. In fact Mr. Greer never viewed the tape **AT ALL**.

I would also like to make a further comment about the importance of the **transcript** itself. I could not help but notice the following:

(1) The **Original** Appellate Court noted the transcript was **not included** at pages 13 and 14 of their opinion. This indicates that they were **never given a complete record** for my appeal by Mr. Greer.

(2) **EXHIBIT-10** previously submitted is a copy of the Assistant State's Attorney for Baltimore county indicating that **they also needed a copy of the same transcript** before the postconviction hearing of **02/01/01**.

(3) I also could not help but **RESPECTFULLY NOTICE** that on June 7, 2004, This Honorable Court issued an Order **requiring** the respondents to furnish the court a **copy** of the postconcviction **transcript** before it could determine if my allegations regarding prosecutorial misconduct and ineffective assistance of counsel merit relief.

Therefore **I RESPECTFULLY SUBMIT** that if this court needed to have a copy of the postconviction transcript before it could make any determinations as to whether I should be granted relief **SO TOO** should Mr. Greer have had a copy of the **TRANSCRIPT** of the Motion to Dismiss hearing which discussed prosecutorial misconduct, violations of the Md. Rules of Professional Conduct, which served as the **BASIS** for filing for the **RECUSAL MOTION**.

**THEREFORE**: I believe both Judge Howe of the trial court and Judge Cadigan of the postconviction court **both failed to recognize** the following:

1. I should be granted a New Trial based on the failure of **Judge Howe** and the **Judge Cadigan** to grant relief regarding Judge Howe's **bias** and her refusal to recognize **violations** of the **Md. Rules of Professional Conduct** which were clearly **recognized** by the Md. Court of Appeals in <u>Atty. Gvc. Comm. v Douglas Gansler</u>, 377 Md. 656; 835 A.2d 548, 2003;

2. I believe that I should be granted relief based on the postconviction court's failure to recognize Maryland Rule 1232 Canon 3(c) of The Md. Code of Judicial Conduct specifically citing:
   1. Judge Howe **should not have participated** at the hearing regarding her recusal since we had **alleged bias** based on her failure to find any violations of the **Md. Rule 3.6** of the Rules of Prof. Conduct. We had alleged that Judge Howe was **not impartial** based on her failure to recognize a violation of Md. Rule 3.6 of Professional Conduct.

   2. We had also alleged that Judge Howe had personal knowledge of **disputed evidentiary facts** and therefore should have had **another** Judge sit on the Motion to Recuse.

2. Judge Cadigan as well as Judge Howe had failed to recognize that There is a Statutory requirement in The Federal System, where 28 U.S.C. § 144 provides: "Whenever a party to a proceeding makes and files a timely and sufficient affidavit that the Judge before whom the matter is pending **has a personal bias or prejudice** against him or in **favor of any adverse party**... such Judge SHALL PROCEED NO FURTHER THEREIN, but another Judge **SHALL BE ASSIGNED** to hear such proceeding."

3. Canon 20 of The American Bar Association's Canons of Professional Ethics **prohibit**;
   (a) Extrajudicial statements by any lawyer, party, or witness;
   (b) any belief of guilt or innocence;
   (c) or like statements **concerning the merits** of the case.

In addition it is also my argument that **BOTH** Judge Howe and Judge Cadigan failed to recognize that **Canon 20** of The American Bar Association would **prohibit the prosecutor from taking part in pretrial reenactments**. This would also be true of the State's witnesses as well. Both Judge Howe and Judge Cadigan failed to recognize this and **Both** should have known. In this case it was the prosecutor himself who agreed for the director of the program to **disturb the facts** of the case by pointing a "gun" to the head of the state's chief witness **when there was never any gun.** Judge Howe and Judge Cadigan had years of experience on the bench and **should have known** that there were violations of Md. Rues of professional conduct but both failed to rule that there were any violations at all.

This is especially true of Md. Rule 3.6 regarding pretrial publicity, as well as **Canon 20** of the American Bar Association which is not just a local rule but one that is recognized across the country, and **mandates** adherence by **all attorneys** on both sides of the fence whether it be in federal or state court.

5. In addition I also believe that the postconviction court's memorandum/ opinion was contrary to, and or involved an unreasonable application of clearly established Federal Law as was noted in <u>Williams v Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, (2000) regarding ineffective assistance of counsel. I believe I have demonstrated through my letters that I communicated with counsel **as best as I could** about the **real issues** in regards to recusal, and that the failure of counsel to recognize any of these communications to him was ineffective assistance of counsel on appeal as established in <u>Evitts v. Lucey</u>, 469 U.S. 387, 105 S.Ct. 830.

   See also violations of Local **Rule 3.6** which has a Federal Counterpart regarding pretrial publicity which Judge Howe and Judge Cadigan failed to recognize. See <u>U.S. v. Josephine Gray</u>, 189 F. Supp. 2d 279 (2002), U.S. Dist. Ct. Md. citing <u>Sheppar v. Maxwell</u>, 384 U.S. 333, 351, 86 S.Ct. 1507, (1966); and cited <u>In re Morrissey</u>, 168, F.3d 134, 140 (4th. Cir. 1999).

This concludes my reasoning in Ground Five.