IN **GROUND SIX** OF MY HABEAS PETITION I ALLEGED I was denied effective assistance of Counsel **ON APPEAL** as is guaranteed to me by the Sixth Amendment of The United States Constitution in regards to the **allegations** complained of in **Grounds One through Eight** contained herein as was set forth in Strickland v. U.S. 104 S.Ct. 2052, (1984).

This petitioner raised **EACH** of these arguments on **TWO** separate occasions. The **second application** was denied on January 11, 2005 and said:

"The application of Salvatore Spinnato for leave to appeal from a denial of postconviction relief, having been read and considered, is denied."

**THEREFORE** I believe the Court of Special Appeals adopted the findings of the postconviction court on **two** occasions **without** making a single **comment** regarding the **Affidavit** of my trial attorney, and **without comment** about the **pretrial** television "reenactment".

**PLEASE NOTE** Before I begin with my reasoning as to my claims of ineffective assistance of counsel, I would like to begin by saying that I believe I have **already demonstrated** counsel's ineffectiveness as to **Grounds 1 thru 5**, and would like to have each of those arguments **included** in Ground Six.

In addition, I also ask this court to examine a series of **ten letters** marked as **Exhibits 37-46**. These letters represent **each of my attempts** to establish contact with Mr. Greer since he **failed to respond** to any of them and **failed to visit** with me, and **failed to speak with me** by telephone during the course of my direct appeal. These letters were from 10/07/1998 thru 05/10/1999. **Therefore** I believe if there is any **failure to raise any issue** it should fall squarely on the shoulders of Mr. Greer who at the postconviction hearing **denied** receiving any communication from me.

SCANNED

In my Habeas Petition I had alleged that **PART** of Appellate Counsel's Ineffectiveness was due to Counsel's **failure to speak or visit** with me during the entire time of my direct appeal. He even **failed** to arrange to have a **telephone conference** through the prison system which he could have done so that he could discuss **my issues** for appeal. These failures **denied** me the right to **participate** in my own appeal which I believe I am **constitutionally entitled** to participate in.

Appellate counsel also **failed** to have a crucial **pretrial transcript** made regarding my trial attorneys Motion to Dismiss. This **FAILURE** also means that he did not present a **full record** to the Appellate Court. I am also alleging that as of **this writing** the Office of the Attorney General **has not submitted** a copy of this same transcript **to the District Court**.

I would like to **Revisit Ground One** even though I believe I have already demonstrated Mr. Greer's Ineffectiveness. I am **resubmitting Exhibits 44 and 45** which were submitted back in March of 2005. I believe that these letters show that Mr. Greer had a **DUTY TO INVESTIGATE** by contacting Anello's office about his post trial discussion which was **volunteered** to my trial attorney by Officer Rubie. This **investigation** would have only involved a simple phone call, and for him to ask Anello about that initial conversation at the ballpark which was **14 months** after my trial had ended. This conversation **voluntarily** made by Officer Rubie alleged prosecutorial misconduct involving an **attempt to influence** the Officers testimony at trial, and also alleged that the prosecutor had also **coached** the states witness what to say **prior to trial** and for use at trial. **SEE EXHIBITS 44-45 ATTACHED**

I would like to **STRESS** that this information only came to light **14 months after trial**. Therefore this information **WAS EXTRINSIC** to the record **ON APPEAL** since Mr. Greer **failed to inform** the Appellate Court of this information.

GROUND 6 PAGE 2

I am also alleging that not only should appellate counsel have **investigated** but he should have also **amended my appeal** as I had requested for him to do in Exhibit 44. I believe that he was still in a position to amend since the Court of Special Appeals **had not yet decided my appeal**. They did however make a decision on April 22, 1999 but Mr. Greer was informed of this information **in plenty of time** for him to have amended my appeal. At a **MINIMUM** he could have sent a letter to the Court of Special Appeals and informed them of **new information** and requested **permission** to amend.

I believe I have demonstrated that Mr. Greer's **failure to investigate** and/or his **omission** to amend my direct appeal was ineffective assistance of counsel **on appeal** which is **STILL** causing me **PREJUDICE** to this day since the allegations raised by my trial attorney's **AFFIDAVIT** have never been addressed by any **APPELLATE COURT**. Counsel still had time to bring this information to the attention of the Appeals court who **Could have remanded** the case back to Judge Howe who was the **trial Judge**.

In actuality **no one can tell** what the Court of Special Appeals would have done but from what I have been able to learn from reading case law is that they **could have or would have** withheld from making any decision and remanded this matter back to Judge Howe who was the **trier of fact**. This would have opened the door for an Evidentiary hearing by Judge Howe who was **not aware of** the allegations made to my trial attorney regarding prosecutorial misconduct by Officer Rubie.

**IN ADDITION** I believe that if Mr. Greer would have informed the court of this information it would have **preserved these issues** for the Appellate Court to rule on **Direct Appeal**. This **failure** results in my **prejudice** because the record remained silent until I raised it pro se at my postconviction, and then presented to this District Court during my habeas petition.

**THEREFORE** I believe that I have demonstrated that Mr. Greer was **ineffective** on appeal as to **GROUND ONE**. I also allege that these **failures and/or omissions** by Mr. Greer regarding this information meets the standard for Ineffective Assistance of counsel as discussed in Washington v. Taylor, 120 S.Ct. 1495 (2000); and hereby assert that Mr. Greer **should have investigated**, and I believe **he had a duty to present** this information to the Appellate Court.

I believe that Mr. Greer's failure to present this information to the Appellate Court meets the standard of ineffectiveness as discussed in Strickland v. Washington, 466 U.S. 668 (1984). In addition to Strickland I also believe that Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985) also applies as well. That court held that the right to effective assistance of counsel **on appeal** is guaranteed by the Due Process Clause of the 14th. Amendment.

I further believe and allege to this District court that the postconviction court's **FAILURE** to recognize these failures and omissions by Mr. Greer was **contrary to** and or involved an **unreasonable application** of clearly established Federal Law regarding ineffective assistance of counsel.

It is my belief that I had a **constitutionally protected right** for Mr. Greer to have presented this **evidence/information** to the Appellate Court. Since I have no legal training, I relied on the only person available to me to bring this matter to the Court of Special Appeals.

The information which I have **already presented** in GROUND ONE, as well as **this additional information** completes my argument regarding **GROUND ONE** in regards to a Denial of Due Process, and Ineffective assistance of counsel on Appeal.

Judge Cadigan commented on GROUND SIX regarding Ineffective Assistance of Counsel. His memorandum/opinion contained the following remarks which I believe to be in error. At page 35 of Judge Cadigan's memorandum/opinion he said:

In Ground Six, petitioner alleges that he was denied his right to effective assistance of counsel in that appellate counsel was ineffective for failing to obtain the **pretrial transcript** regarding the issue of Judge Howe's **recusal**; for failing to consult with petitioner regarding grounds for appeal; for failing to communicate with Petitioner's trial counsel; and for ignoring petitioner's correspondence."

At page 37 Judge Cadigan admitted that Mr. Greer **was ineffective** for failing to have the Motion to Dismiss hearing **transcribed** but excused that ineffectiveness by saying that it was resolved at the postconviction hearing. Judge Cadigan stated:

It is evident that from the testimony at the postconviction hearing, that **even if Mr. Greer was ineffective** in failing to obtain a copy of the motions hearing transcript, **the petitioner failed to demonstrate** that Mr. Greer's **OMISSION** in any way **PREJUDICED** the petitioner."

**I disagree** with the above comments and believe I have already shown how the **failure** to have this **hearing** transcribed did cause me **prejudice** on appeal since it was **never presented** as part of the record to the Appellate Court. This **OMISSION** means that the Appellate Court did not have a **complete record** regarding the issues raised in the **RECUSAL** of Judge Howe.

Then at page 37 Judge Cadigan continued to say:

"Petitioner alleges that Mr. Greer was ineffective in his **failure to raise** any of the issues contained **within** his postconviction petition. This court has thoroughly addressed **each of the issues** contained in this petition and found them to be without merit... Mr. Greer testified that **before filing** his appeal, he read the file and **each of the transcripts** in order to determine which issues were most likely to succeed on appeal. Accordingly appellate counsel was not ineffective..."

GROUND 6 PAGE 5

I am alleging to this Court that the **"TESTIMONY"** which Judge Cadigan spoke of is not accurate, and to show this I ask this Court to look at **EXHIBIT-11** which I am attaching for the Court's review. **SEE EXHIBIT-11**.

This letter was previously submitted last March as Exhibit-9, and is a copy of a letter to me from the Court Reporter that was dated **January 04, 2000**. That letter indicates the **Motion to Dismiss** Hearing which Judge Cadigan said Mr. Greer had read before he did my appeal, **WAS NOT TRANSCRIBED**. Therefore since it was **not transcribed** it could not have existed when he submitted my direct appeal to the Court of Special Appeals. This is something that I **REPEATED** to Mr. Greer throughout **MOST** of my letters, and **STRESSED** the importance of having the hearing of the Motion to Dismiss **transcribed**. I continually explained to him that this **transcript** was essential in order to argue the issue of **Recusal** of Judge Howe. I ask this Court to review each of my **10 letters** previously submitted last March and were listed as **EXHIBITS 37 thru 46**.

In addition to all of this I also previously submitted a copy of a letter dated **November 22, 2000** from the State's Attorney Office indicating that they would have it transcribed and would give me a copy before the postconviction hearing of February 01, 2001. I am hereby submitting a copy of that letter as **EXHIBIT-12** for this court to see.

**PLEASE NOTE** I would also like to point out that the State's Attorney needed to have a copy of the MOTION TO DISMISS **to be transcribed** before the postconviction hearing. Therefore it would have also been **necessary** to have in order for Mr. Greer to effectively argue any issue regarding the **RECUSAL** of Judge Howe.

I believe I have effectively demonstrated that Mr. Greer was **ineffective on appeal**. I also believe that I have demonstrated that counsel's performance was ineffective on more than one issue that I have raised at the postconviction and raised in my habeas petition to this Court.

GROUND 6 PAGE 6

I believe that the following case law supports my claims of having received Ineffective Assistance of Counsel **on Appeal**.

**Case No. 1.** I begin with **Strickland v. Washington**, 466 U.S. 668, (1984). **Strickland** established a two-prong test for Federal Courts to judge ineffectiveness claims. And a claimant seeking reversal must prove (1) that counsel's performance was **deficient**, and (2) that the deficiency **prejudiced** the defense. id at 687. Deficient performance of counsel is determined by an objective standard of reasonableness. Part of that is for counsel to **consult with** the defendant, and to keep the defendant **informed** of important decisions. id at 688. Deficient performance must also **prejudice** the defendant. Prejudice may be **presumed** because of certain **acts or omissions**. id at 692. The **Strickland** principles apply in both Maryland and Federal collateral proceedings, petitions for **postconviction** relief, **direct appeals**, and motions for new trial. Since "**fundamental fairness**" is the central concern of the writ of habeas corpus, the **Strickland** principles governing ineffective assistance of counsel claims are the standard in **BOTH** state and federal habeas proceedings where the claim is that trial **OR APPELLATE COUNSEL** rendered ineffective assistance.

**CASE NO. 2.** I believe that Mr. Greer's ineffectiveness matched the ineffectiveness discussed in **Williams v. Taylor** 120 S.Ct. 2000. The **transcript** which Mr. Greer failed to have transcribed **was crucial** for the following reasons:
(1) it was **crucial** to arguing Judge Howe's prejudice for failing to find violations of **Md. Rules 3.6, 3.8, and 8.4.**
(2) It was also **crucial** to establishing those reasons how Judge Howe was exposed to **extrajudicial comments** in the video.
(3) It was **crucial** to argue that Judge Howe was exposed to a **fictitious portrayal** of factual events which **were in dispute** and formed the **basis** of the charges filed.
(4) It was also **crucial** for arguing why Judge Howe should have been **recused** because of her failure to recognize the violations **alleged in (1) thru (3) above**.

<u>CASE No. 3</u> I also believe that <u>Entsminger v. California</u>, 87 S.Ct. 1402; also supports my claims of ineffectiveness of Appellate counsel.

The <u>Entsminger</u> court held that the defendant's **<u>appointed appellate counsel</u>** failed to file a <u>**full record**</u> of the case. The court also stated at (HN2) "the furnishing of a <u>**transcript**</u>, printed record and necessary briefs is <u>**required**</u>.

At (HN3) the court held "An indigent defendant is entitled to the appointment of counsel to assist him <u>**on his first appeal**</u> and appointed counsel must function in the active role of an advocate... Once a state chooses to establish appellate review in criminal cases it may not foreclose indigents from access to any phase of that procedure because of their poverty. Such principles <u>**are not limited**</u> to direct appeals but are also applicable to <u>**postconviction**</u> proceedings. U.S. Const. amend. XIV weighs the interests of rich and poor criminals in equal scale, and it's hand extends as far to each."

<u>**I would like to stress**</u> that the Supreme Court also stated that "the conviction was affirmed by the Supreme Court of Iowa <u>**despite the request of the petitioner**</u> <u>A FEW DAYS BEFORE</u> the affirmance of his conviction that the court issue an ORDER commanding the trial court "<u>transmit the certified records</u>" to the Supreme Court for it's review. We granted Certiorari <u>384 U.S. 1000</u>."

I believe this to be <u>**directly on point**</u> with my own case in that I <u>**repeatedly**</u> wrote counsel about the necessity of the transcript. I also wrote counsel about <u>**contacting Anello's office**</u> regarding the post trial conversation regarding the <u>**attempt to influence his testimony**</u> and the <u>**coaching**</u> of the state's witness. I also <u>STRESS</u> just like the <u>Entsminger</u> case, I also <u>**informed**</u> counsel <u>BEFORE</u> the Court of Special Appeals made a ruling on my case. <u>**SEE EXHIBITS 44-45 ATTACHED**</u>

The **Entsminger** Court concluded by stating:

"Here there is **no question** but that petitioner **was precluded** from obtaining a complete and effective appellate review of his conviction..."

I believe the same to be true in the Instant Case and would also like to **respectfully** remind this District Court was not given a copy of the **postconviction** transcript until this Court **ORDERED** the Attorney General's Office to send the Court a Copy. This **ORDER** was written on June 07, 2004, and the Attorney General finally complied on June 23, 2004.

I am bringing this to the attention of the Court because I had to submit my pro se postconviction petition to the Circuit Court **without a full record** since they denied 3 pro se attempts to provide me with one. I would also like to remind this court that The Court of Special Appeals ruled on my direct appeal **without a full record** because Mr. Greer **failed** to have The Motion to Dismiss transcribed.

**In addition** I also had to submit my pro se **habeas petition** to the District Court **without** the benefit of a trial transcript and **without** the benefit of a postconviction transcript. I wasn't furnished a copy of the trial transcript or the postconviction transcript until this District Court **ORDERED** the Attorney General to furnish me a copy of **BOTH** of them on November 04, 2005. This was ORDERED because of a recent ruling by the 4th. Circuit Court of Appeals in Thompson v. Greene, ---F.3d.---- 2005.

The Attorney General **partially complied** on November 22, 2005 but I had to file a Motion to Compel which listed **10 Exhibits** that were either **incomplete or missing**. The attorney general has since provided me with **8 our of 10** of the missing Exhibits but **CONTINUES** to withhold a complete copy of the Motion to Dismiss Hearing which the **incorrectly** stated to this Court **was not transcribed**.

GROUND 6 PAGE 9

<u>CASE NO.4</u>   The next case which agrees with my claims of Ineffective assistance of Appellate Counsel is <u>Anders v. California</u>, 87 S.Ct. 1396, (1967); This case was decided on the <u>same day</u> as the <u>Entsminger</u> case. The <u>Anders</u> Court held:

"That counsel had a duty to support his client's appeal to the best of his ability, and if he found the case to be wholly frivolous <u>after conscientious examination</u>, he should advise that and request permission to withdraw, and submit a brief referring to <u>anything in the record</u> that might arguably support his appeal."

<u>In the Instant case</u> there was no <u>conscientious examination</u> of the record since he did not have and did not submit <u>a full record</u> to the Appellate Court after I had <u>repeatedly urged him to do so.</u>

The <u>Anders</u> court also made the following comments:
   "(a) This Court has consistently held invalid those procedures <u>on first appeal</u> of a conviction where the rich man who appeals as of right enjoys the full benefits of counsel while the indigent <u>"is forced to shift for himself"</u> <u>Douglas v. California,</u> 372 U.S. 353 (1963).
   "(b) The Sixth Amendments requirements for the right of counsel are made obligatory upon the States by the Fourteenth Amendment, <u>Gideon v. Wainwright</u>, 372 U.S. 335..."

I believe that the comments made by the <u>Anders</u> court in both (a) and (b) also apply in that I also had to <u>shift for myself</u> and raise those issues which I feel should have been raised <u>on direct appeal</u> by Mr. Greer. <u>ESPECIALLY</u> those issues regarding the allegations of Officer Rubie in <u>Exhibits 44-45.</u>

The Anders court wrote that the Attorney appointed to raise Anders Appeal wrote the Appellate Court and stated:
   "<u>I have visited and communicated</u> with Mr. Anders and have explained my views and opinions to him... He wishes to file a brief in this matter on his own behalf."

In my own case, I **repeatedly** requested for Mr. Greer to visit me in a series of ten letters to discuss with me my issues for appeal. He failed to do either.

The Supreme Court also went on to say in Anders:
"He filed a no-merit letter with the District Court of Appeal whereupon the court **examined the record** itself and affirmed judgement. On a petition for a writ of habeas corpus some six years later it found the appeal had not merit. It failed however to say whether it was frivolous or not, but after consideration, simply found the petition to be "without merit". The Supreme Court in dismissing this habeas corpus application **gave no reason** at all for its decision and so **we do not know the basis for its action**..."

I believe the same should also apply in my own case since my Appellate Attorney failed to raise any issue which I raised pro se. I had to fend for my self by raising them pro se at (1) my postconviction petition; (2) then to the Court of Special Appeals on **two separate applications** for leave to appeal.

On **both occasions** the Court of Special Appeals only said that they had "read my application, considered it, and denied it **without addressing a single issue** which is now before this U.S. District Court. Not only did they **not address a single issue** but they failed to even make any remarks regarding the allegations contained in my trial attorneys affidavit. They also failed to rule as to the violations of Md. Rules 3.6, 3.8, and 8.4 regarding the **pretrial appearance** on National T.V. by the prosecutor.

This **failure to rule** by the Court of Special Appeals on any of the issues regarding violations of Md. Rules 3.6, 3.8, and 8.4 is **totally opposite** of the ruling of the Md. Court of Appeals in Atty. Gvc. Comm. v. Douglas Gabsler, 377 Md. 656, 835 A2d. 548 (2003) which I have already discussed in **GROUND 4** of this habeas petition.

GROUND 6 PAGE 11

**CASE NO.5** The final Court of Appeals case which I feel agrees with my own issues regarding Ineffective Assistance of Appellate Counsel and is <u>Jesus Garcia Delgado v. Lewis</u> 181 F.3d 1087, 1999 U.S. App. The court concluded:

"That state appellate review **<u>was contrary</u>** to clearly established federal law as determined by the Supreme Court of the Unites States because appellee's **<u>appellate counsel failed to raise arguable issues</u>** or move to withdraw from the case as is required by Anders procedures. The court concluded the **<u>failure to identify</u>** appellate issues or satisfy Anders requirements rendered appellee's attorney's performance **<u>constitutionally deficient</u>**. The court determined **<u>prejudice was presumed</u>** from the attorney's failure to raise arguable issues."

The court also held that **<u>under Strickland</u>**, Delgado did not need to show prejudice because the failure of his counsel to raise arguable issues in the appellate brief **<u>creates</u>** the presumption of **<u>prejudice</u>**.

**<u>THE OUTCOME</u>** of that case was that the court affirmed **<u>grant of petition</u>** for writ of habeas corpus in appellee's favor.

**<u>THEREFORE</u>** I believe that I have demonstrated that Counsel was ineffective on appeal and that the failure to find him ineffective **<u>by the postconviction court</u>** (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law as determined by the Supreme Court of the United States, **(OR)** that the postconviction court's decision was based on an unreasonable determination of facts in light of the evidence presented in the State court during my postconviction proceeding.

This concludes my arguments as to GROUND SIX regarding Ineffective Assistance of **<u>Appellate Counsel</u>** regarding Grounds raised in my pro se habeas petition to this District Court.

GROUND 6 PAGE 12

January 4, 2000

Salvatore Spinnato
272-280
P.O. Box 5500
Cresaptown, Maryland 21505-5500

      Re: Defendant's Motion to Dismiss
           November 24, 1997

Dear Mr. Spinnato:

Regarding the aforementioned transcript, if has not been transcribed. I made a check with John Almond of the Clerk's Office who discovered that this transcript was not amongst those returned from the Appellate Court after the appeal process.

I have also estimated the cost of same to be $270.00 if you are interested in an original only. Were it to have been prepared for appeal, which requires an Original and Two Copies, the cost would then be $337.50.

I will await further word from you as to how to proceed. Please be advised, however, that I would require a deposit to myself, personally, in the estimated amount before any work would begin on same.

                                    Sincerely,

                                    Janet A. Brown, R.P.R.
                                    (410) 887-2638

Janet A. Brown R.P.R.
M-08 County Courts Bldg.
401 Bosley Avenue
Towson, Md. 21204

| | | |
|---|---|---|
| SALVATORE SPINNATO | * | IN THE CIRCUIT COURT |
| VS. | * | FOR BALTIMORE COUNTY |
| STATE OF MARYLAND | * | CASE NO. 96CR3299, 96CR4281 |

## STATE'S ANSWER TO PETITION FOR A TRANSCRIPT OF A HEARING BEFORE THE HONORABLE BARBARA HOWE ON NOVEMBER 24, 1997

Now comes the State of Maryland by Sandra A. O'Connor, State's Attorney for Baltimore County and Stephen R. Roscher, Assistant State's Attorney for Baltimore County, in response to the petition and answer as follows:

1. The petitioner seeks a copy of the above captioned transcript for his post conviction hearing set for February 1, 2001.

2. The State intends to order the transcript for the hearing as well.

3. Upon receipt of the transcript, the State will forward a photocopy by mail to the petitioner, Salvatore Spinnato.

Wherefore, the State respectfully prays the Court take no action on this matter since the petitioner will be given a transcript as requested.

Respectfully submitted,

_____
SANDRA A. O'CONNOR
STATE'S ATTORNEY FOR
    BALTIMORE COUNTY


_____
STEPHEN R. ROSCHER
ASSISTANT STATE'S ATTORNEY
FOR BALTIMORE COUNTY

**PLEASE TAKE NOTE:** The date of this ANSWER was 11/22/2000.

Mr. Greer:                           April 07, 1999

I hate like hell having to write this letter to you because of your **lack of interest,** but at this moment I have no other person to turn to that would be in a position help me other than you. Therefore **PLEASE** look into the following and amend my Appeal so that the Appellate court is made aware of the following information passed on to my trial attorney by Officer Rubie who was the **investigating officer** in my case.

I just got off the phone with Sal Anello, and was **SHOCKED** to find out from him that he accidentally met Officer Rubie at the Orioles Ballpark and he told Anello that Mickey Norman, (the prosecutor) tried to get him to change his testimony before I went to trial.

According to what Sal told me was that Rubie had recognized Sal and introduced himself and then told him that he was **BOTHERED** about how they **dramatized things** on the show. Rubie told Anello that Mr. Norman wanted him to alter his testimony to **AGREE WITH THE SHOW** in regards to hogg being **THREATENED** with a "**GUN**", and making it look like I had **threatened his children.** Sal said that Rubie also complained to him that Mickey Norman told Hogg what to say when he got on the stand. This must be the reason there is so much difference between his original statement of charges that Hogg gave to Rubie initially.

Mr. Greer, **PLEASE,** call Sal Anello at his office and get the firsthand information from him. I can't remember everything he said since it was so noisy on the tier, and I was trying to write notes as fast as I could while listening to what he was saying to me. This also **AGREES** with what I had told you from the beginning that Hogg had **MANUFACTURED THE GUN** and **MANUFACTURED THE THREATS AND BEATING** so that they would escalate the charges against me. This also supports Sal's allegations that there was a **HUGE DIFFERENCE** of what Hogg said to Rubie during his statement of charges, and what was shown on National Television, and also supports my contention that I was fearful that Judge Howe would allow it to be shown in court. I hope that this convinces you of what I was trying to tell you all along that the video was designed to **prejudice the case** in the minds of anyone who saw it.

                                          Sal Spinnato,

April 15,

Mr. Greer:

I have talked with Sal Anello regarding his conversation with Officer Rubie and he has advised me that he is going call him and see if he will be willing to come to his office and give him an affidavit on what they discussed at the ballpark.

I am concerned **but not surprised** that you haven't bothered to make a call to Anello's Office. You can't possibly be so busy that you cannot make a phone call and verify what they had discussed at the ballpark. I think that as an appellate lawyer you would be not only interested in calling Anello, but that you would also want to **Amend my Appeal** on some way so that the Ct. of Spec. Appeals is at least aware what was discussed.

I just don't understand how you can justify saying that you are an Appellate Lawyer when you have completely gone out of your way to avoid doing anything I have requested. In fact, I would have to say that you have **DELIBERATELY SABOTAGED** this entire appeal. I want you to know that I have kept a record of everything that I have ever written to you and will have no choice but to claim ineffective assistance of counsel during my Appeal. You have made it **IMPOSSIBLE FOR ME** to have my issues addressed by an Appellate Court. From what I have read in case law, your lack of action will force me to try and raise these issues on my own in a post conviction, and I have no legal training.

I am trying to do some research but from what I have read it looks as if your lack of interest in this will **create a catch 22** for me because if you don't Amend my Appeal, I won't be able to raise it to the Ct. of Appeals because it wasn't raised by you to the Ct. of Spec. Appeals. I certainly can't claim that Anello was Ineffective for not raising it at trial because **he didn't know about it** until l-o-n-g after my trial was over. Anello told me that in all the many years of him practicing that this is EXTREMELY RARE and WARRANTS A NEW TRIAL because we didn't find about it until after the trial.

4