IN GROUND EIGHT OF MY HABEAS PETITION I ALLEGED

Petitioner had asserted that the trial court committed reversible error by preventing effective cross examination of the State's Chief Witness concerning impeachment of **his prior psychiatric record**.

PETITIONER'S FINAL RESPONSE TO GROUND EIGHT

This petitioner has previously submitted **EXHIBIT-31** for this courts's review, and am requesting that this court review that Document which was submitted by Assistant State's Attorney Stephen Roscher to Judge Cadigan and was submitted **prior** to my postconviction hearing of February 1, 2001. That EXHIBIT states in part:

"Specifically, Mr. Spinnato complains that the trial court committed **reversible error by preventing** effective cross examination of witness, Lynn Hogg, **concerning his prior psychiatric record.**

This petitioner avers I believe Mr. Hogg's psychiatric record to have been significant, and that we should have been able to explore it because I **have always maintained** that Mr. Hogg **had exaggerated** everything from the time of **his statement of charges** to Officer Rubie. It was my testimony at trial that Mr. Hogg had **embellished** the events of that day by:

1. He exaggerated the initial statement of charges by saying that there was a **"gun"** when he in fact knew **there was never any "gun"**. I have always maintained that the "gun" would elevate the degree of charges and would support a **kidnapping**.

2. The first exaggeration to Officer Rubie was that there was a "gun", but in the statement of charges, Officer Rubie quoted Hogg as saying to him That Shaffer pointed to it and never drew if from his "belt".

3. Then when it came time for the filming of the program, the actor had **falsely portrayed a gun** being pointed at his head. This had to be done for the effect of the television audience.

4. He falsely claimed that his children were "threatened" to Officer Rubie but **embellished** it for the television audience in the videotape.

GROUND 8-1

**SCANNED**

3. Then when it came time for the filming of the program, the actor had **falsely portrayed a gun** being pointed at his head. This had to be done for the effect of the television audience.

4. He falsely claimed that his children were "threatened" to Officer Rubie but **embellished** it for the television audience in the videotape.

5. He falsely claimed to the television audience that **he did not know** where Shaffer and that he **feared** he was at his home, when in fact he **saw Shaffer** parked up the street from the diner where Hogg parked his car. In fact he even commented to me "**I see you still have your goon with you**".

6. He exaggerated even further to the television audience that he **fought** Shaffer and myself **thirty minutes**, and that after that we "tortured" him by **"stunning him for two hours"** with a cattleprod **25 to 30 times**.

7. This exaggeration then changed again when he testified to Judge Howe he was questioned by Anello, he changed it to say that he was stunned **35 to 50 times**.

When my trial attorney asked him at trial "which version was true" the one he reported five hours after the incident, or the **Hollywood Version**, and Hogg responded by saying "the television version was the correct one."

None of this seemed to matter to Judge Howe because when I took the stand I asked Judge Howe to look at the facts, and common sense reasoning would tell anyone that Hogg had to be **exaggerating** because:
1. He did not go to the hospital until the next day.
2. The medical report showed there was a scrape to one hand that he had received from the **audio tapes** I wanted to play for him regarding my stepson's involvement with drugs. In addition, he had a **single bruise** to the back of his right shoulder which is where **I admitted** was caused by the stun gun Shaffer had, and that he was hit **One time** by Shaffer.
3. Three days after the incident Hogg went on a **10 day business trip** to Germany that he had previously planned and sought not to cancel.
4. There were **no permanent injuries** as is required for 1st. degree assault.

I also explained to Judge Howe that common sense tells you that **no one** can fight two people **for 30 minutes** as Hogg claimed and to have **no cuts or bruises** anywhere on his face. No broken bones, No black eyes, No cuts to his lips etc. In addition I also stated that **NO ONE** could be stunned **25 to 35** as he claimed in the television video, and then increased it to **35 to 50** times when he testified at court. This is **physiologically** not possible. There would have had to have **bruises and burn marks** all over his body and would have matched the single bruise to his shoulder where he was struck the one time.

Hogg admitted to Anello at trial that he left the house with me to go have coffee. **He drove** his own car with me as a passenger for about **20 minutes**. We then drove to the diner which took **an additional 20 minutes**. It was during this 40 minutes that the only questions he asked me were questions about when and where I would see my wife. He admitted at trial that we both went to the diner, sat down and had coffee for another half hour. We sat discussing my exwife and stepson.

What he **DID NOT** tell the television viewer, and failed to include in his the performance was that we went to a diner to sit and have coffee, and that the diner is located on Wilkens avenue which is across the street from the Southwestern Police Station, and that Hogg **parked** his car **next to** a Baltimore City Police Car. He also failed to include that when we went into the diner we walked directly past **two Baltimore City policemen** who were having breakfast. He did not tell the television audience that before we went into the diner that he saw Shaffer parked at the Dunkin Donuts. These police officer could have rendered any kind of assistance to Mr. Hogg if he was being threatened, and could have easily arrested both myself and Shaffer since he was up the street.

There was also one other thing Hogg forgot to include in the television video is that **Officer Rubie Reported** in his statement of charges that Mr. Hogg's daughter had paged him while we were having coffee, and that I gave him my cell phone to call her. He sat there and had a 3 to 4 minute conversation with her and knew that she was okay.

GROUND 8-3

This petitioner **has always maintained** that this was a **domestic** situation which Mr. Hogg had turned into a "kidnapping" and "first degree assault" by his **exaggerations** which began with his first report to Officer Rubie **especially regarding the "gun"**, and then the "threats" to his children. There was **NEVER** any gun, and there were **NEVER** any threats to his children. In addition, when it came time to film the television video he had ample opportunity to have the **actors** portray to the television audience what he wanted them to believe. The Prosecutor had admitted he was not there when Hogg was being interviewed.

I believe that Anello had every right to cross examine Mr. Hogg about his prior psychiatric record, and we were stopped from pursuing this by the trial court. I believe that Eiler v State, 63 Md. App 439, 492 A2d 1320, indicates that we had this right and should have been allowed to pursue this.

This petitioner had found out from Mr. Hogg **at the diner** that he and my exwife were introduced to one another by **their therapist** who they were both seeing for the past year. Therefore I believe that we it was error on the part of the trial court to not allow us to pursue his psychiatric record. In addition I also believe that Mr. Greer should have pursued this on Appeal but neglected to do so.

**THEREFORE** I believe that I should be granted the relief as prayed for in my Habeas Corpus Petition, and or grant me an evidentiary hearing, release from custody, on the ground of numerous Constitutional violations of Due Process of Law, Equal protection of the law, and denial of my right to impanel an impartial jury, and for **any other violations** that this court may deem just and proper.

I hereby certify again under the penalty of perjury that the allegations contained in this petition and the exhibits submitted are true to the best of my belief.

*[signature]*
13800 McMullen Hwy
Cumberland, Md. 21500
February 11, 2006