GROUND NINE

Petitioner avers that Officer William Rubie, of the Baltimore County Police Department **withheld information** that was crucial to the defense; **and** that this withholding of information had operated to the prejudice of this petitioner because **it prevented the defense** from bringing these matters before the **Original Trier of Fact**. This resulted is a Denial of Due Process and the Right to a Fair trial as is guaranteed to me by the Constitution of The United States.

Before I begin with my argument as to the above mentioned Ground, I feel there is a need to give a **HISTORY** to this Court regarding Ground Nine. I believe this **HISTORY** is necessary to see before the Court can tell that I raised this issue in **EACH** of the State Courts and I therefore **exhausted** all of my state remedies.

### HISTORY

1. On July 30, 2002 I filed a Motion for New Trial and/or to set aside Judgment. **SEE EXHIBIT-13 ATTACHED** which was marked as Exhibit-16 by the Attorney General Office.

2. On August 14, 2002 that Motion was DENIED by Judge Alexander Wright. **SEE EXHIBIT-14 ATTACHED** which is marked at Exhibit No. 1 by the Attorney General Office.

3. On August 27, 2002 I submitted an Application for Leave to Appeal **SEE EXHIBIT-15 ATTACHED.** It was marked as Exhibit No. 18 by the Attorney General Office.

4. On December 12, 2002 I submitted a Petition for Certiorari to the Court of Appeals. **SEE EXHIBIT-15 ATTACHED.** It was Marked as Exhibit No. 21 by the Attorney General Office.

5. On February 14, 2003 The Court of Appeals DENIED the Petition for Certiorari. **SEE EXHIBIT-17 ATTACHED.** It was marked as Exhibit-22 by the Attorney General's Office.

GROUND 9 PAGE 1



6. On July 21, 2003 I filed a <u>MOTION TO AMEND.</u> That Motion included GROUND NINE which is listed as <u>PAPER 18</u> on the Federal Docket Sheet.

7. On August 18, 2003 this Court <u>GRANTED</u> the <u>Motion to Amend</u> and <u>ORDERED</u> the Attorney General's Office to furnish an ANSWER. This is listed as <u>PAPER NO. 20</u> on the Federal Docket Sheet.

8. On December 17, 2003 the Attorney General's Office filed a response. The Attorney General responded to GROUND NINE by saying <u>at page 6 Item J.</u> and I quote:

"Spinnato next claims that he was denied due process and the right to a fair trial because Officer Rubie knowingly <u>withheld information</u> from the defense regarding the prosecutor's attempt to influence his testimony. H/C Amendment Two. This claim is essentially the same as that raised in GROUND ONE of Spinnato's original habeas petition, and it fails for the same reasons. Not only are Spinnato's allegations of prosecutorial misconduct <u>procedurally defaulted</u> and not cognizable, they have no merit... Given the opportunity to do so, Spinnato failed to establish that <u>Rubie withheld</u> any favorable evidence from the defense..."

I feel that the ANSWER above is in error, and that <u>EXHIBITS 13 THRU 17</u> conclusively show that my claims are not <u>procedurally defaulted</u> since I raised this issue (1) In the Circuit Court of Baltimore County; (2) In the Court of Special Appeals by way of application; and (3) In the Court of Appeals by petitioning that court for a Writ of Certiorari.

<u>THEREFORE</u> I am asking for the District Court to recognize all of the above, and to recognize the arguments that I raised in <u>the amended petition.</u>

GROUND 9 PAGE 2

I am asking the District Court to recognize the argument that I submitted to the Court of Appeals in my petition for Certiorari.

**IN SUMMARY** I presented the following to the Court of Appeals:

AT PAGE 2   I informed the Court that (1) **The Basis** of my petition was due to the Affidavit of my trial attorney. (2) I had also made it known that the information in the affidavit came **14 months after my trial**, and (3) that when Officer Rubie made his allegations he had **14 years of experience**, and (4) that this information was not able to be presented to the Original Trier of Fact because this information **was withheld**. I also cited Throckmorton v. U.S. and that this information should be considered **newly discovered evidence**.

AT PAGE 3   I cited Jackson v. State 358, Md. 612, 751 A2d 2000. which **mandated** that a petitioner be given a hearing when requesting one because of newly discovered evidence. I also made the following comment to the court which I will now quote from on the bottom of page 3:

"I also make one additional comment on the Jackson case that I think is significant. The Court allowed Jackson to present a **"handwritten note" from her codefendant** that the court said did not exist prior to her trial. In fact the court pointed out that:
"While both her appeal and that of Williams were pending in the court of special appeals, petitioner **filed another motion for new trial** based on newly discovered evidence. The newly discovered evidence was a **handwritten note from Williams** dated September 23, 1998 admitting that he gagged Bowlin... That statement she averred constituted newly discovered evidence because **it was not in existence** prior to September 1998... In the instance case, I am offering a **Notarized Affidavit** of a Member of the Maryland Bar rather than a **handwritten note** from a codefendant that Jackson had offered and I still can't get a hearing..."

At pages 4 and 5 I had advised the Court of Appeals that my trial attorney had filed a pretrial Motion to Dismiss because of the "Televised **"Reenactment"** that was aired two times. I even made the comment "Mr. Norman and his Witness took **"Reality T.V. to a whole new level**"

I also showed the Court of Appeals that my trial attorney had raised violations of Md. Rules 3.6, 3.8, and 8.4 and I also made the Court aware of what my trial attorney presented to Judge Howe during his summary of the Motion to Dismiss Hearing by saying:

"The prosecution has actively almost joyously participated in the **manufacture of pretrial publicity**... It gives rise to public scandal to the administration of justice when you become involved in a case to the point that you are manufacturing pretrial publicity without concern, **appearing in broadcasts**. It is a false portrayal of events that occurred, a portrayal that the state participated in and it puts the system of justice that were all involved in here. **Creating false pretrial publicity**. Denying his Sixth Amendment Right to a fair trial. The state engaging in violating this rule. You're denying this defendant his right to a fair trial in the Sixth Amendment of the United States Constitution, and the Maryland Declaration of Rights. In nothing where it is written that the code of professional responsibility rule is any more important than the **fabrication of false pretrial publicity**."

At page 6 I also made the court aware of the fact that my trial attorney had also filed a Motion to Recuse Judge Howe because she was exposed to extrajudicial communications which were in dispute; (2) Judge Howe exhibited a bias in favor of the prosecution for failing to recognize violations of the Md. Rules of Prof. conduct; (3) Judge Howe was exposed to a fictitious portrayal which formed the factual basis of the case, and (4) The made a comment on the record which exhibited her bias.

GROUND 9 PAGE 4

**THEREFORE** I believe I have demonstrated that GROUND NINE was raised by me in each of the Maryland Courts and that by so doing I exhausted my state court remedies regarding GROUND NINE.

**I ALSO BELIEVE that EXHIBITS 1 thru 5** which I have included in **GROUND ONE** which are taken directly from the transcript do demonstrate to this court that I was Denied Due Process of Law and the Right to a Fair Trial due to the **withholding of information** since it prevented us from raising this issue before Judge Howe who was the Original Trier of Fact.

I also am asking the District Court to also consider the following:
(1) When I raised this Ground to the Court of Appeals **I DID NOT HAVE** the benefit of the postconviction transcript which contained **EXHIBITS 1 thru 5** that are attached in this **final reply** which was authorized by this Court.

(2) I am also asking this Court to also consider if this **withholding of information** is a **Brady Violation** as discussed by the Supreme Court of the United States in **Brady v. Maryland**. I submit that in **EXHIBIT-3** Officer Rubie **does admit** there was a pretrial conversation which we were not aware of, and that Rubie continuedd to **withhold this information** because in his mind, "I did not get convicted of the "handgun" charges.

**In conclusion** I believe that the (1) failure to rule on Ground Nine by the Court of Appeals, **as well as** the argument by the Attorney General's ANSWER resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal Law as determined by the Supreme Court of the United States, **(OR)** that the court's decision as well as the attorney general's answer was based on an unreasonable determination of facts in light of the evidence presented in the **AFFIDAVIT** of my trial attorney.

This concludes my arguments as to GROUND NINE.

July 30, 2002

| | |
|---|---|
| Salvatore Spinnato | * In The |
| | * |
| V | * Circuit Court |
| | * |
| State of Maryland | * FOR |
| | * |
| | * Baltimore County |
| | * Case Number 96CR-3299 |

*************************************************************

MOTION FOR A NEW TRIAL AND/OR TO SET ASIDE JUDGMENT
UNDER MARYLAND RULE 4-331(b) (2)

NOW COMES the petitioner Salvatore P. Spinnato, 272-280, pro-se, pursuant to Maryland Rule 4-331(b)(2) and moves the Circuit Court for Baltimore County Maryland for a New Trial or in the alternative to set aside the judgment of the Circuit Court of February 10, 1998 and as reasons therefore states the following in support thereof:

STATEMENT OF FACTS

On February 10, 1998, Judge Barbara Howe had pronounced judgment in the above captioned case, and in so doing, found this petitioner guilty of Count 1 in case 96CR3299 in regard to kidnapping under common law, and guilty of count 4 of the above referenced case of assault with intent to disable under article 27 section 386. The court also went on to find this petitioner guilty of count 3, false imprisonment (common law), count 5 assault (common law) and battery count 6 (common law).

At the time of the rendition of judgment of the court, the court did not state any basis whatsoever for it's guilty findings, and for it's denial of the Defense Motion for Judgment of Acquittal. Consequently the defense was at a disadvantage of not knowing the court's reasoning in reaching this decision or the basis for the court's finding that the prosecution had met it's burden of proof beyond a reasonable doubt and to a moral certainty. The defense HAS ALWAYS been under the handicap of having to guess at the court's factual basis for it's decision.

CRIMINAL DEPT. AUG 0 2 2002

Exhibit No. 16
Civil Action No. JFM-02-4213



# The Circuit Court for Baltimore County

THIRD JUDICIAL CIRCUIT OF MARYLAND

ALEXANDER WRIGHT, JR.
JUDGE

COUNTY COURTS BUILDING
TOWSON, MARYLAND 21204
410-887-6507

**State of Maryland v. Salvatore Spinnato**
**Case No. 96CR3299**

## ORDER

After a review of Defendant's Motion for a New Trial and/or to Set Aside Judgment, said Motion is hereby DENIED.

_Alexander Wright_
Alexander Wright, Jr.
Judge
Date of Ruling: August 14, 2002

Clerk to Notify:

Mickey Norman
Office of the State's Attorney

Salvatore Spinnato #272-280

FILED AUG 15

Exhibit No. 1
Civil Action No. JFM-02-4213

| | |
|---|---|
| SALVATORE SPINNATO | * IN THE CIRCUIT COURT FOR |
| PETITIONER | * FOR BALTIMORE COUNTY |
| | * 96CR-3299 |
| v | * |
| | * |
| STATE OF MARYLAND | * |
| RESPONDENT | * |
| | * |

*Appeal 12/93*

**********************

APPLICATION FOR LEAVE TO APPEAL TO THE COURT OF SPECIAL APPEALS DUE TO THE REFUSAL OF THE CIRCUIT COURT TO GRANT A HEARING UNDER MARYLAND RULE 4-331(b)(2)

NOW COMES, The Appellant, Salvatore Spinnato, pro-se, pursuant to Rule 8-204 of The Md. Rules of Procedure, and moves this Honorable Court to grant this application for leave to appeal from the denial of the circuit court in the above captioned case to grant a hearing which this petitioner believes that he is entitled to for the reasoning set forth in this application.

On July 30, 2002, this petitioner filed a Motion For A New Trial And/Or To Set Aside Judgment Under Maryland Rule 4-331(b)(2). In that Motion this petitioner had stated that he believes and he has always maintained that his conviction was based on Fraud, Misconduct and violations of the Maryland Rules of Procedure. This can be seen beginning with a Motion to Dismiss filed in November, 1997.

In this Motion For A New Trial, under Maryland Rule 4-331(b)(2) this petitioner had prayed for the following relief; (1) The he be granted a New Trial, and (2) That this petitioner be granted a Hearing under the Rule in as much as he believes he is entitled to one under section (e) of Maryland Rule 4-331, and still believes that is the case and is the reason for this Application for Leave to Appeal to The Court of Special Appeals.

The basis of this Motion is as a result of an Affidavit of my Trial Attorney indicating that Officer William Ruble had volunteered information to him some <u>14 months after trial</u> that the Prosecutor in the case had attempted to influence his testimony, and that the prosecutor had also "coached" the state's chief witness prior to trial in preparation for his testimony at trial, etc.

CRIMINAL APPEALS
RECEIVED
SEP 5 2002
OFFICE OF
THE ATTORNEY GENERAL
OCT 8 2002

Exhibit No. 18
Civil Action No. JFM-02-4213

| | |
|---|---|
| SALVATORE SPINNATO | * IN THE |
| PRO-SE PETITIONER | * COURT OF APPEALS |
| V | * OF MARYLAND |
| STATE OF MARYLAND | * SEPTEMBER TERM 2002 |
| RESPONDENT | * PETITION DOCKET NO. 1646 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR WRIT OF CERTIORARI

Salvatore Spinnato, Pro-Se Petitioner, pursuant to <u>Rule 8-302(a)</u> is applying for and believes that he is able to petition the Court of Appeals for a Writ of Certiorari under his interpretation of sub-section (a) of Rule 8-302 which states that a petition to this court may be filed either <u>before or after</u> the Court of Special Appeals has rendered a decision. This petitioner filed an application for leave to Appeal under Rule 8-201 based on a denial of the Circuit Court to grant me a hearing under Rule 4-331 (e) as Mandated by the Maryland Rules, and The Court of Appeals. No decision has yet been made.

<u>THE BASIS</u> of my Original Petition to the Circuit Court, and the Court of Special Appeals is a <u>Notarized Affidavit</u> from my trial attorney, <u>Salvatore E. Anello, III</u>, who had asserted under oath that on <u>April 02, 1999</u> while he was attending an Orioles game at Camden Yards, Officer William Rubie of the Baltimore County Police Department, and who was also the investigating officer in my case, had **voluntarily** approached him **14 months after my trial** and alleged that he was upset as to how my case was handled by the Assistant State's Attorney, Mickey J. Norman, and alleged that:

1. Mr. Norman had repeatedly **pressured and attempted to influence** his testimony in regards to the taking of an initial statement and "suggested" to him that he had been "mistaken" in failing to describe <u>an alleged handgun</u>.
2. Rubie also alleged that Norman had "suggested" to him that he had "overlooked" certain details and threats allegedly made to Mr. Hogg.
3. Rubie further complained to Anello that Norman **had coached** Mr. Hogg prior to trial and for his testimony at trial.

### QUESTION PRESENTED

Was the withholding of Information from the defense until 14 months after my trial by Officer Rubie that the Assistant States Attorney had attempted to influence his testimony a Denial of Due Process and The Right to a Fair Trial?

Exhibit No. 21
Civil Action No. JFM-02-4213

DEC 17 2002

| | | |
|---|---|---|
| SALVATORE SPINNATO | * | IN THE |
| | * | COURT OF APPEALS |
| v. | * | OF MARYLAND |
| | * | Petition Docket No. 605<br>September Term, 2002 |
| STATE OF MARYLAND | * | (No. 1646, Sept. Term, 2002,<br>Court of Special Appeals) |

O R D E R

Upon consideration of the petition for a writ of certiorari to the Court of Special Appeals filed in the above entitled case, it is

ORDERED, by the Court of Appeals of Maryland, that the petition be, and it is hereby, denied as there has been no showing that review by certiorari is desirable and in the public interest.

/s/ Robert M. Bell
───────────────────────
Chief Judge

DATE: February 14, 2003

CRIMINAL APPEALS
DIVISION

RECEIVED
FEB 19 2003
OFFICE OF
THE ATTORNEY GENERAL

Exhibit No. 22
Civil Action No. JFM-02-4213

SCANNED

ENTERED
FEB 19 2003

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 13th. day of February, 2006, that I mailed postage prepaid a copy of the attached **SUPPLEMENTAL REPLY** to Edward J. Kelley, Assistant Attorney General, 200 Saint Paul Place, Baltimore Md. 21202

*[signature]*
Salvatore Spinnato, 272-280

13800 McMullen Hwy.

Cumberland, Md. 21502