IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SALVATORE SPINNATO | * | |
| Petitioner, Pro se | * | |
| | * | |
| v. | * | CIVIL CASE NO. **JFM-02-4213** |
| | * | |
| J.P. GALLEY, et. al | * | |
| Respondents | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AMENDED SUPPLEMENTAL REPLY

Now comes petitioner Salvatore Spinnato, acting pro se, and is hereby submitting the following as an **AMENDMENT** to the **Supplemental Reply** that I submitted to the Clerk of the District Court back on February 13, 2006.

This **"Amendment"** is being submitted to this Court because of an **ORDER** that was issued by this Court on February 28, 2006 which granted this petitioner 30 days to **Supplement** my §2254 habeas petition that was filed in December 2002. That **ORDER** was issued as a result of the Attorney General's Office **failure to comply** with the Federal Rules regarding habeas corpus, as well as the recent ruling of the Fourth Circuit Court of Appeals in **Thompson v. Greene** CA-02-2002-CCB decided on October 25, 2005. The Attorney General's office did not supply me with **complete record of exhibits** until February 28, 2006. This is the reason for this **AMENDMENT**.

Since I am without any legal training, I will try to the best of my ability to explain why I believe Judge Cadigan's ruling as the postconviction court was in error, as well as the **ANSWER** submitted by the Attorney General's Office back in June 2003, and that I should be granted the relief I prayed for in my **§2254 habeas petition** of December 2002, as well as my **Supplemental Reply** of February 13, 2006.

(1)

I would first like to say, that even though I do not have any legal training, it is my **belief** that the "opinions" of the Attorney General's Office take **second position** to the Memorandum of Judge Cadigan. I cannot find any case law which supports my **belief** but I think that since Judge Cadigan is a circuit court Judge that his **Memorandum/Opinion** has the standing of a **legal ruling**, and that the "argument" of the Attorney General put forth in their "Answer" constitutes an "opinion". I believe **BOTH** of them to be in error.

**ON PAGE 17** of the **ANSWER** that was filed by the Attorney General in **June 2004**, the Attorney General stated:

"...Under the legal principles discussed above, Spinnato's petition **need not be dismissed** for failure to satisfy requirements of 28 U.S.C. § 2254(b)-(c). The claims that Spinnato raises in this court **have previously been raised** in both the Circuit Court for Baltimore County and the Maryland Court of Special Appeals during the course of state postconviction proceedings..."

At this point the Attorney General **is correct**. Each of the GROUNDS raised in my postconviction petition were raised pro se **EXACTLY** as stated in the Court of Special Appeals, on **two applications**. They were also raised EXACTLY in my §2254 petition.

**ON PAGE 19** the Attorney General quoted **partly** from Justice O'Connor's ruling in Williams v. Taylor, 529 U.S. 362 (2000), and stated that my habeas should be denied under **§2254(d)**. It is also my belief that the Attorney General **failed to recognize** Justice O'Connor's opinion in relation to a **failure to investigate** and the **prejudice** caused by **Omitted Evidence.** I am referring to the post trial conversation between Officer Rubie and my trial attorney which did not come to light until **14 months after trial had concluded** and had to be raised pro se because of Appellate Counsel's **ineffectiveness** by failing to raise it on **Appeal**.

Therefore I believe that the Attorney General is in ERROR by "hanging their hat" for dismissal on §2254(d).

ON PAGE 19 of the Attorney General's ANSWER they stated:

"...Under §2254(d)(1), the writ may issue only if ONE of the following two conditions is satisfied--the state court adjudication resulted in a decision that (1) "was contrary to...clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of...clearly established Federal law, as determined by the Supreme Court of the United States..."

I believe that I have demonstrated in my Supplemental Reply of February 13, 2006 that I have shown that I should be granted the relief prayed for because at least ONE of those conditions has been met in Grounds 1 thru 9.

## GROUND ONE

ON PAGE 22 The A.G.'s office relied on Judge Cadigan's opinion when he said at pages 15 and 16 of his memorandum/opinion:

"The petitioner failed to raise this issue on appeal, therefore it may be deemed to have been waived. The Petitioner, asserts however that the issued has not been waived because Appellate Counsel was ineffective for failing to raise this issue on appeal. The court will address the merits of the claim of appellate counsel's ineffectiveness later in this opinion."

AT PAGE 25 the A.G.'s office then relied on Judge Cadigan's finding of misconduct by saying:

"Spinnato failed to establish that the prosecutor engaged in misconduct, the state court's decision cannot be said to unreasonably apply established Supreme Court precedent to the facts before it. Accordingly, this Court lacks authority under 28 U.S.C. §2254(d) to grant habeas relief on the basis asserted by Spinnato, even if the claim is fully cognizable and not procedurally defaulted."

(3)

I am asserting that Judge Cadigan who was the postconvition Judge, <u>failed to see</u> that I **<u>relied totally</u>** on Mr. Greer, (appellate counsel) to (1) Call Anello's Office about the conversation between himself and Rubie, and (2) that I also asked him to **<u>amend my appeal</u>**. Both of these requests are demonstrated in **<u>EXHIBITS 44-45</u>**.

I also believe that the comments by Judge Cadigan at <u>pages 15-16</u> of his memorandum/opinion to be in error regarding ineffective assistance of appellate counsel, and meet the criteria set out in **§2254(d)(1)**.

Furthermore, I also believe that the comments made by the A.G's Office at <u>page 25</u> regarding **<u>prosecutorial misconduct</u>** are also in error.

I would also like to make an additional comment made by the A.G's office to be in **error** when they addressed the issue of **<u>prosecutorial misconduct</u>** and said that:
    "<u>this court lacks authority</u> under 28 U.S.C. §2254(d) to grant habeas relief on the basis asserted by Spinnato **even if** the claim is fully cognizable and not procedurally defaulted."

I just cannot possibly imagine how this U.S. District Court **<u>lacks authority</u>** under §2254(d) to grant me the relief I have requested.

**THEREFORE** I am relying on the arguments that I presented to this Court back on <u>February 13, 2006</u> regarding **GROUND ONE** in my **<u>Supplemental Reply</u>**, and state for the record that the postconvicition court's finding that there was (1) No ineffective assistance of appellate counsel, and (2) that there was no prosecutorial misconduct to be **in error** and meet the conditions set out in **§2254(d)(1)**.

I believe that the **<u>Exhibits 1 thru 5</u>** as well as the **AFFIDAVIT** of my Trial Attorney **<u>do demonstrate</u>** that there was (1) Ineffective Assistance of Appellate Counsel, and (2) Prosecutorial Misconduct.

(4)

GROUND TWO

In regards to **GROUND TWO** I will rely on the **Supplemental Reply** of **February 13, 2006** to support my reasoning why I should be granted relief as prayed for.

Rather than try to "reargue" what I have aleady submitted in my Final Supplement of February 13, 2006 I would just like to say that Exhibits 38, 39, 40, 41, and 43 show how many times I tried to bring these issues to the attention of my appellate attorney who failed to address any of those letters, and failed to raise a single issue to the Court of Special Appeals on Direct Appeal.

**THEREFORE** I believe that counsel was <u>ineffective on appeal</u> and that Judge Cadigan's ruling was in error, and was an **unreasonable application** of clearly established Federal law regarding **waiver of jury**, as well as ineffective assistance of counsel **on appeal** as determined in Strickland v. Washington 102 S.Ct. 2052 (1984); as well as Evitts v. Lucey.

**PLEASE NOTE:** I am not denying that I had told Judge Howe that I was waving a jury trial. I did in fact tell her that; but what the A.G's Office fails to see is that I was following the advice of **my codefendant's attorney** which took place in the "bullpen", and is addressed in my **Supplemental Reply**. I had explained all of this to my appellate attorney but failed to raise any of this on direct appeal. See **EXHIBIT-38**

In addition, Judge Cadigan also failed to see that I could not possibly have made an **intelligent and knowing** decision to waive a jury trial since I **was not aware** of the prosecutor's attempt to influence Officer Rubie's testimony which we were not aware of until April 2, 1999 when Rubie had the discussion with Anello at the Oriole homegame in 1999. I don't see how anyone could waive something that they are not aware of.

(5)

## AMENDMENT TO GROUND THREE

In regards to **GROUND THREE** I will rely on my **SUPPLEMENTAL REPLY** of **February 13, 2006** to support my reasoning why I should be granted relief as prayed for. I am asking for this Court to accept that as my **final argument** rather than try to say it again. But I will now try to point out things that I think need to be addressed again.

I would just like to say that in my **Supplemental Reply** I mentioned that Judge Cadigan stated at pages 25-25 of his memorandum/opinion:

"Again the petitioner **could have raised** this issue on Appeal but **neglected to do so** asserting ineffective assistance of counsel."

I strongly assert that I made **numerous attempts** to have appellate counsel **raise this on appeal**, and submitted **EXHIBITS 37 thru 46** to demonstrate not only how often I tried to communicate with Mr. Greer during that appeal, but also what I brought to his attention as well. These **EXHIBITS** were letters addressed to Mr. Greer **at his private home** located in Bel Air Maryland. During that time he was **NOT** employed by the public defender's office but **was appointed on appeal** and worked out of his home. I ask this court to review each of those letters and see how often I asked for Mr. Greer to contact me or to visit with me. Each of those attempts were ignored, just as **all of the issues** I discussed in those letters and had to be raised by me in my application for leave to appeal, as well as my §2254 habeas petition.

**THEREFORE** I believe Judge Cadigan's ruling regarding **GROUND THREE** should fail. I believe that ruling to be **in error** according to §2254(d)(1) by saying that Judge Cadigan's ruling regarding waiver of this issue was (1) "was contrary to clearly established Federal Law as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States."

(6)

**I also believe** that Judge Cadigan's ruling about the appearance of the prosecutor in a **fictitious reenactment** on National T.V. **prior to trial** as raised in **GROUND THREE** was also in error. Judge Cadigan ruling stated:

> "As stated above, **a proper voir dire examination** would have alleviated any possibility that a juror would have been exposed to any **prejudicial information** regarding petitioner's case. There is no evidence presented at the postconviction hearing that supports the claim that the petitioner **was denied due process** or a right to a fair trial by the **State's Attorney's participation** in the "Unsolved Mysteries" video. A **bald allegation unsupported by the record** is not an appropriate basis for postconviction relief. For these reasons the petitioner's request for postconviction relief to **GROUND THREE** is denied."

I still believe as I stated in my **Final Supplement** for GROUND THREE that **No Federal Prosecutor** would ever be allowed to participate in any **pretrial "reenactment"**. I also stated in my ORIGINAL PETITION that The U.S. Constitution **prohibits pretrial reenactments** of factual issues that should only be developed within the sanctity of the courtroom. The "ACTORS" in the program were allowed to **disturb the facts** of the case to the **harm and prejudice** of this petitioner.

**I did not** believe that a **Pretrial Constitutional Denial** such as a Due Process violation, or the Right to a Fair Trial **could have been corrected** on Voir dire. Allowing this to stand would stand the legal principles of **Due Process** on it's "legal head", and allow for **future pretrial reenactments** which no defense attorney would be able to overcome.

THEREFORE I believe Judge Cadigan's ruling is in error under §2254 (d)(1) and that it (1) "was contrary to clearly established Federal law as determined by the Supreme Court of the United States", or (2) "involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States."

(7)

## AMENDMENT TO GROUND FOUR

In regards to **GROUND FOUR** I will rely on my **Supplemental Reply** of February 13, 2006 to support my reasoning why I should be granted relief as prayed for, but I would like to **AMEND** it by saying.

I believe both Judge Cadigan's **ruling** and the Attorney General's **opinion** to be in error and I will separate Judge Cadigan ruling into **three parts**.

At **page 26** of his memorandum/opinion he **incorrectly stated**:
No 1. "These issues were argued before Judge Howe **who found no misconduct** had occurred..."

No 2. "The petitioner **failed to appeal** Judge Howe's decision and it may be considered to be waived..."

No 3. "Petitioner alleges that **appellate counsel was ineffective** for his failure to argue this on appeal. Assuming arguendo that petitioner has not waived this issue, **this court agrees with Judge Howe's finding** that the State Attorney Office **did not commit misconduct** by their participation in the episode of the unsolved mysteries video..."

In regards to **No 1.** I comment by saying that I believe Judge Howe's ruling was in error when it was argued before her back in November 1997. In support of that I offer U.S. v. Josephine Gray cited at page 5 of my **final supplement**. This case had involved violations of the **identical rules** which my trial attorney raised before Judge Howe back in November 1997. I believe that this case by the U.S. District Court in Greenbelt Md. supports my trial attorneys argument that Judge Howe's ruling was in error. I also believe that this case also supports my own argument in my §2254 petition that Judge Cadigan was also in error for failing to recognize this as well.

(8)

**IN ADDITION** I believe that the **OPINION** by Judge Battaglia of the Maryland Court of Appeals in the case of <u>Atty. Gvc. Comm. v. Douglas F. Gansler</u> is also directly on point with my argument as well. I would also like to **STRESS** that the prosecutor **GANSLER** who was involved in the <u>Josephine Gray case</u> in the District Court at Greenbelt Maryland is the same prosecutor involved in Judge Battaglia's **OPINION** and was found to have **violated Md. Rules 3.6, and 8.4**. Part of Judge battaglia's ruling had stated:

"Md. Rule Prof. Conduct 3.6(b)(4) specifically addresses comments discussing **any opinion** as to the guilt or innocence of a defendant... The timing of an extrajudicial statement may affect it's prejudicial effect... **Prosecutors** are held to even higher standards of **conduct** than other attorneys due to their **unique role** as both advocate and minister of justice...Md. Rule of Prof. Conduct 8.4(a) finds **professional misconduct** where a lawyer **violates or attempts to violate** the Md. Rules of Professional Conduct."

**THEREFORE** I believe the <u>Gray and Gansler</u> cases demonstrate that **Judge Howe's ruling** back in <u>November 1997</u> **was in error**.

In regards to <u>No 2</u>. I comment by saying that throughout my habeas petition, and **EXHIBITS 37 thru 46** and my **final supplement** regarding **GROUND FOUR** demonstrate that I took every available opportunity write my Appellate attorney to raise these issues which fell on deaf ears. Therefore, I had no choice but to raise them pro se on (1) postonviction; (2) On application for leave to appeal; and (3) during my §2254 in the District Court.

In regards to **No. 3** I comment by saying that Appellate Counsel **was ineffective** for failing to raise this on appeal. And Judge Cadigan's **failure** to find ineffective assistance of appellate counsel was (1) contrary to clearly established Federal law as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States **REGARDING** ineffective assistance of Counsel, as stated in <u>Strickland v. Washington</u> and <u>Evitts v. Lucey</u> previously raised.

I also believe that Judge Cadigan's **agreement** with Judge Howe's finding back in November 1997, was in error.

**In addition to** Judge Cadigan's **failure to recognize** that there was **misconduct** and **violations of Md. Rule 3.6, 3.8 and 8.4** as was noted in the Josephine Gray case in the District Court of Maryland, **as well as** the decision handed down by The Maryland Court of Appeals by Judge Battaglia in the Douglas F. Gansler.

I also believe that the Attorney General's **change of opinion** by alleging that I had procedurally defaulted is also in error, and is in **opposition** to what they had alleged at **page 17** of their ANSWER filed back in June 2003.

### AMENDMENT TO GROUND FIVE

In regards to **GROUND FIVE** I will rely on my **Supplemental Reply** of February 13, 2006 to support my reasoning why Judge Howe **should have recused herself** (OR) in the alternative should have had **another Judge** hear the Motion to Recuse.

In addition I believe the A.G.'s statement at **page 40** of their ANSWER is also in error which stated:

"On this issue, the state post conviction court properly relied on the decision of the Court of Special Appeals. That court's decision in turn **does not run afoul** of 28 U.S.C. §2254(d). Cf. Liteky v. U.S., 510 U.S. 540 1994) (discussing judicial recusal in context of federal statute).

**AT A MINIMUM** I should have been afforded the same ruling as U.S. Congressman Tom Delay in the recent ruling by the Texas State Court.

I end by saying that Judge Cadigan's ruling about **RECUSAL** was **(1)** "contrary to clearly established Federal law as determined by the Supreme Court of the United States, or **(2)** Involved an unreasonable application of clearly established Federal Law as determined by the Supreme Court of the United States **regarding recusal of Judges**.

AMENDMENT TO GROUND SIX

I will rely on my **SUPPLEMENTAL REPLY** of February 13, 2006 to support my reasoning why I believe I did not receive effective assistance of counsel **on appeal**. That reply covers 12 pages, and contains **Exhibits 11-12 and 44-45**. I believe that my arguments as well as the exhibits support my claims of Ineffective assistance of counsel **on appeal**.

IN **GROUND SIX** I had alleged

I was denied effective assistance of counsel **ON APPEAL** as is guaranteed to me by the Sixth Amendment of the United States Constitution in regards to the **allegations** complained of in **Grounds One thru Eight** contained herein as was set forth in Strickland v. Washington 102 S.Ct. 2052, (1984).

I believe that I have covered my reasons in their entirety on what was already submitted **EXCEPT TO SAY** that I would like for the court to take note that I had claimed **ineffectiveness on appeal** as to **each Ground** that I raised in my postconviction which was noted by Judge Cadigan's remarks at page 57 of the postconviction transcript. He stated:

"Petitioner alleges that Mr. Greer was ineffective in his failure to raise any of the issues contained within his postconviction petition..."

**THEREFORE** I believe that I have demonstrated Mr. Greer's ineffectiveness in each of the Grounds raised. I did so because I believed that **each ground** showed a **different level** of ineffectiveness on appeal and raising each of them separately made it easier for me to explain since I am without any legal training. All of my help has come from other inmates, or self help manuals written by attorneys who saw the need to explain things in a way that an inmate could understand. I would like for this court to understand that since I have no legal training, and a limited GED education, that **I relied totally** on Appellate Counsel to assist me which he failed to do. He failed to visit with me, and failed to even speak with me by phone during the time of my appeal.

(11)

AMENDMENT TO GROUND SEVEN

In regards to **GROUND SEVEN** I will rely on my <u>Supplemental Reply</u> of <u>February 13, 2006</u> to support my reasoning why I should be granted the relief as prayed for, but I would also like to **AMEND** it by saying that I would like to comment on Judge Cadigan's ruling which the OAG commented on at **page 46** of their **ANSWER**. They quoted Judge Cadigan by saying:

"As stated previously, this claim is likely waived due to **<u>petitioner's failure</u>** to raise this issue on appeal...Petitioner alleges that appellate counsel **<u>was ineffective</u>** in failing to raise this issue on appeal. Assuming this is the case, there is **<u>insufficient evidence</u>** to support this claim."

I would like for this court to reacquaint itself with **<u>EXHIBITS 37, 38, 39, 40, 41, and 43</u>** one more time. I am asking this because I believe that these letters to Mr. Greer indicate **<u>how often</u>** I had explained to Mr. Greer the importance of raising this issue on appeal as well as **<u>each issue</u>** raised in my <u>§2254</u>.

THEREFORE, I believe Judge Cadigan's postconviction ruling regarding ineffective assistance **<u>on appeal</u>** was in error, and was **(1)** "contrary to clearly established Federal law as determined by the Supreme Court of the United States, or **(2)** Involved an unreasonable application of clearly established Federal Law as determined by the Supreme Court of the United States **<u>regarding</u>** ineffective assistance of counsel **<u>on appeal</u>**".

In addition I believe that the U.S. Constitution **<u>prohibits pretrial "reenactments"</u>** on National T.V. since it **<u>would interfere</u>** with any defendant's ability to believe that he/she could impanel an impartial jury if the **"ACTORS"** were allowed to **<u>disturb the facts</u>** of the case by introducing a "gun" when there was never any gun as is what happened in this case.

(12)

AMENDMENT TO GROUND EIGHT

In regards to **GROUND EIGHT** I will rely on my <u>Supplemental Reply</u> of <u>February 13, 2006</u>.

AMENDMENT TO GROUND NINE

In regards to **GROUND NINE** I will rely on my <u>Supplemental Reply</u> of <u>February 13, 2006</u> to support my reasoning why I should be granted the relief as prayed for. I would also like to ask the court to consider the information that I asserted in my <u>Supplemental Reply</u> and to **REVIEW THE EXHIBITS** that I attached to that reply regarding **GROUND NINE**. Those Exhibits will show that I raised this issue **at each level** of the Maryland Courts. Only then did I **AMEND** my habeas petition to include this issue after I was denied review of my petition for **Certiorari**.

On July 30, 2002 which was five months after denial of my postconviction, **and five months before** I filed my **§2254 habeas**. I then filed a Motion for New Trial and/or to Set aside Judgement. **SEE EXHIBIT 13** of my supplemental reply. In that Motion I alleged:

"Petitioner avers that Officer William Rubie, of the Baltimore County Police Department **withheld information** that was crucial to the defense; and that this withholding of information had operated to the **prejudice** of this petitioner because **it prevented the defense** from bringing these matters before the **Original Trier of Fact**. This resulted in a denial of due process and the right to a fair trial as is guaranteed to me by the Constitution of the United States."

**THEREFORE** I believe that because I presented this issue at every level of State Court that **I have not procedurally defaulted** my claim that Officer Rubie **withheld information** regarding a **pretrial attempt to influence his testimony by the prosecutor** and he did not disclose this information until **14 months after trial concluded**.

(13)

## FINAL COMMENT

I would like to make this final comment. When I filed my **Supplemental Reply** on February 13, 2006. I had mentioned the following information.

On June 13, 2003 The Attorney General's Office submitted a list of **EXHIBITS** to the District Court. Among those was **EXHIBIT-28** which was a Motion to Reopen my postconviction.

On July 09, 2004 Judge Cadigan denied that Motion and submitted his **memorandum/opinion**. Judge Cadigan stated **at page 6** of his memorandum/opinion:

"Since petitioner was tried and convicted in the Circuit Court for Baltimore County, and the allegations of error in petitioner's post conviction had not been previously litigated or waived this court properly had jurisdiction."

I am bringing this to the District Court's attention because the **opinion of July 09, 2004** by Judge Cadigan **contradicts his prior ruling** that I had **waived my postconviction issues.**

**THEREFORE** Judge Cadigan's memorandum/opinion of July 09, 2004 AGREES with my arguments made in **my supplemental reply** that I submitted on February 13, 2006, and that I had not waived any of the issues I had raised in my postconviction.

THIS ENDS MY AMENDED SUPPLEMENTAL REPLY!!!

Respectfully submitted,

*[signature]*
Salvatore Spinnato, 272-280
Saturday, March 25, 2006.

March 25, 2006

Felicia Canon, Clerk
United States District Court
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

Dear Ms. Canon:

    I have enclosed the Original of my **Amended Supplemental Reply** that I would like to have filed in case No. **JFM-0204213**.

    Please be advised that I have already mailed a copy to the Attorney General's office as indicated in my Certificate of Service.

Thank You,

*[signature]*

Salvatore Spinnato, 272-280
13800 McMullen Hwy.
Cumberland, Md. 21502


cc: File

CERTIFICATE OF SERVICE

I hereby certify that on this **25th** day of March 2006, that I mailed postage prepaid a copy of the attached Amended Supplemental Reply to Edward J. Kelley, Assistant Attorney General, 200 St. Paul Place, Baltimore, Maryland 21202.

Salvatore Spinnato, 272-280
13800 McMullen Hwy.
Cumberland. Md. 21502