March 25, 2006

The Honorable J. Fredrick Motz Room 510
United States District Court
United States Courthouse
101 West Lombard Street
Baltimore Md. 21201

Dear Judge Motz:

I am enclosing **EXHIBITS A THRU G** which I finally received from the Attorney General's Office on February 28, 2006.

I believe it to be necessary for me to provide you with a History of why I am submitting them for your review. In addition I would like to call your attention to **Exhibits B-C-D-E** because I feel these letters should have at least alerted Judge Cadigan why I did not want Mr. Handwerger to represent me. This will also explain to Your Honor why I elected to "represent" myself at the postconviction hearing. I could not afford a **repeat** of my direct appeal by not having my issues argued.

**HISTORY**

1. On March 14, 2003 I filed a Motion to Reopen my postconvction.

A copy of this Motion was sent to the District Court by the Attorney General's Office marked as **EXHIBIT-23.**

2. On August 21, 2003 Mr. Norman filed the **STATE'S ANSWER** to Judge Cadigan. He **SUBMITTED EXHIBITS A thru G** as part of that Motion. They were **NOT ATTACHED** to the copy of the Motion that he mailed to me.

A copy of this Motion was sent to the District Court by the Attorney General's office and was marked as **EXHIBIT-28.**

3. On August 28, 2003 I wrote to Judge Cadigan and explained that I **did not receive** copies of Exhibits A thru G. And asked Judge Cadigan if he would send them to me. This request was ignored.

4. On October 24, 2003 I mailed $4.00 to the Clerk of Court for Baltimore County as payment for copies of **EXHIBITS A-G.** I finally received them around the middle of November 2003.

I have provided this HISTORY because I wanted to bring this to **your attention** and to let you know that these exhibits **were withheld** from me by Mr. Norman when he filed his **ANSWER.** He certainly should have known to provide me with copies since they were part of his **ANSWER.**

I also believe that Judge Cadigan should have **ORDERED** for them to have been provided to me since I wrote to him personally and requested copies. I believe I should not have had to pay for them.

SCANNED

**EXHIBIT-A** is a copy of Mr. Handwerger's Notice of Appearance dated September 28, 2000.

**EXHIBIT-B** is a copy of my September 24, 2000 letter to Mr. Handwerger **prior to** him entering his appearance. Please note the **highlighted** portions in particular.

**EXHIBIT-C** is my October 17, 2000 letter addressed to Judge Cadigan. Please note the **highlighted** portions and please take particular notice that I also enclosed a copy of my letter **to Mr. Handwerger**. I think that I made it clear in laymen's terms why I felt it necessary to ask for Mr. Handwerger's **discharge** of any representation.

**EXHIBIT-D** is a copy of my October 17, 2000 letter to Mr. Handwerger listing **my reasons** for requesting his discharge. A copy of this letter was sent to and received by Judge Cadigan. I ask for this court to pay close attention to the **highlighted** portions in particular.

Judge Motz, **PLEASE NOTE** When I wrote this letter I was not aware of **Md. Rules 4-214 or 4-215**. I did not become aware of these rules until I read a self help manual in February 2003. If you doubt this please look at page 2 of **EXHIBIT-26**. If you do you will see that I mentioned I was not aware of Rules 4-214 or 4-215 until February 2003.

**EXHIBIT-E** is a copy of my October 17, 2000 letter to the Clerk of Court for Baltimore County informing her that I wanted to have a copy of my letter to Mr. Handwerger placed in my court docket. A copy of my letter to Judge Cadigan was also added to my court docket sheet as well.

**EXHIBIT-F** is a copy of Mr. Handwerger's Motion to Strike Appearance that he filed on October 16, 2000 and was filed in the Clerk's office on October 17, 2000. PLEASE BE ADVISED part of my Motion to Reopen had alleged that Mr. Handwerger **did not comply** with Md. Rule 4-214(c). He was **required** to have waited 10 days before filing his Motion under Md. Rule 4-214(c). He filed the Motion on October 16, 2000.

**EXHIBIT-G** is a copy of Judge Cadigan's **ORDER** striking the appearance of Mr. Handwerger and notifying me by mail.

I believe I should have been given a **hearing in open court before discharging counsel** of record since it was me who was asking for Mr. Handwerger to be **discharged** and is required by Md. Rule 4-215(e). The rules also **require** that I should have been allowed to **state my reasons on the record** why I was asking for Mr. Handwerger to **strike his appearance**.

Judge Motz, **my only reason** for bringing this to your attention is to help you understand why I felt it was necessary for me to represent myself at the postconvction hearing. I knew that I just **could not allow a repeat** of what happened during my direct appeal. I sincerely believed that the only way I could have preserved my issues was to represent myself.

**Respectfully submitted**

Salvatore Spinnato, 272-280

| | | |
|---|---|---|
| SALVATORE SPINNATO | * | IN THE |
| Petitioner | * | CIRCUIT COURT |
| V. | * | FOR |
| STATE OF MARYLAND | * | BALTIMORE COUNTY |
| Respondent | * | CASE NO: 96CR3299 & 4281 |

*****************************************************************************

EXHIBIT A

**NOTICE OF APPEARANCE**

Dear Mr./Ms. Clerk:

Please enter the appearance of the attorney named below as counsel for the Petitioner in the above-captioned cases. Please notify attorney before scheduling a hearing date. Thank you.

Norman Handwerger
Assistant Public Defender
Collateral Review Division
300 W. Preston St., Suite 213
Baltimore, MD 21202
410- 767-4808

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of this foregoing Notice of Appearance was mailed to the Office of the State's Attorney for Baltimore County, 401 Bosley Avenue, Towson, Maryland 21204 on this 23th day of September, 2000.

Norman Handwerger
Assistant Public Defender

CRIMINAL DEPT. SEP 29 2000

101

Judge Cadigan's Copy

96 CR 3299/
96 CR 4281

September 24, 2000

RECEIVED
SEP 27 2000
JUDGE ROBERT E. CADIGAN

Mr. Norman Handwerger
Collateral Review Division
300 West Preston Street
Suite 213
Baltimore, Maryland 21201

Dear Mr. Handwerger:

I received a letter from Ms. Carol Chance on September 22, 2000 indicating that you were being assigned to represent me on my pro se Post Conviction Petition. This was sent to me after I had written to her on September 08, 2000 and asked her NOT TO ENTER AN APPEARANCE on my behalf.

It appears that no matter what I say or how hard I try, I cannot get anyone to listen to me, and that my objections always fall on deaf ears, and now it appears that we are "stuck" with one another for the moment.

I am therefore going to try and explain to you why I have such a reluctance to have your office represent me on this. It has ABSOLUTELY NOTHING to do with you. Ms. Chance informs me that you are well experienced, but that is not the issue.

The attorney who was appointed to represent me on Appeal was also an experienced attorney, and yet failed to raise any of the issues that I have now had to raise pro-se. He failed to come and visit with me. He ignored all of my letters which spoke of these same issues. He ignored all of my trial attorney's letters, and he failed to return any of the many telephone calls to his answering machine from my family. He failed to have a crucial transcript transcribed.

Now, I am being asked to "bend over" again, and have the very office that mis-represented me on appeal, to represent me again. This is extremely hard to do!!! Blind faith is one thing, stupidity is quite another. It may say "Collateral Review" on the letterhead, but it is still a part of the public defenders office.

Believe me, I would like nothing better than to have a real attorney argue my allegations of error. It certainly would be "refreshing"... If you feel that you agree with my Grounds then please feel free to come here and visit with me, and we can discuss my issues face to face.

If you disagree with my allegations of error, then please feel free to write to Judge Cadigan and ask that you be discharged, or we can do that in the courtroom so that he knows that I am intelligently waiving my right to counsel. It is my understanding that I cannot ask to be appointed as co-counsel because Maryland does not recognize hybrid representation. Therefore I am compelled to either accept counsel or intelligently waive it. I am prepared to waive it if you feel that my issues have no merit, and would respect your decision to do so if that is the case. I cannot expect and would not want you to argue issues that you feel have no merit.

EXHIBIT B

CRIMINAL DEPT. SEP 28 2000

RECEIVED
OCT 19 2000
JUDGE ROBERT E. CADIGAN

October 17, 2000

96 CR 3299 & 4281

The Honorable Robert E. Cadigan
Circuit Court for Baltimore County
County Courts Building
401 Bosley Avenue
Towson, Maryland 21204

Dear Judge Cadigan:

I have enclosed a copy of a letter to Norman Handwerger that I think needs no further explanation as to why I do not want any representation from him or from Collateral Review.

I am not sure that this will require a Hearing or not, but for the reasons set forth in my letter to him I want you to know that I am fully aware that I am waiving any and all rights that I have in regards to having Mr. Handwerger represent me, and I do so.

I pray fervently, that he puts forth his Motion to Withdraw, and I am asking you to please not cancel my hearing date of November 06, 2000. I promise you with every fiber of my being that I will try and represent myself in the Most Respectful way to this Court. I am only trying to have my issues addressed and Ruled upon by a Judge rather than be told beforehand what the verdict is going to be.

Respectfully,
Salvatore Spinnato

Salvatore Spinnato, 272-280
P.O. Box 5500
Cresaptown, Maryland 21505-5500

EXHIBIT C

cc:file

132

CRIMINAL DEPT. OCT 23 2000

Tuesday October 17, 2000

Norman Handverger
[Co]llateral Review Division
[3]00 West Preston Street
Suite 213
Baltimore, Maryland 21201

Mr. Handverger:

I have waited until today to write this to you in that I was hoping to receive some Legal Mail from you indicating that you were going to submit a Motion to Withdraw on Monday as you and I had agreed upon on your surprise visit with me this past Friday, October 13, 2000. I have not received any copy of same, and am writing this letter to you so that you will know why it is that I don't want representation by you or anyone else from Collateral Review.

You are certainly free to disagree with me all that you want but I will list those reasons why I do not want your representation, and want to make it clear to you that I am sending a copy of this letter to The Clerk of Court for filing in my Court Docket Sheet, and a copy of same to Judge Cadigan's Office so that he is aware of it, and your statement to me that you were going to withdraw.

1.) On September 08, 2000 I sent a lengthy 3 page letter to Carol Chance indicating that I did not want anyone from Collateral Review representing me, and specifically said that I did not want anyone from Collateral Review entering an appearance on my behalf. I sent a copy of that letter to the Clerk for filing.

2.) I received no communication from you personally indicating that you had entered an appearance.

3.) I also did not receive any indication from you that you were coming here, and was certainly surprised by your visit.

I want to make it clear that during your visit with me that you indicated that you knew in advance how Judge Cadigan was going to Rule. You can call me a liar, and you can say that I misunderstood you, in fact you can say anything that you want to. I don't care for the following reasons:

A.) You indicated that you have argued several times before Judge Cadigan and that you could tell in advance how he was gong to Rule. First of all, I doubt that you have argued as many cases before him as you claim. Secondly, even if you have argued as many times as you claim to have, you cannot possibly know how he is going to Rule on my issues as to the Affidavit of Mr. Anello. or anything else in my petition.

EXHIBIT D

116

...u are certainly free to believe what you want to believe, but I assure you, Mr. Anello has no reason to lie about the conversation that took place. He is a well respected member of The Maryland Bar, and would not have given that Affidavit unless that conversation took place as he described it in his Affidavit. Furthermore, it is up to Judge Cadigan to decide what merit that Affidavit has, and not yours to predict. By your own admission, you haven't even called Mr. Anello.

C.) Your statement that Mr. Hogg's testimony would carry more weight than Mr. Anello's is hard to comprehend. Isn't it apparent to you that if Mr. Hogg does take the stand that he certainly would not say that he was coached as Officer Ruble stated to Mr. Anello.

D.) Your statement to me that it is perfectly O.K. for a Prosecutor to appear on National T.V. prior to trial is way beyond belief and since you could not tell me of any instance (case law) that supports that claim, you would not be able to argue that issue for me as I alleged. In addition, that is also for a Judge to say and not you.

E.) Additionally, I would like to say that you did not even have the decency to inform me that The State answered my petition, and sent you a copy of same on October 06, 2000 which I did not find out until this evening by accident. My Sister went to the Clerk's Office and found out that it was filed, and that you were the only one served. Since I wasn't aware of it, I filed a petition for Summary Judgment in Default because I thought they failed to respond. You are not only a mindreader, but you also play dirty pool very well. Now I have to write to the Clerks Office and ask them to withdraw that Motion.

Finally, it is very apparent to me by your statements that you cannot possibly represent me since you already know how the Judge is going to Rule. I would suggest strongly that you "sir" are a "ringer" put in there to aid the prosecution.

As I said earlier, you can say all you want, whatever you want, but I am forwarding copies of this letter to The Clerk for filing, and also to Judge Cadigan's Office so that he will know to expect to receive your Motion to Withdraw, as will I expect to receive a copy of same, and I will also expect that you don't do anything at all to try and delay my hearing date.

Salvatore Spinnato, 272-280

cc: File
Clerk Of Court
Judge Cadigan's Office

October 17, 2000

Suzanne Mensh
Clerk of Circuit Court
Baltimore County
401 Bosley Avenue
Towson, Maryland 21204

Dear Madam Clerk:

I have enclosed a letter addressed to Mr. Handwerger of Collateral Review that I would like to have placed in my court Docket in regards to 96CR-3299. I was unaware that he entered an appearance for me, and have requested that he put a Motion to Withdraw.

In addition, I would like to inform you that since I did not know that he had entered an appearance for me, and therefore I sent you a Motion for Summary Judgment in Default to be filed last evening October 16, 2000. I did so because I wasn't sent a copy of the State's filing as they sent it to Mr. Handwerger. I only found out late this afternoon at mail call when I received a copy of it from my Sister who visited the court and obtained a copy of the State's answer.

I will now have to ask you to withdraw that Motion for Summary Judgment as it is moot since The State did answer in the allowed time.

Thanking you in advance for your cooperation, and if there is anything that I need to do in regards to the Motion For Summary Judgement please advise me of same.

Very Truly Yours,

Salvatore Spinnato 272-280
P.O. Box 5500
Cresaptown, Maryland 21505-5500

cc:file

EXHIBIT E

CRIMINAL DEPT. OCT 20 2000

117

| | | |
|---|---|---|
| SALVATORE SPINNATO | * | IN THE |
| Petitioner | * | CIRCUIT COURT |
| V. | * | FOR |
| STATE OF MARYLAND | * | BALTIMORE COUNTY |
| Respondent | * | CASE NO: 96CR3299 & 4281 |

************************************************************************************

EXHIBIT F

**MOTION TO STRIKE APPEARANCE**

NOW COMES Norman Handwerger, Assistant Public Defender, pursuant to Maryland Rule 4-214(c) and respectfully requests that this Court strike his appearance as counsel for the Petitioner, and in support thereof states the following:

1. On October 13, 2000, counsel met with the Petitioner, Salvatore Spinnato, who indicated he does not want to be represented by the Office of the Public Defender.

2. That a copy of this Motion to Strike Appearance was mailed, postage prepaid, to the Petitioner on October 16, 2000, accompanied by a letter informing the Petitioner to contact this Court should he have any objections to this Motion.

Respectfully submitted,

Norman Handwerger
Assistant Public Defender
Collateral Review Division
300 W. Preston St., Suite 213
Baltimore, MD 21201
410-767-4808

RECEIVED AND FILED
00 OCT 16 PM 3:19
CLERK OF THE CIRCUIT COURT

FILED OCT 17 2000

112

SALVATORE SPINNATO * IN THE

Petitioner * CIRCUIT COURT

V. * FOR

STATE OF MARYLAND * BALTIMORE COUNTY

Respondent * CASE NO: 96CR3299 & 4281

*************************************************************************

**ORDER**

Upon consideration of the Motion To Strike Appearance, it is this 20 day of October, 2000, hereby

ORDERED, that the appearance of Norman Handwerger and the Office of the Public Defender shall be stricken as counsel for the Petitioner.

JUDGE

COPIES OF SIGNED ORDER MAILED TO:

Norman Handwerger, Esquire
Stephen R. Roscher, Esquire
Mr. Salvatore Spinnato

EXHIBIT G