June 4, 2006

Felicia Canon, Clerk
United States District Court
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

JFM-02-4213

Dear Madam Clerk:

I am requesting for this attached **HISTORY** to be made a part of the Federal Docket Sheet in **Case No. JFM-02-4213.**

I am making this request because I realize that **the court** has a great many **EXHIBITS** regarding this case, and cannot be expected to sift through all of those documents. Therefore I am providing this so that the Court will have **an accurate history** of how many times I had requested a **Transcript** of a Motion to Dismiss that took place on November 24, 1997.

This will enable to court to then **verify** each of my attempts to have this Motions hearing transcribed so that it could be submitted to the the Court of Special Appeals **during my direct appeal**.

Thanking you for your consideration in this request, I remain,

Sincerely,

[signature]

Salvatore Spinnato, 272-280
13800 McMullen Hwy.
Cumberland, Md. 21502


cc: Judge Motz
    File

## HISTORY

**In April 2004** I submitted a series of **51 Exhibits** to this U.S. District Court. I submitted those exhibits in order to substantiate my claims that I had tried **repeatedly** for my Appellate Attorney to obtain a copy of a **Motion to Dismiss** hearing that took place on **11/24/1997**. This series of Exhibits were received by the U.S. Clerk of Court and were entered on the Federal Docket Sheet as **PAPER NO. 41**. These Exhibits were copies of letters that I **had received or sent** during the course of **my direct appeal**. Those Exhibits ranged in age **from March 1998 thru May 1999**.

In that group of Exhibits I included a series of **Ten Letters** addressed to my Appellate Attorney, **Kreg Paul Greer**. I would like to **EMPHASIZE** that each of these letters to Mr. Greer had addressed **the importance** of having the **Transcript** of that hearing. It was significant because it showed that my trial attorney's reasoning for filing that Motion was to allege (1) Prosecutorial Misconduct; (2) Violations of the Md. Rules of Professional Conduct, and (3) the hearing **laid the basis** for filing a **Motion to Recuse** Judge Howe.

I would also like to **EMPHASIZE** that each of those letters addressed to Mr. Greer were marked a **Exhibits 37 thru 46**. They were addressed to Mr. Greer's **RESIDENCE** in Bel Air Maryland since that is where his office was located at the time he was **appointed** to represent me. I am stating this because he did not enter employment with the public defender's office **until after** my appeal was concluded. I an **STRESSING** this because Mr. Greer **did not submit my appeal** until November of 1998. **PLEASE NOTE** that nine of these letters were all addressed **prior to** Mr. Greer submitting my direct appeal. I am mentioning this because in my Habeas Petition to this Court, I had alleged that Mr. Greer **failed to present a complete record** to the Appellate Court even though **he was made aware** of the importance of this transcript. In fact he was not only aware of it, but **he had to have known** that the Motions hearing of 11/24/1997 **was not transcribed**, and he made no attempts to have it **transcribed and submitted** to the Court of Special Appeals.

**PLEASE TAKE NOTICE** that I cannot afford to resubmit those same Exhibits but would ask the Court to refer back to **PAPER NO. 41** on the Federal Docket Sheet for verification. I am now going to give a **CHRONOLOGICAL HISTORY** of when each of those Exhibits were submitted and **NOT NUMERICALLY**.

**Exhibit-1** is a March 24, 1998 letter **FROM** the Office of the Public defender informing me that **the transcripts** were ordered.

**Exhibit-2** is a copy of my June 19, 1998 letter to the Chief of the Appellate Division **requesting** that I be provided a copy of **all of my transcripts**, and acknowledging that I will have to pay .15¢ per page.

**Exhibit-3** is a copy of a **July 20, 1998** letter from the Public Defender's Office **acknowledging receipt** of my June 19, 1998 letter.

**Exhibit-4** is a August 31, 1998 letter from the Chief of the Appellate Division notifying me that an attorney was appointed, and also stated: "This attorney will contact you to **Discuss the possible issues** for an appeal..."

**Exhibits 37 thru 43** were letters addressed to Mr. Greer and were dated from October 07, 1998 thru November 28, 1998.

**Exhibit-5** is a **March 1, 1999** letter from the Appellate Division indicating they received $83.25 from my family for the following transcripts:
   1. A Motions hearing transcript of November 19, 1997 by Judge Fader;
   2. The Trial trancripts of February 9, and 10;
   3. The Sentencing transcript of March 4, 1998.

I would like to call the court's attention to the fact that they included a **pre trial transcript** of 11/19/1997, but **failed to provide** the transcript of The Motion To Dismiss on 11/24/1997.

**Exhibit-6** is copy of my <u>March 13, 1999</u> letter to Arthur Delano Jr. of the Appellate Division notifying him that the Motion to Dismiss transcript **was missing**. This was my **first letter** advising them that I did not received the transcript of the Motion to Dismiss Hearing.

**Exhibit-44** is my <u>April 07, 1999</u> letter to Mr. Greer notifying him of the post trial conversation between Anello and Rubie and to **call Anello's Office** for more details <u>and to amend my appeal</u>.

**Exhibit-45** is my letter of <u>April 15, 1999</u> letter to Mr. Greer giving him more details about the conversation between Anello and Rubie at Oriole Park.

**Exhibit-7** is a copy of my <u>April 27, 1999</u> letter to Mr. Delano's Office about the **missing transcript**. This was my **second letter** to the Appellate Division regarding the missing transcript of The Motion to Dismiss on 11/24/1997.

**Exhibit-8** was a **letter of acknowledgment** dated <u>April 29, 1999</u> from the public Defenders office indicating that **they received my letters** of <u>March 13, and April 27, 1999</u>. In that same letter it was stated:

"**If the transcript was ordered** it would have been sent to Kreg Paul Greer, and that **I should call or write to Mr. Greer** in an attempt to obtain a copy..."

**PLEASE NOTE** In several of my letters to Mr. Greer I made mention that I tried calling him **several times** but no one is ever there. I also mentioned about the importance of the transcript of the Motion to Dismiss Hearing on 11/24/1997 in **MOST** of those letters.

**Exhibit-46** is a copy of my **Last letter** to Mr. Greer dated May 10, 1999. Part of that letter I quoted from Judge Davis' Opinion which stated:

"The transcript of this motions hearing **was not included** in the record on appeal."

**Exhibit-13** is a copy of a December 21, 1999 letter **from** Judge Dewaters notifying me that he acknowledged my **Motion for a Transcript** of the 11/24/1997 hearing, but that it would be necessary for me to contact the public defender's office.

**Exhibit-9** is a copy of a letter dated January 4, 2000 from Janet Brown who was the court reporter on 11/24/1997. She informed me that the transcript of the 11/24/1997 **was not transcribed** and that it would cost me $270.00 for an original copy.

**Exhibit-10** is a co@ of the State's Answer regarding the **Missing Transcript that was not recorded**.

**PLEASE NOTE** It was only **AFTER** all this that the Hearing of the Motion to Dismiss on 11/24/1997 **was finally recorded**. This was only 2 months **prior to** my postconviction hearing of 02/01/2001.

I am pointing this out because I believe that it **supports** my reasoning that: (1) Mr. Greer **did not provide** the Court of Special Appeals **with a complete record**; and (2) Mr. Greer's testimony at the postconviction hearing that he "**read all of the transcripts** could not possibly be true!!!

In addition, I would like to say that it appears to me as a layman without legal training that the Appellate Court **acknowledged** that the transcript of the Motions Hearing of 11/24/1997 **was not provided**, and then make a formal ruling knowing that they were not provided with a **complete record** since the **basis for recusal** of Judge Howe was based on her failure to recognize violations of the Rules of Professional Conduct, and that we had claimed that **she was biased**.

Respectfully submitted,

*[signature]*

Salvatore Spinnato, 272-280
13800 McMullen Hwy.
Cumberland, Md. 21502