IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

SALVATORE SPINNATO,      *

Petitioner      *

vs.      *    JFM-02-4213

JON P. GALLEY, et. al      *

Respondents      *

*************************

MOTION TO REOPEN CLOSED HABEAS CORPUS PETITION AND/OR FOR

**JUDGE MOTZ TO OVERRULE HIS PREVIOUS RULING REGARDING**

**INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL**

AND/OR GRANT THIS PETITIONER AN EVIDENTIARY HEARING

*************************

1.  Now comes this petitioner, **Salvatore Spinnato**, pro se, and is asking for **Judge Motz to overrule** his previous ruling because your Honor failed to recognize that this petitioner received an **illegal sentence**, from the ORIGINAL trial court which my appellate counsel **failed to notice**, and **failed to argue** to the Court even after it was commented on by the Assistant Attorney General **in her appellate brief** to the Court of Special Appeals **on December 17, 1998.**

2.  **THEREFORE** I believe that if Judge Motz would fully **examine this petition** that he **should reverse** his prior ruling and should rule that **I was denied** effective assistance of counsel **on appeal** as I claimed in my original habeas petition, and grant me the relief requested in this petition.

1.

## ABBREVIATED HISTORY

3.    On June 6, 2006 I sent the Clerk of the District Court a copy of a **HISTORY OF HABEAS CORPUS** that I requested be filed on the court docket. My purpose was to show how often **I requested** that I be **provided with** copies of **all exhibits** that were sent to the District Court by the Attorney General since I was **entitled to them** according to the Federal Habeas Rules, as well as the Fourth Circuit Court of Appeals. **Each** of my attempts were ignored. REFER TO ROMAN NUMERALS I-XV ON PAPER NO. 84 OF THE COURT DOCKET **NOT ATTACHED** TO THIS PETITION.

4.    I believe that if I was given those **EXHIBITS** back when I first requested them on **June 20, 2003** that I would have been able to **add this claim** to my Habeas Petition and would have understood that Mr. Greer **was notified** by Asst. Atty. Gen. **Diane Keller** that the fifteen year sentence for assault with intent to maim **was illegal** and should have been **argued on direct appeal** by Mr. Greer but was not. PLEASE REFER TO EXHIBITS 1,2,3, ATTACHED

5.    This petitioner can demonstrate by the Court docket that he **did not** receive a complete set of **EXHIBITS** until **February 26, 2006**. I also believe that had I been given a copy of **all of the EXHIBITS** that I was entitled to under the Federal Rules when I first requested them back on **June 20, 2003** that I could have discovered Ms. Keller's comments at pages **(8) and (14)** of her appellate brief and **could have** incorporated another claim to my habeas petition regarding ineffective assistance of counsel **on appeal** regarding the **illegal sentence** from the Trial Court.

2

## GROUNDS FOR RELIEF

I am requesting for Judge Motz to **overrule** his previous decision and to **reopen** my habeas petition, **and/or** to grant me an evidentiary hearing based on the following:

1.  I received an **illegal sentence** from the trial court and I am asking **this court** to correct **and/or** grant me an evidentiary hearing;

2.  Appellate counsel **failed to raise** this issue on Direct Appeal and this failure **prejudiced** my direct appeal, and **continues** to cause me prejudice to this day, **and will continue** to do so until it is corrected by this court;

3.  **This court erred** when it ruled that appellate counsel **was not ineffective on appeal**.

### EXHIBITS 1,2,3, ATTACHED

**On December 17, 1998** Assistant Attorney General Diane Keller submitted her appellate brief to the Court of Special Appeals. **SEE EXHIBIT 1 ATTACHED**

**PLEASE NOTE:** This Appellate Brief was submitted to **this court** as part of **23 EXHIBITS** that were sent to the Court by Mr. Kelley Asst. Atty. Gen. as a **part of** his June 13, 2003 **ANSWER** that is listed on the Court docket at **PAPER NO. 13** and the Court can see that it was labeled as **EXHIBIT 6** when it was submitted to the District Court by Assistant Attorney General Kelley.

3

<u>At page (8)</u> of her Brief Ms. Keller commented at footnote (2):

"Article 26, Section 386 <u>**was repealed**</u> by the General Assembly effective October 1, 1996, the new assault provisions <u>"only apply to offenses committed on or after October 1, 1996</u> and may not be construed to apply in any way to offenses <u>committed before October 1, 1996</u> ... The offense at issue here was <u>**committed on July 3, 1996**</u>."     SEE EXHIBIT-2 ATTACHED

<u>At page (14)</u> of that same Brief Ms. Keller also included a copy of **Former Art. 27 §386**, and stated in pertinent part:

"If any person shall ... assault or beat any person, with intent to maim ... every such offender ... shall be guilty of a felony and upon conviction thereof, be punished by confinement in the penitentiary for a period of not less than eighteen months **nor more than ten years**".     SEE EXHIBIT-3 ATTACHED

I have always complained <u>**to this court**</u> that appellate counsel **did not ever visit** with me; **did not ever speak** with me by phone to discuss my appeal; **did not respond** to any of ten letters addressed to his residence/office; **did not file a complete record** with the Court of Special Appeals, and that **he failed to investigate** with my trial attorney about allegations made by Officer Rubie regarding the prosecutor's <u>**attempt to influence**</u> his testimony, and his complaint that the prosecutor **had coached** the witness what to say before and during the trial, but this court found <u>**none of that important**</u>, and allowed the post conviction court's ruling stand.

4

I would like to remind this court that if you look at Mr. Greer's post conviction testimony he stated that he "has handled hundreds of cases on appeal". Therefore I find it **extremely difficult** to understand HOW Mr. Greer could **fail to notice** the comments made by Ms. Keller in her appellate brief during direct appeal.

I am now in a **most difficult position** of having to ask your Honor **to reverse yourself**. It's akin to being in the Land of Oz ... "Hang on Todo we're not in Kansas anymore"!

I also think it appropriate to say **once again** that I only completed the 10 th. grade, and received a GED certificate back in 1962. I certainly don't have any legal training except for self help manuals and other inmates for the past **almost 10 years**. It is **most distressing** to think that in all that time, I am the only one who picked up on Ms. Keller's comments, and recognized that the trial court **exceeded** the maximum penalty by **five years**.

I have tried to "rationalize" this but it is simply unbelievable for me to comprehend how an **experienced** appellate attorney who himself was also an Assistant Attorney General, and who has "handled hundreds of cases on appeal", could **fail to notice** this, and **fail to argue** this on Direct Appeal.

At page (25) of your Honor's MEMORANDUM you stated in part:
"As to petitioner's arguments that appellate counsel failed to properly communicate and failed to raise other arguments on appeal, petitioner has **failed to demonstrate prejudice** as the result of the action or inaction of appellate counsel."

## ARGUMENT AND CASE LAW IN SUPPORT OF RELIEF

I think that it would be most appropriate for me to cite a case that was decided **by this court** which was Wiggins v. Corcoran, 164 F.Supp.2d 538 (2001). In that case **your Honor** ruled that Wiggins was denied effective assistance of counsel **at sentencing**. At [27][28][29][30] you ruled in pertinent part that Wiggins trial counsel was ineffective during the **sentencing phase**. You also ruled that **Wiggins was prejudiced** by what you called were "unprofessional errors" by his counsel.

THEREFORE I believe that Mr. Greer's **failure to argue** that the trial court gave me an illegal sentence **was ineffective assistance** of counsel on appeal. I also believe that this would serve the first prong of the Strickland test.

FURTHERMORE, I believe that this **failure to argue** this illegal sentence **did cause me prejudice** on appeal; and it **continues** to cause me prejudice to this very day until it is rectified by this court. Some of the ways in which the **prejudice** will continue is that the additional five years raises my security level, it delays any chance of a parole hearing for another five years, and also prevents me from obtaining any vocational training programs at this institution. I believe that the **prejudice** spoken of here would suffice in satisfying the second prong of the Strickland test. I further believe that **I have demonstrated** to this court that I have satisfied the two prong test required in Strickland v. Washington, 102 S.Ct. 2052 (1984).

6

In addition to citing <u>Strickland</u> I also would like to support my argument by citing Md. Rule 4-345(a) which states:

(a) Illegal sentence. The court may correct an illegal sentence at any time." In addition, Rule 35 of the Federal Rules of Criminal Procedure is virtually identical to the provisions of Md. Rule 4-345--Revisory Power of the Court. See <u>Johnson v. State</u>, 274 Md. 29, 333 A.2d 37 (1975); <u>Cardinell v. State</u>, 335 Md. 381, 644 A.2d 11 (1994). **<u>This Rule</u>** also creates an exception to the rule of finality.

Another case that I would like to cite is from the Fourth Circuit Court of Appeals. <u>Jones v. Cunningham</u>, 313 F.2d 347 (1963); the court **reversed and remanded** and held in pertinent part:

"The **<u>failure of attorney</u>** to preserve the defendant's right to appeal **<u>from the illegal sentence</u>** cannot be squared with a proper performance of his professional duty. . . **<u>The inexcusable failure</u>** to object to the illegal sentence and preserve the right of appeal resulted in a **<u>denial of adequate counsel</u>**, and Jones' detention is therefore void."

<u>RELIEF REQUESTED</u>

This petitioner avers that there should be no need for any delay in ruling on <u>this petition</u> since we already have the <u>Formal Brief</u> of the Attorney General's Office that was submitted by Assistant Attorney General <u>Diane Keller</u> to the Court of Special Appeals on <u>December 17, 1998.</u> I am <u>respectfully requesting</u> for this Court to rule on this petition <u>quickly</u> and am requesting the following relief be granted immediately:

7

The relief that I am requesting is as follows:

1. An evidentiary hearing with the appointment of counsel from the Federal Public Defender's Office; and/or
2. **ORDER** that I be grantedd a **new direct appeal** in the Court of Special Appeals with the assistance of **new counsel**.
3. Immediate release from custody as Jones v. Cunningham 313 F.2d 347 (1963).
4. Any other relief this court may deem appropriate.

*[signature]*

Salvatore Spinnato, 272-280

18800 Roxbury Road

Hagerstown, Md. 21746

May 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the attached MOTION TO REOPEN CLOSED HABEAS CORPUS to Assistant States Attorney, Edward John Kelley, at 200 St. Paul Place, 17th. Floor, Baltimore, Md. 21202 on this 31st. Day of May, in the 2007 year of Our Lord.

Salvatore Spinnato,

18800 Roxbury Road

Hagerstown, Md. 21746

IN THE

COURT OF SPECIAL APPEALS OF MARYLAND

SEPTEMBER TERM, 1998

NO. 842

SALVATORE SPINNATO,

> Appellant

v.

STATE OF MARYLAND,

> Appellee

APPEAL FROM THE CIRCUIT COURT
FOR BALTIMORE COUNTY
(Barbara Kerr Howe, Judge)

BRIEF OF APPELLEE

> J. JOSEPH CURRAN, JR.
> Attorney General of Maryland
>
> DIANE E. KELLER
> Assistant Attorney General
>
> Office of the Attorney General
> Criminal Appeals Division
> 200 Saint Paul Place
> Baltimore, Maryland  21202
> (410) 576-7294
>
> Counsel for Appellee

Exhibit No. 6
Civil Action No. JFM-02-4213



ENTERED
DEC 17 1998

B. The evidence was sufficient to support Spinnato's conviction of assault with intent to disable.

The court convicted Spinnato of assault with intent to disable in violation of Article 27, Section 386. (T.2/10/98: 258).[2] *See* Md. Code Ann., Art. 27, § 386 (1987 Repl. Vol.). In *Hammond v. State*, 322 Md. 451, 458-59 (1991), the Court of Appeals held that assault with intent to maim, disfigure or disable in violation of Section 386 required proof of an intent to maim, disfigure or disable permanently. Relying on *Hammond*, Spinnato argues that, while there may have been proof of an intent to disable temporarily in this case, there was "absolutely no evidence of an intent to disable Hogg permanently." Brief of Appellant at 10.

In *Hammond*, "the trial judge erred when he instructed the jury, in effect, that if it found that Hammond assaulted [the victim] with the intent to maim, disfigure or disable him, it was immaterial whether the intent was to main, disfigure, or disable him permanently or temporarily." 322 Md. at 459. Evidence in that case established that Hammond repeatedly beat the victim with a shovel, inflicting injuries that left scars on his leg and arm; however,

---

[2] Article 27, Section 386 was repealed by the General Assembly effective October 1, 1996; the new assault provisions "only apply to offenses committed on or after October 1, 1996 and may not be construed to apply in any way to offenses committed before October 1, 1996." 1996 Md. Laws, Ch. 632, § 3. The offense at issue here was committed on July 3, 1996. (T.2/10/96: 34). Spinnato fled the State while the charges were pending, so his case was not tried until 1998. (T/11/19/97: 3-4).

8

PERTINENT PROVISIONS

Article 27, § 337. Generally.

Every person, his counsellors, aiders or abettors, who shall be convicted of the crime of kidnapping and forcibly or fraudulently carrying or causing to be carried out of or within this State any person, except in the case of a person under eighteen years of age, by a parent thereof, with intent to have such person carried out of or within this State, or with the intent to have such person concealed within the State or without the State, shall be guilty of a felony and shall be sentenced to the penitentiary for not more than thirty years.

(1996 Repl. Vol.)

Former Article 27, § 386. Unlawful shooting, stabbing, assaulting, etc., with intent to maim, disfigure or disable or to prevent lawful apprehension.

If any person shall unlawfully shoot at any person, or shall in any manner unlawfully and maliciously attempt to discharge any kind of loaded arms at any person, or shall unlawfully and maliciously stab, cut or wound any person, or shall assault or beat any person, with intent to maim, disfigure or disable such person, or with intent to prevent the lawful apprehension or detainer of any party for any offense for which the said party may be legally apprehended or detained, every such offender, and every person counselling, aiding or abetting such offender shall be guilty of a felony and, upon conviction thereof, be punished by confinement in the penitentiary for a period not less than eighteen months nor more than ten years.

(1987 Repl. Vol.)   SEE PAGE 8 FOOTNOTE 2

Rule 8-131. Scope of Review.

(a)   *Generally.* The issues of jurisdiction of the trial court over the subject matter and, unless waived under Rule 2-322, over a person may be raised in and decided by the appellate court whether or not raised in and decided by the trial court. Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary

14

May 31, 2007

Felicia Canon Clerk

Clerk United States District Court

United States Courthouse

101 West Lombard Street

Baltimore, Maryland 21201

FILED ___ ENTERED
LODGED ___ RECEIVED

JUN 0 4 2007

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Dear Madam Clerk:

I have enclosed a MOTION TO REOPEN CLOSED HABEAS PETITION that I would like to have filed in JFM-02-4213.

Please be advised that I have mailed a copy first class to Mr. Kelley of the Attorney General's Office at the address cited in the Certificate of Service

Thank You

*[signature]*

Salvatore Spinnato, 272-280

M.C.T.C.

18800 Roxbury Road

Hagerstown, Md. 21746

p.s.

Please be advised of my new address as listed above.