IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SALVATORE SPINNATO  #272280 | * |
| v. | * CIVIL ACTION NO. JFM-02-4213 |
| J.P. GALLEY, WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * USCA No. 07-6088 * |

********

# **O R D E R**

Currently pending is Petitioner's "Motion Requesting Judge to Issue an Order for this Petitioner to proceed in Forma Pauperis on a Pending Appeal." Paper No. 91. Petitioner's motion for leave to proceed in forma pauperis was previously granted. See Paper No. 90. Accordingly, the motion shall be denied as moot.

Petitioner has also filed a motion to reopen this matter. Paper No. 92. The motion shall be denied in that petitioner has offered no justiciable reason to reconsider this court's memorandum and order dismissing the instant petition.

In his motion to reopen, petitioner alleges his state court sentence of fifteen years for assault with intent to maim is illegal under Maryland law. He claims his state court appellate counsel was ineffective for failing to allege this claim in his appeal. *Id.* Petitioner states that had he timely been provided copies of all exhibits filed in the instant proceeding he would have discovered this error of appellate counsel and been able to raise same in the instant matter. *Id*. Petitioner did not raise this claim of ineffective assistance of appellate counsel during his state post-conviction proceedings. *See* Paper No. 13, Ex. 12.

The procedural default doctrine ensures that "state courts have had the first opportunity to

hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules, unless the petitioner makes a showing of cause for the failure and prejudice resulting from the failure. Thus, claims which have never been presented in the state courts--or claims which were not exhausted properly in the state courts--are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *See Collier v. Jones*, 910 F.2d 770 (11th Cir. 1990). Were this court to grant petitioner's motion, it would be without authority to review the claim petitioner seeks to advance, as it has been procedurally defaulted.

Accordingly, IT IS, this 15th day of November, 2007, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The motion "requesting judge to issue an order for this petitioner to proceed in forma pauperis" (Paper No. 91) IS DENIED AS MOOT;

2. Petitioner's "motion to reopen closed habeas corpus" (Paper No. 92) IS DENIED; and

3. The Clerk SHALL TRANSMIT a copy of this order to plaintiff and Assistant Attorney General Edward John Kelley.

\_\_/s/_____
J. Frederick Motz
United States District Judge